**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:26-cv-80481-DMM**

GRILL RESCUE LLC d/b/a RESCUE LLC,

Plaintiff,

v.

SHENZHEN REEKOOS HOUSEWARE
CO. LTD, et al.,

Defendants.
_______________________________________/

**DEFENDANT FROST BUDDY LLC'S MOTION TO DISMISS COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. SUMMARY OF COMPLAINT AND ALLEGED FACTS .......... 2

III. LEGAL STANDARDS FOR MOTION TO DISMISS .......... 5

IV. DISCUSSION .......... 6

- A. The Complaint Is an Improper Shotgun Pleading That Does Not Afford Frost Buddy Sufficient Notice of the Factual Allegations or Claims Against it .......... 6
- B. Venue Is Improper .......... 10
- C. Plaintiff Lacks Standing for Its Count I Seeking Declaratory Judgment of Patent Ownership and Inventorship .......... 11
- D. Plaintiff Has Failed to Allege a Trade Secret Misappropriated by Frost Buddy to Support Plaintiff's DTSA and FUTSA Claims .......... 13
- E. Plaintiff's Remaining State Law Claims Are Preempted and/or the Court Should Decline Supplemental Jurisdiction .......... 16

V. CONCLUSION .......... 19

CERTIFICATE OF GOOD FAITH CONFERENCE .......... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AccessNinja, Inc. v. PassNinja, Inc.*,
No. 24-cv-24745, 2025 WL 753332 (S.D. Fla. Mar. 10, 2025) ....15

*APR Energy, LLC v. American Power Holdings, LLC*,
No. 9:24-cv-80173, 2026 WL 1458367 (S.D. Fla. Mar. 24, 2026) ....15

*Armor Screen Corp. v. Storm Catcher, Inc.*,
No. 07-81091, 2008 WL 5746938 (S.D. Fla. Nov. 10, 2008) ....11, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....5, 16

*B.L.E. v. Georgia*,
335 F. App’x 962 (11th Cir. 2009) ....7

*Barmapov v. Amuial*,
986 F.3d 1321 (11th Cir. 2021) ....9

*Bayport Fin. Serv. (USA) Inc. v. BayBoston Managers, LLC*,
No. 1:22-cv-21306, 2023 WL 2633298 (S.D. Fla. Mar. 3, 2023) ....15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....5, 13, 16

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989) ....14

*Brown v. Toscano*,
254 F.R.D. 690 (S.D. Fla. 2008) ....12

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001) ....6

*Coda Development s.r.o. v. Goodyear Tire & Rubber Co.*,
160 F.4th 1350 (Fed. Cir. 2025) ....13, 14

*Compulife Software Inc. v. Newman*,
959 F.3d 1288 (11th Cir. 2020) ....13

*Conaway v. Carnival Corp.*,
No. 25-cv-24989, 2026 WL 850477 (S.D. Fla. Mar. 27, 2026) ....6

*Cramer v. Florida*,
117 F.3d 1258 (11th Cir. 1997) ....................6

*Davis v. Federal Election Com'n*,
128 S.Ct. 2759 (2008) ....................11

*Eli Lilly & Co.*,
376 F.3d 1352 (Fed. Cir. 2004) ....................11

*Ethan Allen, Inc. v. Georgetown Manor, Inc.*,
647 So. 2d 812 (Fla. 1994) ....................18

*Graceland v. Plutus Enters. LLC*,
No. 8:21-cv-2356, 2022 WL 1212801 (M.D. Fla. Apr. 25, 2022) ....................10

*Henry M. Butler, Inc. v. Trizec Props.*, Inc.,
524 So.2d 710 (Fla. 2d DCA 1988) ....................19

*IberiaBank v. Coconut 41, LLC*,
984 F. Supp. 2d 1283 (M.D. Fla. 2013) ....................19

*Jackson v. Bank of Am., N.A.*,
898 F.3d 1348 (11th Cir. 2018) ....................6

*Jenkins Brick Co. v. Bremer*,
321 F.3d 1366 (11th Cir. 2003) ....................10

*Jewish Voice for Peace, South Florida v. City of Miami Beach*,
No. 25-cv-24126, 2026 WL 1469261 (S.D. Fla. May 26, 2026) ....................7

*Lampkin-Asam v. Volusia Cnty. Sch. Bd.*,
261 F. App'x 274 (11th Cir. 2008) ....................6

*Larson v. Correct Craft, Inc.*,
569 F.3d 1319 (Fed. Cir. 2009) ....................12

*Mallet & Co. v. Lacayo*,
16 F.4th 364 (3d Cir. 2021) ....................14

*Measured Wealth Priv. Client Grp., LLC v. Foster*,
No. 20-cv-80148, 2020 WL 3963716 (S.D. Fla. July 13, 2020) ....................17

*New Lenox Indus., Inc. v. Fenton*,
510 F. Supp. 2d 893 (M.D. Fla. 2007) ....................19

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
297 F.3d 1182 (11th Cir. 2002) ....................5

*Phosphorus Free Water Sols., LLC v. Ferrate Sols., Inc.*,
No. 6:21-cv-1959, 2022 WL 22987308 (M.D. Fla. Sept. 1, 2022)........................................17

*REG Synthetic Fuels, LLC v. Neste Oil Oyj*,
841 F.3d 954 (Fed. Cir. 2016)..........................................................................................13

*Source One Fin. Servs., LLC v. Corpodian*,
No. 0:23-cv-61794, 2024 WL 4441804 (S.D. Fla. Oct. 8, 2024) .....................................15, 16

*Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*,
623 F.3d 1371 (11th Cir. 2010) ..........................................................................................5

*Steel Co.. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)............................................................................................................11

*Stone v. Shafran*,
641 F. Supp. 3d 1344 (S.D. Fla. 2022) ...........................................................................5, 9

*Taubenfeld v. Lasko*,
324 So. 3d 529 (Fla. 4th DCA 2021)..................................................................................18

*Tony Dacosta Greenidge v. Fla. Dep't. of Rev.*,
No. 8:25-cv-927, 2026 WL 1660372 (M.D. Fla. June 9, 2026) .......................................16, 19

*Wai v. Rainbow Holdings*,
315 F. Supp. 2d 1261 (S.D. Fla. 2004) ..............................................................................10

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015) ..........................................................................................7

**Statutes**

18 U.S.C § 1839(5)..........................................................................................................15, 16

18 U.S.C. § 1839(6) ...........................................................................................................16

28 U.S.C. § 1367...............................................................................................................6, 19

28 U.S.C. § 1406(a) ...........................................................................................................10

35 U.S.C. § 116..................................................................................................................12

35 U.S.C. § 256...............................................................................................................11, 12

§ 688.002(1), Fla. Stat. .......................................................................................................16

§ 688.002(2), Fla. Stat. .......................................................................................................16

§ 688.002(2) (2026), Fla. Stat. ....................15

§ 688.002(4), Fla. Stat. ....................14

§ 688.008, Fla. Stat. ....................17

§ 688.008, Title XXXIX, Fla. Stat. ....................17

**Other Authorities**

Fed. R. Civ. P. 8 ....................8, 19

Fed. R. Civ. P. 8 and 12(b)(1) ....................1, 19

Fed. R. Civ. P. 8 and 12(b)(3) ....................1, 19

Fed. R. Civ. P. 8 and 12(b)(6) ....................1, 5, 19

Fed. R. Civ. P. 8, 12(b)(1), 12(b)(3) ....................19

Fed. R. Civ. P. 8(a)(2) ....................6, 16

Fed. R. Civ. P. 12(b)(1) ....................6, 13, 20

Fed. R. Civ. P. 12(b)(3) ....................6, 20

Fed. R. Civ. P. 12(b)(6) ....................5, 6, 13

Fla. L.R. 7.1 ....................1

Fla. L.R. 7.1(a)(3) ....................20

Florida Uniform Trade Secrets Act (FUTSA) ....................13, 15, 16, 17, 18, 19

Defendant Frost Buddy LLC ("Frost Buddy" or "Defendant"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12(b)(1), (3), and (6), and Local Rule 7.1, respectfully files this Motion (with incorporated memorandum of law) to dismiss the Verified Complaint [D.E. 1] ("Complaint") filed by Plaintiff Grill Rescue LLC ("Plaintiff" or "Grill Rescue"). In support thereof, Frost Buddy states as follows:

## I. INTRODUCTION

This case should not be here, and it should not proceed. Plaintiff's Complaint suffers from jurisdictional, procedural, and substantive defects, each independently warranting dismissal. Chief among them is Plaintiff's impermissible shotgun pleading strategy, which alleges generalized facts against three separate defendants. In doing so, Plaintiff fails to give Frost Buddy (one of the three named defendants) plausible notice of the factual allegations and legal claims specifically being made against it, distinct from the other two defendants. Plaintiff not only incorporates by reference each and every one of its foregoing allegations into all seven legal claims, but it also refers to the three defendants ***collectively*** over a hundred times. Plaintiff does not specify what it contends Frost Buddy – individually – knew or did from its homebase in Illinois, separate and apart from Defendant Shenzhen Reekoos Houseware Co., LTD ("Reekoos") and Defendant George Gu ("Gu"), both Chinese citizens.[1]

Plaintiff alleges it is a beverage tumbler and cooler manufacturer that entered into a business relationship with Defendants Reekoos and Gu in 2020. Frost Buddy is alleged to be a competitor of Plaintiff in the relevant beverage container marketplace, but Frost Buddy is not alleged to have done business with Defendants Reekoos and Gu until ***after*** the other parties to this

[1] Plaintiff served Frost Buddy with the Summons and Complaint on May 21, 2026 [D.E. 9]. As of the time of this filing, the docket does not reflect that Plaintiff has effected service on Defendants Reekoos or Gu.

lawsuit allegedly signed their May 2020 non-disclosure agreement ("NDA") that factually underlies all of Plaintiff's legal assertions. Importantly, as shown on the face of the Complaint, Frost Buddy is not a party to the NDA. Further, Frost Buddy is not alleged to have ***itself*** misappropriated any information in violation of the NDA or otherwise. Instead, Plaintiff's theory against Frost Buddy appears to be mere guilt by association. Plaintiff's attempt to slow down a competitor by blurring it into a dispute with the actual contracting and allegedly wrongdoing parties, Defendants Reekoos and Gu, is pure gamesmanship.

As discussed further below, the allegations against all three defendants are so obscured that Frost Buddy cannot practically respond. Even if it could, Plaintiff filed in the wrong venue, without standing or sufficient factual allegations as to the federal questions presented in Counts I and III, leaving only meritless and/or preempted state law claims against Frost Buddy in Counts IV, V, VI, and VII,[2] for which this Court should deny supplemental jurisdiction. For all of these reasons and those detailed further below, Frost Buddy requests dismissal of the Complaint.

## II. SUMMARY OF COMPLAINT AND ALLEGED FACTS

According to the allegations in the Complaint, in May of 2020, Plaintiff Grill Rescue entered into a non-disclosure agreement with Defendant Reekoos. Compl. ¶¶ 4, 29-42. Defendant Gu allegedly signed the NDA on behalf of Reekoos, and thereafter Grill Rescue shared with Gu and Reekoos designs and other information related to its beverage tumbler and cooler products for purposes of associating Gu and Reekoos in the manufacturing process. *Id.* Grill Rescue alleges that the information it shared with Gu and Reekoos constituted trade secrets, although Grill Rescue does not delineate what the trade secrets are or how they were protected from disclosure other than

---

[2] Count II for breach of contract is alleged only against Defendants Reekoos and Gu. All other counts are alleged against all "Defendants."

the NDA. *Id.* at ¶¶ 31, 43, 118 (stating in conclusory fashion that Plaintiff "undertakes reasonable measures to keep its Confidential Information secret" but only identifying confidentiality agreements with vendors as its alleged protective measures).

In 2021, Defendant Reekoos filed a patent application with the U.S. Patent and Trademark Office ("USPTO"), titled "Multi-Function Fixing Kit" and designated as application No. 17/335,183 ("the '183 Application"). *Id.* at ¶ 45. According to the allegations in the Complaint, the '183 Application improperly disclosed the beverage container "product concept and idea" Grill Rescue had purportedly disclosed to Reekoos and Gu the year prior pursuant to their NDA. *Id.* at ¶¶ 45-46. Reekoos listed Gu as the sole inventor on the '183 Application. *Id.* Grill Rescue alleges it learned of the '183 Application two years later, in May of 2023, and that its founder, Scott Mobley, is the rightful inventor of the invention disclosed. *Id.* at ¶¶ 47-50. Ultimately, the '183 Application matured to U.S. Patent No. 11,844,449 ("the '449 Patent") and certain Chinese patent applications later derived from the '449 Patent as well. *Id.* at ¶¶ 56-60.

According to Plaintiff's allegations, "[s]ometime after Gu executed the NDA, Defendants Shenzhen Reekoos and Gu began working with Plaintiff's competitor Frost Buddy." *Id.* at ¶ 63. Plaintiff alleges Reekoos and Gu improperly shared information subject to the NDA with Frost Buddy, but Plaintiff does not specifically identify what information was allegedly shared or how. *Id.* at ¶ 64. Plaintiff broadly states that "[u]pon information and belief, Frost Buddy was aware of Plaintiff's relationship with Shenzhen Reekoos and Gu and acquired Plaintiff's Confidential and trade secret information when they knew or had reason to know that the information was acquired by Shenzhen Reekoos and Gu by improper means; namely, Shenzhen Reekoos' and Gu's breach of their duty to maintain secrecy." *Id.* at ¶ 65. Notably, Plaintiff does not allege what factual circumstances should have caused Frost Buddy to gain an understanding that information was

(allegedly) obtained via "improper means" or even what those alleged "improper means" constituted.

Plaintiff goes on in its Complaint to allege that Defendants sought to revise the names of the inventors on the '449 Patent to include Frost Buddy's CEO and COO, *id.* at ¶¶ 14, 78, and further that a number of U.S. patent applications filed by Frost Buddy in 2023 and 2024 disclosing insulated beverage container inventions purportedly derived from the information Plaintiff shared with Defendants Reekoos and Gu under the NDA, and these patents therefore should be owned by Grill Rescue. *Id.* at ¶¶ 66-76, 78-80. Plaintiff does not allege, however, why inclusion of Frost Buddy's CEO and COO as inventors of the '449 Patent is supposedly in error or what aspects of Frost Buddy's patents or patent applications were purportedly invented by Mobley or any other employee of Grill Rescue instead of or in addition to the inventors named. Instead, all that is found in the Complaint is a conclusory statement as to Frost Buddy's products allegedly being "based on Plaintiff's misappropriated Confidential Information and trade secret information communicated by Plaintiff in confidence to ***<u>Shenzhen Reekoos and Gu</u>*** under the protection of a duly executed NDA." *Id.* at ¶ 81.

Despite all of the foregoing conclusory statements and factual omissions in the Complaint, in a generalized allegation toward the end of Plaintiff's sixty-six paragraph "Facts Common to All Counts," Plaintiff broadly states in a conclusory fashion that: "***<u>Defendants</u>*** used Plaintiff's Confidential Information for competing products and customers that drove business to ***<u>Defendants</u>*** and away from Plaintiff" and "***<u>Defendants'</u>*** wrongful and unlawful conduct was undertaken willfully, wantonly, and maliciously, in bad faith, and for the purpose of injuring Plaintiff's business as well as for misappropriating such business for their own benefit." *Id.* at ¶¶ 87, 89 (emphasis added); *see also id.* at ¶ 2 ("Upon information and belief, Defendant Frost Buddy

tortiously interfered with Plaintiff's contractual relationship with Defendants Shenzhen Reekoos and Gu, and misappropriated Plaintiff's confidential information and trade secrets."); *id.* at ¶ 13 (same); *id.* at ¶¶ 85, 102, 119, 131, 159 (similar generalized allegations of misappropriation by Frost Buddy *vis-à-vis* its relationship with Defendants Reekoos and Gu). However, at no point in the Complaint does Plaintiff allege that ***Frost Buddy*** took any specific affirmative action or step to obtain information it knew or should have known was confidential or trade secret to Plaintiff. Instead, the allegations against Frost Buddy are based on implication and association alone, with nothing more than conclusory allegations masquerading as facts.

## III. LEGAL STANDARDS FOR MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), a complaint must allege facts, accepted as true by the Court, that "state a claim to relief that is plausible on its face." *See Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion to dismiss, the allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). This Court has applied that standard to reject pleadings that amount to no more than conclusions, which are not entitled to the assumption of truth, and to require factual allegations that raise the right to relief above the speculative level, and which are not shotgun allegations. *See Stone v. Shafran*, 641 F. Supp. 3d 1344 (S.D. Fla. 2022).

## IV. DISCUSSION

The Complaint, as against Frost Buddy, fails in numerous respects, not the least of which is its shotgun approach. Plaintiff's entire Complaint suffers from conclusory allegations and

unwarranted deductions masquerading as facts it relates to Frost Buddy, both collectively as a shotgun pleading and also in each individual claim for lack of sufficient factual support as it relates to Frost Buddy. Additional grounds for dismissal are relevant to the instant Motion as well, including that dismissal under Rule 12(b)(3) for improper venue. Moreover, regarding Count I for declaratory judgment, constitutional standing is lacking because the named Plaintiff is not an owner or inventor of the patents at issue, even if all of Plaintiff's allegations are taken as true, requiring dismissal under Rule 12(b)(1). Plaintiff alleges trade secrets misappropriation in Counts III and IV, but the allegations are so lacking as to what the alleged trade secret is or how it was misappropriated that the claims fail under Rule 12(b)(6). Finally, Plaintiff's tortious interference, unjust enrichment and conversion claims are all preempted; alternatively, this Court can decline supplemental jurisdiction over these claims in interests of justice pursuant to 28 U.S.C. § 1367. In short, this Court should dismiss the entire Complaint as directed at Frost Buddy.

### A. <u>The Complaint Is an Improper Shotgun Pleading That Does Not Afford Frost Buddy Sufficient Notice of the Factual Allegations or Claims Against it.</u>

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). As expressed by the Eleventh Circuit and recognized by this Court, such pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)); *see also Conaway v. Carnival Corp.*, No. 25-cv-24989, 2026 WL 850477, at *2 (S.D. Fla. Mar. 27,

2026). District courts are admonished to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

Shotgun pleadings come in numerous different forms. The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015), cited in *Jewish Voice for Peace, South Florida v. City of Miami Beach*, No. 25-cv-24126, 2026 WL 1469261 (S.D. Fla. May 26, 2026) (dismissing shotgun-style complaint with one chance to replead). Another form is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Third, a complaint is improper if it "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Finally, "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," warrants dismissal as an impermissible shotgun-style pleading. *Id.*

The Complaint in this case suffers from at least three of the four foregoing fatal errors. As noted above, Plaintiff's Complaint is thirty pages long, referring to the three named defendants collectively over one hundred times. All preceding paragraphs are incorporated into each and every one of the seven Counts, including even the allegations in Count II, which is the only claim nominally made against just Defendants Reekoos and Gu, and not Frost Buddy. Incorporating by reference these prior allegations in the subsequent Counts of course makes no logical sense. Only two of the three named defendants are the contracting parties alleged to have signed – and violated – an NDA; the other is Frost Buddy, which is admittedly not a party to that NDA. Yet there is a

single Prayer for Relief that runs across pages 27 through 30 of the Complaint as against all "Defendants" except sub-paragraph "a.", which is directed to Reekoos and Gu alone regarding "breach" of the NDA. The remaining sub-paragraphs "b." through "v." are all directed to "Defendants" and do not once reference "Frost Buddy" by name.

Instead of a proper pleading that complies with Rule 8 and gives Frost Buddy notice of the facts alleged against it, nearly all of the ***<u>specific</u>*** allegations ***<u>against</u>*** Frost Buddy are all made "upon information and belief":

- "Upon information and belief, Defendant Frost Buddy tortiously interfered with Plaintiff's contractual relationship with Defendants Shenzhen Reekoos and Gu, and misappropriated Plaintiff's confidential information and trade secrets." Compl. ¶ 2.

- "Upon information and belief, Defendant Frost Buddy, aware of Plaintiff's relationship with Defendants Shenzhen Reekoos and Gu, tortiously interfered with Plaintiff's contractual relationship with Defendants Shenzhen Reekoos and Gu, and misappropriated Plaintiff's confidential information and trade secrets." *Id.* at ¶ 13.

- "Upon information and belief, Defendant Frost Buddy is an Illinois limited liability company with its principal place of business located at 511 W. Frederic Ave., Effingham, IL 62401." *Id.* at ¶ 18.

- "Upon information and belief, Frost Buddy was aware of Plaintiff's relationship with Shenzhen Reekoos and Gu and acquired Plaintiff's Confidential Information and trade secret information when they knew or had reason to know that the information was acquired by Shenzhen Reekoos and Gu by improper means; namely, Shenzhen Reekoos' and Gu's breach of their duty to maintain secrecy." *Id.* at ¶ 65.

The sum total of Plaintiff's allegations against Frost Buddy are, at best, conclusory labels devoid of factual content. They do not indicate who, what, when, where or how Frost Buddy engaged in any wrongful conduct. Even though the Complaint purports to be "verified" by Plaintiff's owner, Mr. Mobley, he expressly excludes those allegations made on "information and belief" from his knowledge base, making these paltry allegations against Frost Buddy even more empty than they already appear.

The only other "specific" allegations implicating Frost Buddy attempt to imply wrongdoing by association with Plaintiff's main target defendants, Reekoos and Gu:

- "Frost Buddy's competing product and product concept are based on Plaintiff's misappropriated Confidential Information and trade secret information ***communicated by Plaintiff in confidence to Shenzhen Reekoos and Gu*** under the protection of a duly executed NDA." Compl. ¶ 81 (emphasis added).

- "Frost Buddy is a ***direct beneficiary of Shenzhen Reekoos' and Gu's misappropriation*** and has itself, as a result of its relationship with Shenzhen Reekoos and Gu, misappropriated Plaintiff's Confidential Information and trade secrets." *Id.* at ¶ 85 (emphasis added).

The essence of Plaintiff's theory against Frost Buddy as only derivative of the other defendants' alleged wrongdoing is highlighted starkly in paragraph 102 of the Complaint:

- "Defendant Frost Buddy acquired its interest in the Unauthorized Patent Assets ***through Defendants Shenzhen Reekoos' and Gu's misappropriation*** of Plaintiff's Confidential Information and trade secrets, and knew or had reason to know that such information was obtained by improper means in breach of the NDA." *Id.* at ¶ 102 (emphasis added).

None of these allegations are sufficient to form plausible relief against Frost Buddy on its own.

Both the Eleventh Circuit and this District admonish against shotgun pleadings. The Eleventh Circuit has affirmed dismissal of precisely this kind of multi-defendant pleading – one that lumps allegations together so that it is unclear which defendant is charged with which conduct. *Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021) (affirming dismissal where the plaintiff "lumped together" allegations against multiple defendants). *See, e.g., Stone*, 641 F. Supp. 3d at 1344 (holding that lumping the defendants together made it "nearly impossible for the court and Defendants to determine who, allegedly, did what."). Plaintiff's Complaint here, as against Frost Buddy, is a textbook shotgun pleading. The Court should dismiss the Complaint against Frost Buddy on this basis alone.

### B. <u>Venue Is Improper.</u>

In addition to filing an improper shotgun pleading, Plaintiff has also failed to establish proper venue. "On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." *Graceland v. Plutus Enters. LLC*, No. 8:21-cv-2356, 2022 WL 1212801, at *3 (M.D. Fla. Apr. 25, 2022) (dismissing for improper venue) (quoting *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* The venue inquiry focuses on the defendant's acts bearing a close nexus to the alleged wrong. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11th Cir. 2003) (stating that only acts bearing a "close nexus to the wrong" are relevant).

Plaintiff alleges venue is proper because, according to Plaintiff, "a substantial part of the events or omissions giving rise to the claims herein occurred in this District." Compl. ¶ 24. This is the only basis for venue alleged. Plaintiff does not allege any other ground, and strikingly, Plaintiff does not allege a single event that occurred in this District. Plaintiff does not allege the NDA was signed in the Southern District. It does not allege the patent inventions were conceived in the Southern District. It does not allege Frost Buddy took any act – or failed to take any act – whatsoever in the Southern District. Plaintiff simply has not met its burden to establish venue in this District, making dismissal[3] warranted on this ground as well.

---

[3] Under the circumstances of this case, including the shotgun pleading approach Plaintiff has deployed against Frost Buddy, it is not in the interests of justice to transfer venue but instead per the Court's discretion, dismissal for improper venue under 28 U.S.C. § 1406(a) is warranted.

## C. Plaintiff Lacks Standing for Its Count I Seeking Declaratory Judgment of Patent Ownership and Inventorship.

In its Count I for declaratory judgment against all defendants, Plaintiff asks this Court to review and correct the inventorship of a number of patents, including the '449 Patent, to include Plaintiff's representatives as inventors on them all, and to thereafter force an assignment to Plaintiff, all pursuant to 35 U.S.C. § 256. *See* Compl. ¶¶ 91-107. It is true that 35 U.S.C. § 256 empowers a district court to order the Director of the USPTO to issue a new patent certificate if an error is identified as to inventorship. It provides:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director [of the USPTO] may, on application of all parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error….The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

*See Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2008 WL 5746938, at *8 (S.D. Fla. Nov. 10, 2008) (quoting 35 U.S.C. § 256 and citing *Eli Lilly & Co.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004)). Yet, there is a presumption that the named inventors on issued patents are "to be the 'true and only' inventors." *Id.*

It is a heavy burden to prove otherwise, requiring the party seeking a correction establish "its position by 'clear and convincing, corroborated evidence.'" *Id.* But, before a court may evaluate the merits of a claim of inventorship, it must determine the party seeking the correction has standing to seek relief. *Id.* at *9. "Standing is a threshold jurisdictional issue" under these circumstances. *Id.* (citing *Steel Co.. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998)).

Not all litigants are entitled to correct a patent; "[a] party must demonstrate standing for each claim he seeks to press." *Id.* (citing *Davis v. Federal Election Com'n*, 128 S.Ct. 2759, 2769

(2008)). "To have standing to invoke section 256, a putative inventor must assert either expected ownership rights in the patent at issue or a "concrete financial interest in the patent, albeit an interest less than ownership." *Id.* at *10 (dismissing for lack of standing and alternatively based upon a lack of proof to warrant correction). Dispositively, standing is determined at the time of filing the claim. *Id.* at *9 (holding the party seeking correction lacked standing under § 256 and declining to entertain intervention or a subsequent assignment to "expand their arsenal and the scope of litigation"); *see also Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) ("With his ownership of the wakeboard-tower patents being contingent in this manner, Larson has no financial interest in the patents sufficient for him to have standing to pursue a § 256 claim.").

Moreover, Section 256 authorizes correction of inventorship only on issued U.S. patents. It supplies no private right of action for pending applications – that question is committed to the USPTO under 35 U.S.C. § 116. Yet Plaintiff's "Unauthorized Patent Assets" sweep in four pending U.S. applications (the '310, '689, '834, and '613), a foreign application, and a Chinese patent. Compl. ¶ 94. The inventorship claims as to the pending applications must be dismissed for lack of a cause of action, and the claims as to foreign patents and applications must be dismissed for lack of jurisdiction. *See Brown v. Toscano*, 254 F.R.D. 690, 695 (S.D. Fla. 2008) ("§ 116 does not provide a cause of action; rather, § 116 empowers the Director of the PTO to decide inventorship issues relating to a pending patent application. Accordingly, to the extent that Counterclaim IV requests the Court to decide the correct inventorship relating to the Second Continuation Application, it must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).").

Here, as in *Armor Screen Corp.* quoted at length above, no ***party*** to this lawsuit claims to be an inventor incorrectly or not named on any patent referenced in the Complaint. Instead, Plaintiff Grill Rescue seeks to have two individuals (who are not parties to the case) added as

inventors: Scott Mobley and Anthony Tranchida. *See* Compl. ¶ 103. Grill Rescue also has no ownership interest at this time, because as it alleges in the Complaint (*id.* at ¶ 52), it demanded assignment of ownership to it based upon its belief that Mobley is an inventor, but its express allegations are that ***no*** assignment has been granted. Until and unless Mobley and Tranchida are proven as inventors of some specific aspect of the inventions disclosed in the patents,[4] Grill Rescue's request for ownership is aspirational only.

For all these reasons, Grill Rescue does not have standing for its request, and the Court should therefore dismiss Count I under Rule 12(b)(1) as well as under Rule 12(b)(6).

**D. Plaintiff Has Failed to Allege a Trade Secret Misappropriated by Frost Buddy to Support Plaintiff's DTSA and FUTSA Claims.**

To survive Rule 12(b)(6) on its Defend Trade Secret Act ("DTSA") (Count III) and Florida Uniform Trade Secrets Act ("FUTSA") (Count IV) claims,[5] Plaintiff must allege nonconclusory facts that: (1) reasonably identify a trade secret and (2) render the element of misappropriation "plausible on its face." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1310-11 (11th Cir. 2020) (discussing DTSA and FUTSA elements); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff may not merely use "labels and conclusions" or a "formulaic recitation" of elements. *Bell Atlantic*, 550 U.S. at 555.

---

[4] Plaintiff's assertions that Mobley and Tranchida are inventors have no support in the Complaint. Plaintiff alleges in a generalized nature that the "concept" underlying the patents arose from it, but does not identify specifically what claimed features of the inventions disclosed in the patents Mobley and/or Tranchida supposedly invented. *Coda Development s.r.o. v. Goodyear Tire & Rubber Co.*, 160 F.4th 1350, 1360 (Fed. Cir. 2025) (citing *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 962 (Fed. Cir. 2016) ("Conception must include every feature or limitation of the claimed invention.").

[5] "[T]he substantive standard for misappropriation is identical under FUTSA and DTSA." *Compulife*, 959 F.3d at 1311 n.13.

Regarding the alleged trade secret itself, as explained by the Federal Circuit, there must be "sufficient definiteness to permit a court to apply the criteria for protection." *Coda Development s.r.o. v. Goodyear Tire & Rubber Co.*, 160 F.4th 1350, 1355 (Fed. Cir. 2025); *see also Mallet & Co. v. Lacayo*, 16 F.4th 364, 384 (3d Cir. 2021) ("When the breadth of a trade secret description is so far-reaching that it includes publicly available information (like patent disclosures) and admitted industry knowledge, that information is not specific enough to be accorded trade secret status.").

In its Complaint, the only indications of what constitute the alleged trade secrets are passing references to beverage tumbler and cooler "designs and concepts" to include "a nested internal structure, multi-level geometry, adjustable support, diameter-based positioning, and removable/modular components to accommodate different beverage sizes." *See* Compl. ¶¶ 77, 80; *see also id.*, at ¶¶ 7, 31. These vague and generalized characterizations of the tumbler and cooler features, without any specific identification of what makes these product features "secret" and unknown to anyone else in the world, leave Frost Buddy without knowledge of what Plaintiff believes Defendants Reekoos and Gu provided to Frost Buddy in violation of the NDA. The Court should dismiss Plaintiff's Counts III and IV on this ground alone for failure to state a claim.[6]

Moreover, Plaintiff appears to allege that whatever designs or concepts it believed were trade secrets are already disclosed in the publicly issued patents, including the '449 Patent. Thus,

[6] Plaintiff further acknowledges that it has been selling its Tumbler Buddy and Beer Buddy products through its website and online marketplaces such as Amazon. *See* Compl. ¶¶ 25-28. To the extent any trade secrets in these product features in fact existed, they would cease being trade secrets as soon as the products came to market. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 155 (1989) (explaining that the public is "free to discover and exploit the trade secret through reverse engineering of products in the public domain or by independent creation"); Fla. Stat. § 688.002(4) (defining "trade secret" as information "not being generally known to, and not being readily ascertainable by proper means"). Accordingly, in the event this case proceeds against any of the Defendants, there will be real questions as to the viability of these trade secrets claims in the first instance once Plaintiff first sold its products in the marketplace.

although admittedly the law may not go so far as to "require a plaintiff to disclose the trade secrets in detail when pleading a claim for theft of trade secrets" because doing so would reveal the trade secret itself, in this case, there would be no harm to Plaintiff to specify what "designs and concepts" specifically it believes were trade secrets as they appear in the now public patent documents already, per Plaintiff's own allegations. *See, e.g.*, *Bayport Fin. Serv. (USA) Inc. v. BayBoston Managers, LLC*, No. 1:22-cv-21306, 2023 WL 2633298 (S.D. Fla. Mar. 3, 2023) (finding an eight-paragraph long description in the pleading gave sufficient notice of the material the plaintiff claimed constituted a trade secret).

In addition, both the DTSA and the FUTSA require factual allegations in the pleading demonstrating that the defendant acquired, disclosed, or used a trade secret knowing or having reason to know it was obtained by improper means. *See* 18 U.S.C § 1839(5) (defining "misappropriation" as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means"); Fla. Stat. § 688.002(2) (2026) (same). To state a claim, a plaintiff cannot base allegations of misappropriation "solely on 'information and belief' . . . unless they are accompanied by supporting facts that make the claim plausible." *Source One Fin. Servs., LLC v. Corpodian*, No. 0:23-cv-61794, 2024 WL 4441804, *3 (S.D. Fla. Oct. 8, 2024). A plaintiff "*must* allege that the defendant had notice that the information at issue was confidential." *AccessNinja, Inc. v. PassNinja, Inc.*, No. 24-cv-24745, 2025 WL 753332, *6 (S.D. Fla. Mar. 10, 2025) (emphasis added); *APR Energy, LLC v. American Power Holdings, LLC*, No. 9:24-cv-80173, 2026 WL 1458367, *7 (S.D. Fla. Mar. 24, 2026).

The Complaint here has no factual support for even an implication that Frost Buddy knew any information provided to it was confidential or trade secret to Plaintiff. It alleges only threadbare, collective assertions that Frost Buddy "knew or had reason to know" of improper

acquisition ***by Defendants Reekoos and Gu***, without any implication of how Frost Buddy allegedly "knew" or why Frost Buddy "should have known." Plaintiff instead only accuses Frost Buddy of a mere association with the parties actually alleged to have committed the misappropriation, Defendants Reekoos and Gu. That is not enough. Where a plaintiff, like Grill Rescue, "fail[s] to allege when, how or in what manner" the trade secrets were used or disclosed, and where there are "no factual allegations linking [defendant's] conduct to instances of misappropriation by [the alleged discloser]," such a failure to allege "destroys any [FUTSA and DTSA] claim[s]." *Corpodian*, 2024 WL 4441804 at *3 (dismissing a complaint where the plaintiffs' claims rested only on allegations based solely "on information and belief" and were devoid of any "concrete factual support for any" allegations); *see also* 18 U.S.C. § 1839(5)-(6); Fla. Stat. § 688.002(1)-(2).

Plaintiff in this case does not plausibly plead either a trade secret or "misappropriation" by Frost Buddy under the DTSA or FUTSA. The Court should accordingly dismiss Counts III and IV for this reason as well.

**E. Plaintiff's Remaining State Law Claims Are Preempted and/or the Court Should Decline Supplemental Jurisdiction.**

In Counts V, VI, and VII of the Complaint, Plaintiff alleges three Florida state law claims: tortious interference, unjust enrichment, and conversion. These Counts all fail to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and while "[t]his pleading standard 'does not require "detailed factual allegations," [] it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" *See Tony Dacosta Greenidge v. Fla. Dep't. of Rev.*, No. 8:25-cv-927, 2026 WL 1660372, at *2 (M.D. Fla. June 9, 2026) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Yet,

even worse in this case, all the Complaint alleges is that Defendants Reekoos and Gu "unlawfully-harmed" Plaintiff, and Frost Buddy is allegedly liable just for the company it kept.

Specifically, regarding tortious interference and conversion, the claims are preempted by statute; namely the FUTSA, Title XXXIX, Fl. Stat. § 688.008, because Plaintiff adds no facts to the generalized, collective facts discussed above. "To determine whether allegations of trade-secret misappropriation preempt a plaintiff from sufficiently pleading a separate, but related tort, the court must evaluate whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by § 688.008." *See Phosphorus Free Water Sols., LLC v. Ferrate Sols., Inc.*, No. 6:21-cv-1959, 2022 WL 22987308, at *7 (M.D. Fla. Sept. 1, 2022) (citing *Measured Wealth Priv. Client Grp., LLC v. Foster*, No. 20-cv-80148, 2020 WL 3963716, at *5 (S.D. Fla. July 13, 2020) (quotation omitted)).

Here, as noted above, Plaintiff incorporates all of its preceding allegations into each of its counts, including its Count V for tortious interference and its Count VII for conversion, which are preempted by statute. This is fatal. Moreover, there are no new factual allegations in either of the tort claims, only conclusory legal conclusions based on the prior facts underlying the DTSA and FUTSA count. For example, Plaintiff alleges in ¶ 139 of its Count V for tortious interference that "Defendants are aware of the business relationships between Plaintiff and its customers and prospective customers," but Plaintiff does not identify those customers or how "Defendants" (notably including Frost Buddy without delineation from Reekoos and Gu) would have that awareness. In ¶ 140, Plaintiff alleges "Defendants used Plaintiff's Confidential Information for competing products and customers that drove business to Defendants and away from Plaintiff," but Plaintiff does not identify any specific business driven to Defendants (notably, again, including Frost Buddy without delineation from Reekoos and Gu). Paragraphs 142 - 146 continue in the same

fashion, making conclusory statements that in no way distinguish the alleged tortious interference from the FUTSA count. The Conversion Count VII is no different. It parrots the elements of conversion with no new factual allegations. *See* Compl. ¶¶ 155-164. Because both Counts V and VII rest on the same facts as the trade secret counts and add no materially distinct wrong, they are preempted and should be dismissed.

Even apart from preemption, Count V independently fails because Plaintiff has not identified a single specific business relationship with which Frost Buddy allegedly interfered. Under Florida law, "an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814–15 (Fla. 1994). Indeed, "no cause of action exists for tortious interference with a business's relationship to the community at large." *Id.* Plaintiff's vague reference to "customers and prospective customers" falls far short of this standard.

Count VII likewise fails on independent grounds. Conversion under Florida law cannot lie for trade secrets or business relationships. *Taubenfeld v. Lasko*, 324 So. 3d 529, 541 (Fla. 4th DCA 2021) (affirming dismissal of trade secrets and business relationships as items of damage in conversion count; "we have found no authority to suggest that a business or contractual relationship can be the object of a conversion" and "to the extent the conversion claim encompasses a claim for misappropriation of trade secrets, such a claim is preempted by the FUTSA"). Plaintiff's conversion claim is premised entirely on the alleged misappropriation of trade secret information and the diversion of business relationships, neither of which is a proper subject of conversion under Florida law.

Plaintiff's Unjust Enrichment claim in Count VI fares no better. Plaintiff does not allege what benefit was unjustly conferred by Plaintiff on ***Frost Buddy***, again lumping it into general allegations against "Defendants" as a collective unit, which fails to give sufficient notice as required by Rule 8. This deficiency is fatal: under Florida law, unjust enrichment requires that the plaintiff confer a *direct* benefit on the defendant. *See IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283, 1290 (M.D. Fla. 2013) ("It is axiomatic that there must be a benefit conferred before unjust enrichment exists. This must be a direct benefit.") (quoting *Henry M. Butler, Inc. v. Trizec Props.*, Inc., 524 So.2d 710, 712 (Fla. 2d DCA 1988)). Plaintiff does not allege that it conferred any direct benefit on Frost Buddy (as distinct from Reekoos or Gu) making this claim insufficient as a matter of law. Furthermore, and dispositive on this Motion, "[b]ecause FUTSA expressly authorizes a plaintiff to recover the 'unjust enrichment caused by misappropriation' a claim for unjust enrichment is indistinguishable from the remedy under the statute and therefore is preempted." *See New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 910 (M.D. Fla. 2007).

In any event, because all Plaintiff has alleged in these state law claims are the same collective factual allegations found in the background facts and discussed above as an improper shotgun pleading, this Court should decline to take supplemental jurisdiction pursuant to 28 U.S.C. § 1367, even if these state law claims are not preempted. *See Tony Dacosta*, 2026 WL 1660372, at *8 (declining supplemental jurisdiction after dismissing federal claims on other grounds).

## V. <u>CONCLUSION</u>

**WHEREFORE**, Defendant, FROST BUDDY LLC, respectfully requests the Court enter an Order: (a) dismissing all claims in the Complaint asserted against Frost Buddy pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), 12(b)(3), and 12(b)(6); and (b) granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel for Defendant Frost Buddy LLC hereby certifies, pursuant to Local Rule 7.1(a)(3), that counsel has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion. On June 24, 2026, at 10:30 A.M., undersigned counsel sent correspondence to Plaintiff's counsel identifying dismissal of Count I for lack of standing under Rule 12(b)(1) and dismissal of the entire action for improper venue under Rule 12(b)(3), and inviting Plaintiff to withdraw or dismiss Count I and to address venue. Undersigned counsel offered to confer by telephone. On June 25, 2026, at 11:00 A.M., undersigned counsel and Adam Wolek and Brian Frederick on behalf of Plaintiff, conferred by telephone regarding these issues. Plaintiff did not agree to dismiss Count I, and did not agree that the action should be dismissed for improper venue. The parties were unable to resolve or narrow these issues by agreement.

Dated: June 25, 2026.

Respectfully submitted,

By: **s/ Aleksey Shtivelman**

Aleksey Shtivelman
Florida Bar No. 99159
ashtivelman@shutts.com
SHUTTS & BOWEN LLP
200 S. Biscayne Boulevard, Ste 4100
Miami, Florida 33133
Tel.: (305) 379-9135

and

Michael J. Hickey
*Admitted Pro Hac Vice*
Bridget Hoy
*Admitted Pro Hac Vice*
LEWIS RICE LLC
600 Washington Avenue, Ste 2500
St. Louis, MO 63101
Tel.: (314) 444-7600
mhickey@lewisrice.com
bhoy@lewisrice.com
*Attorneys for Defendant,*
*Frost Buddy LLC*