**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| GRILL RESCUE LLC d/b/a RESCUE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN REEKOOS HOUSEWARE CO. LTD; WEILIANG GU; and FROST BUDDY LLC<br><br>Defendants. | Case No. 9:26-cv-80481-DMM<br><br>**DEMAND FOR JURY TRIAL** |

## VERIFIED FIRST AMENDED COMPLAINT

Plaintiff Grill Rescue LLC d/b/a Rescue LLC ("Plaintiff"), by and through its undersigned counsel, Fox Rothschild LLP, hereby brings this action against defendants Shenzhen Reekoos Houseware Co. LTD ("Shenzhen Reekoos"), Weiliang Gu a/k/a George Gu ("Gu"), and Frost Buddy LLC ("Frost Buddy") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief and damages for Defendants Shenzhen Reekoos' and Gu's breach of contract and misappropriation of Plaintiff's trade secrets and confidential information, and their plan to steal Plaintiff's information for their own benefit and the benefit of Defendant Frost Buddy.

2. Upon information and belief, Defendant Frost Buddy tortiously interfered with Plaintiff's contractual relationship with Defendants Shenzhen Reekoos and Gu, and misappropriated Plaintiff's confidential information and trade secrets.

3. Defendants' conduct constitutes breach of contract, violations of the Defend Trade Secrets Act ("DTSA"), Florida Uniform Trade Secrets Act ("FUTSA"), tortious interference, and

unjust enrichment. Plaintiff seeks to enjoin Defendants from using and disclosing its trade secrets, confidential, and proprietary information, which Plaintiff conveyed in confidence to Defendants Shenzhen Reekoos and Gu during their business relationship.

4. Before disclosing any of its trade secrets or confidential information to Defendants Shenzhen Reekoos and Gu, Plaintiff and Defendant Shenzhen Reekoos entered into a Non-Disclosure Agreement (the "NDA"). The NDA was executed by Defendant Gu on behalf of Shenzhen Reekoos.

5. Despite entering into the NDA with Plaintiff, Defendants Shenzhen Reekoos and Gu misappropriated Plaintiff's confidential information and applied for and obtained patents for their benefit and the benefit of Plaintiff's competitors, including Defendant Frost Buddy LLC, unfairly competed against Plaintiff and were unjustly enriched by exploiting their relationship with Plaintiff for their own financial benefit, and the benefit of third parties, such as Frost Buddy, who obtained an unfair competitive advantage.

6. Plaintiff is the manufacturer of Beer Buddy and Tumbler Buddy and engaged Defendant Shenzhen Reekoos, through its employee, agent, and/or representative, Gu, to manufacture and modify its products and component parts.

7. In the course of the parties' relationship, Plaintiff communicated, *inter alia*, its confidential business plans, product designs, technical data and specifications, drawings, plans, and other technical information all developed by Plaintiff at great effort and expense, and which derives independent economic value from not being generally known to its competitors or readily ascertainable to others who could economically benefit from the use or disclosure of such information.

8. Plaintiff took reasonable precautions to keep its information secret by requiring its

product manufacturers, including Defendant Shenzhen Reekoos, to enter into NDAs, among other measures, before sharing any of its confidential information for purposes of manufacturing and designing its products.

9. Defendant Gu, on behalf of Shenzhen Reekoos, executed Plaintiff's NDA before Plaintiff shared any of its confidential information and assured Plaintiff that he and Shenzhen Reekoos could be trusted.

10. Gu's representations turned out to be false, and Gu misappropriated Plaintiff's confidential information and surreptitiously applied for and obtained patents based on information Defendants Shenzhen Reekoos and Gu obtained from Plaintiff, which was subject to an executed NDA.

11. Promptly upon discovery of Defendants Shenzhen Reekoos' and Gu's wrongful acts, Plaintiff demanded that a patent at issue be reassigned, which Gu represented he would do; however, Defendants Shenzhen Reekoos and Gu failed to execute the necessary documents assigning the patent to Plaintiff, who is the rightful owner.

12. Defendants Shenzhen Reekoos and Gu then disclosed Plaintiff's confidential information to Plaintiff's competitors, including Defendant Frost Buddy, and used the information for their own benefit and the benefit of third parties to Plaintiff's detriment.

13. Upon information and belief, Defendant Frost Buddy, aware of Plaintiff's relationship with Defendants Shenzhen Reekoos and Gu, tortiously interfered with Plaintiff's contractual relationship with Defendants Shenzhen Reekoos and Gu, and misappropriated Plaintiff's confidential information and trade secrets.

14. Defendants collectively conspired to have an issued patent, which should have been assigned to Plaintiff, corrected after its issue to include Frost Buddy's co-founders as the inventors

of the patent along with Defendant Gu.

15. Defendants' conduct constitutes breach of contract, violations of the Defend Trade Secrets Act ("DTSA"), Florida Uniform Trade Secrets Act ("FUTSA"), tortious interference, and unjust enrichment.

16. Without this Court's intervention, Defendants' unlawful conduct will continue unabated, and Plaintiff will continue to suffer economic damages and irreparable injury, while Defendants Shenzhen Reekoos and Gu will succeed in flouting their contractual obligations for their own improper gain, and Defendants, collectively, will continue to unfairly compete against Plaintiff using Plaintiff's own protected confidential information and trade secrets unlawfully obtained by them to Plaintiff's detriment.

## THE PARTIES

17. Plaintiff is a Florida limited liability company with its principal place of business located at 7999 N. Federal Highway, Suite 100, Boca Raton, FL 33487.

18. Upon information and belief, Defendant Frost Buddy is an Illinois limited liability company with its principal place of business located at 511 W. Frederic Ave., Effingham, IL 62401. Upon information and belief, Frost Buddy conducts substantial business throughout the United States, including in the state of Florida. Frost Buddy markets and sells its products, including products derived from Plaintiff's misappropriated Confidential Information and trade secrets, to consumers nationwide through its website (www.frostbuddy.com) and through online retail marketplaces, including Amazon, and ships such products directly to consumers located in Florida and in this District.

19. Upon information and belief, Defendant Shenzhen Reekoos Houseware Co. LTD, is a Chinese company with its principal place of business located at 311A, Tianxin Building, No.

63, Cuishan Rd., Luohu District, Shenzhen Guangdong, China 518019.

20. Upon information and belief, Defendant Weiliang Gu a/k/a George Gu is a Chinese national and resident of China and an owner, employee, agent and/or representative of Shenzhen Reekoos.

## JURISDICTION AND VENUE

21. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

22. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as, upon information and belief, the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

23. This Court has supplemental jurisdiction to hear and determine the state law claims, which arise under the statutory and common law of the state of Florida, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

24. Venue and personal jurisdiction are proper in the Southern District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District. Plaintiff developed and maintained its Confidential Information and trade secrets in this District. Plaintiff suffered, and continues to suffer, substantial economic harm in this District as a direct result of Defendants' wrongful conduct, including loss of sales, market share, and competitive advantage. The NDA at issue was negotiated, drafted, and transmitted to Defendants Shenzhen Reekoos and Gu from this District, and returned executed to Plaintiff in this District. Moreover, Plaintiff was located in this District when Defendants Shenzhen and Gu approached Plaintiff to do business and gained access to its Confidential Information and

trade secrets, all of which were developed and communicated in the Southern District of Florida.

25. Further, this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities to target consumers in the United States, including Florida, and sell their products and services directly to businesses and consumers located in the state of Florida. Defendants also knew Plaintiff resides in Florida, and their conduct caused Plaintiff harm in this District. And Defendants are committing tortious acts in Florida, engaged in interstate commerce, and have wrongfully caused Plaintiff injury in Florida.

26. With respect to Defendant Frost Buddy specifically, upon information and belief, Frost Buddy purposefully directed its tortious conduct toward Plaintiff in this District by knowingly acquiring and exploiting Plaintiff's Confidential Information and trade secrets belonging to a Florida company for its own commercial benefit. Frost Buddy sells competing products derived from Plaintiff's misappropriated Confidential Information directly to consumers in Florida through its website and online marketplaces, thereby purposefully availing itself of the privilege of conducting business activities in this state and causing Plaintiff injury in this District.

27. Upon information and belief, Defendant Frost Buddy knew that Plaintiff is a Florida company with its principal place of business in this District and that its tortious acquisition and use of Plaintiff's Confidential Information, and the sale of competing products derived therefrom, would cause Plaintiff to suffer substantial harm in Florida. Frost Buddy's competing products directly displaced Plaintiff's sales to consumers in this District, and Frost Buddy derived substantial revenue from sales of such products to Florida customers. Accordingly, a substantial part of the events or omissions giving rise to Plaintiff's claims against Frost Buddy occurred in, or were directed at, this District.

28. Venue is also proper in the Southern District of Florida, pursuant to 28 U.S.C. §

1391(c)(3), as to Defendants Shenzhen Reekoos and Gu, because, upon information and belief, they are not residents of the United States and may be sued in any judicial district.

## FACTS COMMON TO ALL COUNTS

### I. Plaintiff's Products at Issue

29. Plaintiff is in the business of manufacturing and selling various innovative consumer products in the outdoor industry space, including Beer Buddy and Tumbler Buddy.

30. Tumbler Buddy was designed and created by Plaintiff to be the world's first tumbler converter. The product consists of an insert that fits in most standard 20oz tumblers and allows a standard tumbler to then hold various sized beverage containers including bottles, cans, skinny cans, stubby bottles, and 16oz cans. Additionally, the Tumbler Buddy allows for the various sized beverage containers to remain colder for longer while stored in a standard 20oz tumbler.

31. Similarly, Plaintiff designed and manufactured Beer Buddy, a beverage holder/cooler capable of supporting different sized cans and bottles, as a universal solution to accommodate for the increased use of differently sized cans and bottles.

32. Plaintiff offered these products for sale direct-to-consumer through its website and online marketplaces such as Amazon.

### II. Plaintiff's Relationship with Defendants Shenzhen Reekoos and Gu and Their Executed NDA

33. In 2020, Plaintiff established a relationship with a product component manufacturer, Defendant Gu, who was then in process of associating with a new company, Defendant Shenzhen Reekoos.

34. Before providing Defendants Gu and Shenzhen Reekoos with any of its confidential information, Plaintiff insisted on Defendant Gu's and Defendant Shenzhen Reekoos' execution of an NDA.

35. The confidential and trade secret information that was shared included, but was not limited to, technical data, product ideas, designs, drawings, specifications, plans, information about its business processes, or other business or technical data (hereinafter, "Confidential Information"), which were conceived and developed at Plaintiff's great effort and expense.

36. Through its substantial efforts and expenditure of resources, Plaintiff has been able to establish and maintain its reputation and developed significant goodwill in the outdoor industry space, which has allowed it to expand its product offerings.

37. The requirement of an executed NDA was a reasonable measure Plaintiff undertook to keep its Confidential Information secret, as any such information derived economic value from not being known to its competitors, was not readily ascertainable through proper means, and provides Plaintiff with a competitive advantage over its competitors who do not have this information.

38. In addition to requiring the execution of NDAs by its product manufacturers and business partners, Plaintiff restricted access to its confidential product designs, engineering drawings, manufacturing specifications, and technical data to necessary personnel, as further reasonable measures to protect the secrecy of its Confidential Information and trade secrets.

39. In or around May 2020, Plaintiff's co-founder, Scott Mobley, provided Gu with an NDA for execution before disclosing any of its Confidential Information and the start of any product manufacturing efforts.

40. On May 15, 2020, Gu, on behalf of Shenzhen Reekoos, executed the NDA. A true and accurate copy of the executed NDA is attached hereto as **Exhibit A**.

41. The NDA provides, in part, that Confidential Information includes:

> all information owned by Grill Rescue and not generally known to the public or in the relevant trade or industry that is communicated orally, written, printed,

> electronically transmitted, or communicated to Recipient in any other form or medium, or which was learned, discovered, developed, conceived, originated, or prepared by the Recipient in the scope and course of its relationship with Grill Rescue, relating directly or indirectly to business processes, technical data, trade secrets, knowhow, advice, consultations, proprietary information, client lists, client instructions, assets, business operations, specifications, designs, plans, drawings, hardware, software, data, prototypes, or other business or technical information belonging to Grill Rescue or any of its clients, operational methods, economic and business analyses, models, strategies, or any other proprietary information relating in any way to the business of Grill Rescue. Any and all information learned by the Recipient as a result of its business transactions with Grill Rescue shall be deemed Confidential Information for purposes of this Agreement, including all other concepts with independent economic value.

(Exhibit A, Art. I.) Thus, it was agreed that the Confidential Information owned by Grill Rescue included (1) all information in Grill Rescue's possession, custody, or control that was not generally known to the public or in the relevant trade or industry that was communicated to Recipient and (2) all information ***learned, discovered, developed, conceived, originated, or prepared by the Recipient*** in the scope and course of its relationship with Grill Rescue.

42. The NDA also provides that Shenzhen Reekoos shall not use the Confidential Information for any personal gain (including via third parties), or in any manner detrimental or inconsistent with the business interests of Plaintiff. Exhibit A, Art. II.

43. Shenzhen Reekoos agreed that it would only use the Confidential Information as directed by Plaintiff and not for its own purposes or the purposes of any other party. Exhibit A, Art. IV.

44. Moreover, the NDA expressly provided that Shenzhen Reekoos shall be jointly liable for all information divulged to its employees, independent contractors, agents, representatives, successors, heirs and assigns. *Id.*

45. Upon termination of Shenzhen Reekoos' and Plaintiff's relationship, Shenzhen Reekoos was required to immediately deliver to Plaintiff all originals and copies of any documents,

records, software programs, media and other materials containing any Confidential Information and return to Plaintiff all property belonging to Plaintiff, which it failed to do. Exhibit A, Art. VII.

46. Additionally, Shenzhen Reekoos expressly agreed to indemnify and hold Plaintiff harmless for any damages following its breach of the NDA in any manner. Exhibit A, Art. VIII.

47. The NDA also provides that in the event of legal action the prevailing party shall be entitled to recover all associated reasonable attorneys' fees and court costs. *Id.*

## III. Plaintiff Obtains Confidential Information and Ownership of IP Rights

48. At least as early as 2022, years prior to the commencement of this action, Scott Mobley and Anthony Tranchida executed a written agreement that assigned ownership of their interests in their inventions to Plaintiff and agreed to execute any and all documents, including patent assignments, as necessary. Consistent with this agreement and understanding, Mr. Mobley and Mr. Tranchida have assigned various patent assets to Plaintiff, including in or around the 2021-2023 timeframe, as discussed more *infra* in Section IV.

## IV. Defendants Shenzhen Reekoos' and Gu's Breach of the NDA

49. Following the execution of the NDA, and over the next few years, Plaintiff shared with Shenzhen Reekoos and Gu its Confidential Information and trade secret information required to design, manufacture, and modify its innovative consumer products, specifically its Beer Buddy and Tumbler Buddy products, among others.

50. Unbeknownst to Plaintiff, Shenzhen Reekoos and Gu, in breach of the NDA, sought to use Plaintiff's Confidential Information for their own benefit and the benefit of Plaintiff's competitors in violation of the NDA.

51. On June 1, 2021, just over a year after the execution of the NDA, Shenzhen Reekoos filed a patent application for a "Multi-Function Fixing Kit," U.S. Patent Application No.:

17/335,183 (herein the "'183 Application"), without Plaintiff's knowledge.

52. The information contained in the patent application and product concept and idea consisted of Confidential Information belonging to Plaintiff.

53. The '183 Application lists the applicant as Defendant Shenzhen Reekoos and the sole inventor as Defendant Gu.

54. This information is inaccurate, as Plaintiff is in fact the inventor of this product.

55. Defendants Shenzhen Reekoos and Gu misappropriated Plaintiff's Confidential Information and trade secret information for personal gain that was detrimental to Plaintiff and adverse to Plaintiff's business interests.

56. In late April/early May 2023, Plaintiff discovered Defendants Shenzhen Reekoos' and Gu's misappropriation and breach of the NDA when it sought to file its own patents related to a multifunctioning beverage cooler.

57. Additionally, Plaintiff discovered that many of its competitors, including Frost Buddy, were using Plaintiff's product design and ideas that Plaintiff had conveyed to Defendants Shenzhen Reekoos and Gu in confidence, and subject to the NDA.

58. In May 2023, Mr. Mobley demanded that Gu assign the '183 Application to Plaintiff, as they were the rightful inventors.

59. In response, Gu stated that the patent was filed just to protect them from being sued by others and stated that if the patent application was successful, there was no problem transferring it to Plaintiff:


Today

George, 12:45 AM

**@Scottmobley** I filled this patent was just want to protect ourself not be sued by others, the patent is pending, we don't know if there is patent infringement risks ,so till now, we never made this product and sell to anyone else, if the patent be applied successfully, there is no problem to transfer it to you.I just don't want to lose you.

60. Mr. Mobley thanked Gu for agreeing to transfer the patent, and Gu reiterated his promise to transfer the patent application if applied successfully:

> Scottmobley: @George Thank you for agreeing to sign the patent over to us. I would like to have this resolved before the patent is granted and our counsel will provide document for you to sign for: Application No.: 17/335,183 and Application CN202122259581.9U.
>
> George: I will transfer patent No.: 17/335,183 to you, promise is we keep our cooperation and transfer the patent after it be applied successfully.

61. Following this exchange, Shenzhen Reekoos and Gu were given assignment documents for execution concerning the assignment of the '183 Application, but failed to execute the same.

62. On December 19, 2023, U.S. Patent No. 11,844,449 entitled "Multi-Function Fixing Kit," (herein the "'449 Patent") was issued from the '183 Application. The '449 Patent and '183 Application and any application or patent claiming priority thereto shall be referred to as the "Multi-Function Fixing Kit Patents."

63. The Multi-Function Fixing Kit Patents are all derived from Plaintiff's Confidential Information shared in confidence to Defendants Shenzhen Reekoos and Gu.

64. Despite Defendants Shenzhen Reekoos' and Gu's agreement and promise to transfer the patent assets to Plaintiff upon the successful application, they refused to do so.

65. In addition to the '183 Application, Plaintiff requested that Defendant Gu assign Chinese Patent Application No. CN202122259581.9U, which upon information and belief was also derived from Plaintiff's Confidential Information shared in confidence to Defendants

Shenzhen Reekoos and Gu.

66. On September 17, 2021, Defendants Shenzhen Reekoos and Gu filed foreign application, CN202122259581.9U, and on February 1, 2022, Chinese Patent CN215708687U was issued from the application.

67. Defendants Shenzhen Reekoos' and Gu's misappropriation of Plaintiff's Confidential Information and trade secrets, which had independent economic value to Plaintiff from not being known to its competitors and was not readily ascertainable to its competitors, was a direct breach of the parties' NDA and a violation of federal and state trade secret laws and Florida common law.

68. Defendants Shenzhen Reekoos and Gu have violated their obligations under the NDA by misappropriating Plaintiff's Confidential Information and trade secrets for their own personal gain, and have damaged, and continue to damage, Plaintiff's business.

**V. Defendants' Further Misappropriation and Continued Breach**

69. Sometime after Gu executed the NDA, Defendants Shenzhen Reekoos and Gu began working with Plaintiff's competitor Frost Buddy.

70. Not only did Defendants Shenzhen Reekoos and Gu breach the NDA, but they shared Plaintiff's Confidential Information and trade secrets with its direct competitor, Frost Buddy, and used the information for their own personal gain and for the purposes of other third parties, including Defendant Frost Buddy.

71. Upon information and belief, Frost Buddy was aware of Plaintiff's relationship with Shenzhen Reekoos and Gu and acquired Plaintiff's Confidential Information and trade secret information when they knew or had reason to know that the information was acquired by Shenzhen Reekoos and Gu by improper means; namely, Shenzhen Reekoos' and Gu's breach of their duty

to maintain secrecy.

72. After it began working with Defendant Gu, and less than five months after the filing of the ‘183 Application, Frost Buddy then filed U.S. Patent Application No. 17/514,310 that incorporated Plaintiff's Confidential Information, including related patent applications that stemmed from the original application and were continuation applications that arose from the original application, so they are part of the same patent family.

73. Frost Buddy filed U.S. Patent Application No. 17/514,310 for an "Insulating Beverage Container" on October 29, 2021, and listed the inventors as Defendant Gu and Gu's associate Rui Cao (herein the "‘310 Application"). Like the ‘183 Application and ‘449 Patent, the ‘310 application included Gu as a named inventor and was directed to the problem of insulating beverage containers accommodating a single size can or bottle and employing a similar solution, using a multi-layered or stepped internal structure with decreasing diameters to support different sized containers.

74. On July 11, 2023, U.S. Patent No. 11,697,544, entitled "Insulating Beverage Container," (herein the "‘544 Patent") was issued from the ‘310 Application, listing the inventors as Defendant Gu and Rui Cao, and the assignee as Frost Buddy.

75. International Patent Application PCT/US21/59613 (herein the "‘613 PCT") was filed on November 17, 2021 and claims priority to the ‘310 Application.

76. On May 24, 2023, U.S. Patent Application No. 18/322,689 (herein the "‘689 Application") was filed, which is a continuation of the ‘310 Application.

77. On August 6, 2024, U.S. Patent No. 12,054,333, entitled "Insulating Beverage Container" (herein the "‘333 Patent") issued from the ‘689 Application.

78. On July 23, 2024, U.S. Patent Application No. 18/781,834 (herein the "‘834

Application") was filed as a continuation of the '689 Application.

79. On March 24, 2026, U.S. Patent No. 12,583,663, entitled "Insulating Beverage Container" (herein the "'663 Patent") issued from the '834 Application.

80. The '544 Patent, '613 PCT, '689 Application, '333 Patent, '834 Application, and '663 Patent all relate back to the '310 Application. These patents and applications, and any patent or application claiming priority thereto, are herein collectively referred to as "the Insulating Beverage Container Patents."

81. The Insulating Beverage Container Patents are all derived from Plaintiff's Confidential Information shared in confidence to Defendants Shenzhen Reekoos and Gu. Each national and international application related to the above patents was filed after Gu executed the NDA.

82. On information and belief, Defendants have filed other patent applications that are derived from Plaintiff's Confidential Information.

83. Both the Multi-Function Fixing Kit Patents and the Insulating Beverage Container Patents include a nested internal structure, multi-level geometry, adjustable support, diameter-based positioning, and removable/modular components to accommodate different beverage sizes, which designs and concepts were all disclosed in confidence by Mr. Mobley in conversations with Gu during the course of Plaintiff's business relationship with Shenzhen Reekoos and Gu and subject to the provisions of the NDA.

84. In addition to the nested internal structure, multi-level geometry, adjustable support, diameter-based positioning, and removable/modular component designs and concepts described above, Plaintiff's Confidential Information and trade secrets also includes specific engineering drawings, dimensional tolerances, material specifications, molds, manufacturing

process specifications, and quality control protocols used to manufacture the Beer Buddy and Tumbler Buddy products, none of which are disclosed in the Multi-Function Fixing Kit Patents, the Insulating Beverage Container Patents, or any other publicly available patent, application, or product literature. This manufacturing and technical information was developed by Plaintiff's product development personnel over the course of several months of design and engineering work and derives independent economic value from not being generally known or readily ascertainable to Plaintiff's competitors, including Defendants.

85. Notwithstanding Gu's agreement and promise to assign the Multi-Function Fixing Kit Patents and/or the '183 Application to Plaintiff, Defendants requested to improperly name other inventors to these patent assets. On March 25, 2025, the USPTO entered a Certificate of Correction with respect to the '449 Patent, revising the name of the inventor on the Multi-Function Fixing Kit patent from Defendant Gu, to Gu, Mitch Mammoser, and Brock Mammoser.

86. Brock Mammoser is the Co-Founder and Chief Executive Officer of Frost Buddy and Mitch Mammoser is the Co-Founder and Chief Operating Officer of Frost Buddy.

87. Defendant Frost Buddy markets and sells a product, the "Universal Buddy," it claims is "The World's 1st & Only Universal Can Cooler," designed to hold differently shaped beverage containers, *see, e.g.*, Universal Buddy | Can + Bottle Cooler | Perfect Gift For Mom – Frost Buddy, and a product "Universal XL," Universal XL – Frost Buddy, which has a similar functionality. (Screen shots of Defendant Frost Buddy's website marketing the Universal Buddy and Universal XL are attached hereto as **Exhibits B** & **C**, respectively). Both are products and concepts invented by Plaintiff, which were disclosed, discussed, and developed by Plaintiff and communicated to Shenzhen Reekoos and Gu during Plaintiff's business relationship with them.

88. Frost Buddy's competing product and product concept are based on Plaintiff's

misappropriated Confidential Information and trade secret information communicated by Plaintiff in confidence to Shenzhen Reekoos and Gu under the protection of a duly executed NDA.

89. Independent of Shenzhen Reekoos' and Gu's own breach of the NDA and misappropriation of Plaintiff's Confidential Information, Frost Buddy took its own affirmative steps to obtain, use, and benefit from Plaintiff's Confidential Information and trade secrets for its own commercial gain.

90. Frost Buddy is a sophisticated, direct competitor of Plaintiff in the specialized market for universal-fit, multi-size beverage container coolers and, upon information and belief, would have readily recognized that the nested internal structure, multi-level geometry, adjustable support, diameter-based positioning, and removable/modular component designs incorporated into its own Universal Buddy and Universal XL products, and disclosed in the '310 Application, '544 Patent, '333 Patent, and '663 Patent, were not the product of Frost Buddy's own independent research and development.

91. Frost Buddy filed the '310 Application on October 29, 2021, less than five months after Shenzhen Reekoos filed the '183 Application containing Plaintiff's Confidential Information on June 1, 2021, and while Shenzhen Reekoos and Gu were actively working with Frost Buddy. Therefore, on information and belief, Frost Buddy obtained Plaintiff's Confidential Information and trade secrets from Shenzhen Reekoos and Gu shortly after Shenzhen Reekoos and Gu misappropriated it in violation of the NDA.

92. Upon information and belief, Frost Buddy's knowledge that the information it received from Shenzhen Reekoos and Gu constituted Plaintiff's Confidential Information and trade secrets, obtained by Shenzhen Reekoos and Gu in breach of their duty of confidentiality to Plaintiff, is further evidenced by Frost Buddy's own conduct in seeking to add its co-founders and

executive officers, Brock Mammoser and Mitch Mammoser, as named inventors on the '449 Patent, a patent that Frost Buddy knew or should have known was derived from Plaintiff's Confidential Information disclosed under the NDA.

93. Upon information and belief, Frost Buddy would not have sought to claim an inventorship interest in the '449 Patent, nor filed its own patent applications disclosing the identical nested internal structure, multi-level geometry, adjustable support, diameter-based positioning, and removable/modular component designs, had it not possessed and made use of Plaintiff's Confidential Information and trade secrets.

94. Accordingly, Defendants have knowingly and willingly acted in concert to misappropriate Plaintiff's Confidential Information and trade secrets and used such information to acquire intellectual property assets and to manufacture and sell a competing product to Plaintiff's detriment, causing Plaintiff to suffer substantial economic damages and irreparable harm.

95. Defendants' actions have caused Plaintiff, and continue to cause Plaintiff, loss of market share, loss of exclusivity, and loss of past, present, and future sales.

96. Defendants, by their conduct, have knowingly, intentionally, and tortiously interfered with Plaintiff's prospective economic advantage by siphoning or attempting to siphon away Plaintiff's customers and prospective customers, business, and Confidential Information and trade secrets, for their own personal gain and benefit.

97. Frost Buddy is a direct beneficiary of Shenzhen Reekoos' and Gu's misappropriation and has itself, as a result of its relationship with Shenzhen Reekoos and Gu, misappropriated Plaintiff's Confidential Information and trade secrets.

98. Defendants' acts and conduct have made them benefit from their misconduct to Plaintiff's detriment, and have displaced sales, caused Plaintiff to lose market share, sales,

competitive advantage, profits, and diminished the value of Plaintiff's Confidential Information.

99. Defendants used Plaintiff's Confidential Information for competing products and customers that drove business to Defendants and away from Plaintiff.

100. Unless enjoined from their wrongful conduct, Defendants will continue to improperly benefit immeasurably, and Plaintiff's business and reputation has been, and will continue to be, irreparably harmed.

101. Defendants' wrongful and unlawful conduct was undertaken willfully, wantonly, and maliciously, in bad faith, and for the purpose of injuring Plaintiff's business as well as for misappropriating such business for their own benefit.

102. Without this Court's intervention, Defendants' unlawful conduct will continue unabated, and Plaintiff will continue to suffer irreparable injury and significant economic damages while Defendants will succeed in flouting the law and/or contractual obligations for their own gain.

**COUNT I**
**Declaratory Judgment of Patent Ownership and/or Inventorship**
**(as to all Defendants)**

103. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein, including at least Paragraphs 1, 4–7, 9–14, 16–28, 29–102.

104. Pursuant to 28 U.S.C. § 2201(a), in a case of actual controversy within the Court's jurisdiction, the Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

105. An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning ownership of various patent assets.

106. The '449 Patent, the '544 Patent, the '333 Patent, the '663 Patent, the '183 Application, the '310 Application, the '613 PCT, the '689 Application, and the '834 Application,

and the foreign application CN202122259581.9U and patent CN215708687U (collectively herein "the Unauthorized Patent Assets") are all based on ideas and Confidential Information owned by Plaintiff.

107. For example, the inventions disclosed and claimed in the '449 Patent, '544 Patent, '333 Patent, and '663 Patent include nested internal structure, multi-level geometry, adjustable support, diameter-based positioning, and removable/modular components to accommodate different beverage sizes, were conceived, designed, and developed or otherwise owned by Plaintiff and communicated in confidence to Defendants Shenzhen Reekoos and Gu after they signed the NDA and during Plaintiff's business relationship with them. Therefore, Plaintiff owns the inventions and patent assets whether they were based on (1) Confidential Information provided by Plaintiff to Defendants and/or (2) information learned, discovered, developed, conceived, originated, or prepared by Defendants in the scope and course of their relationship with Grill Rescue.

108. Because '449, '544, '333, and '663 Patents disclose inventions conceived by Mr. Mobley and/or Mr. Tranchida as part of their work for Plaintiff and because they previously agreed Plaintiff alone would own those inventions, Plaintiff has an expected ownership right in those patents and is the rightful owner by assignment to those inventions and any related inventions.

109. However, even to the extent any part of the invention was additionally or alternatively conceived of by Defendants Shenzhen Reekoos and Gu's use of information learned, discovered, developed, conceived, originated or prepared as part of Defendants scope and/or course of their relationship with Grill Rescue, that information is also agreed to be owned by Plaintiff. Therefore, Plaintiff again would have had an expected ownership right in the inventions and is the correct owner of the patents and patent applications at issue and any related inventions.

110. The Unauthorized Patent Assets were all filed without Plaintiff's knowledge or authorization.

111. The Unauthorized Patent Assets all list one or more Defendants as the applicant and at least Defendant Gu as the inventor.

112. Defendants Shenzhen Reekoos and Gu had no independent right to the inventions disclosed and/or claimed in the Unauthorized Patent Assets and obtained the information underlying such inventions solely through Plaintiff's disclosure of its Confidential Information and trade secrets pursuant to the NDA.

113. Plaintiff is the rightful owner of the Unauthorized Patent Assets.

114. Defendant Gu acknowledged Plaintiff's rightful ownership of the inventions, at least by agreeing to assign the '183 Application to Plaintiff, but Defendants Shenzhen Reekoos and Gu have refused to execute the necessary assignment documents.

115. Instead, Defendants Shenzhen Reekoos and Gu assigned Plaintiff's patent assets to Defendant Frost Buddy.

116. Defendant Frost Buddy acquired its interest in the Unauthorized Patent Assets through Defendants Shenzhen Reekoos' and Gu's misappropriation of Plaintiff's Confidential Information and trade secrets, and knew or had reason to know that such information was obtained by improper means in breach of the NDA.

117. The stated inventorship listed on the Unauthorized Patent Assets is incorrect at least because it does not include the rightful, true, and actual inventors, Scott Mobley and Anthony Tranchida.

118. Upon information and belief, but for the misappropriation of Plaintiff's Confidential Information, none of the above-mentioned applications, or their related continuations,

could have been filed.

119. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgment that it is the true and rightful owner of the Unauthorized Patent Assets, that Defendants' inventorship and ownership designations on the patents are incorrect, and that Defendants procured the Unauthorized Patent Assets through the misappropriation of Plaintiff's Confidential Information and trade secrets.

120. Plaintiff is further entitled to an order directing the United States Patent and Trademark Office to correct the inventorship for each of the Unauthorized Patent Assets to reflect the true and correct inventors, including to at least include Scott Mobley and Anthony Tranchida as inventors and/or the right to correct inventorship following the proper transfer of ownership.

121. Plaintiff is further entitled to an order directing Defendants to execute any and all documents necessary to effectuate a transfer of ownership and the correction of inventorship on the Unauthorized Patent Assets, including any and all assignments or other necessary filings.

**COUNT II**
**Breach of Contract**
**(as to Defendants Shenzhen Reekoos and Gu)**

122. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein, including at least Paragraphs 1, 3-5, 7-11, 16–28, 33-47, 49-70, 72-85, 87-88, 94-102, 106-107, 109-115.

123. Plaintiff and Defendant Shenzhen Reekoos, through its employee, agent, and/or representative, Gu, entered into a valid NDA (*see* Exhibit A), which contained various nondisclosure provisions and contractual obligations concerning Plaintiff's Confidential Information that they agreed to be bound by.

124. Defendants Shenzhen Reekoos and Gu shared Plaintiff's Confidential Information

and trade secrets with its direct competitor, Frost Buddy, and used the information for their own personal gain and for the purposes of other third parties, including Defendant Frost Buddy.

125. By and through their wrongful conduct alleged herein, including, but not limited to, using Plaintiff's Confidential Information for their own personal gain, using Plaintiff's Confidential Information in a manner detrimental and inconsistent with Plaintiff's business interests, and using Plaintiff's Confidential Information for their own purposes and the purposes and benefit of other parties, including Frost Buddy, Defendants Shenzhen Reekoos and Gu materially breached, and continue to be in breach of, the duly executed NDA.

126. Defendants Shenzhen Reekoos and Gu expressly agreed that in the event of a breach of the NDA they would indemnify and hold Plaintiff harmless for any damages following their breach of the NDA in any manner.

127. Defendants Shenzhen Reekoos' and Gu's breach of the NDA was done knowingly, willfully, and voluntarily, with the intention to harm Plaintiff's business and for the benefit of themselves and Plaintiff's direct competitor, Frost Buddy, among others.

128. As a result of Defendants Shenzhen Reekoos' and Gu's multiple material breaches of the NDA, Plaintiff has suffered, and will continue to suffer, irreparable harm, in addition to significant money damages, without the relief requested herein.

**<u>COUNT III</u>**
**Violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.**
**(as to all Defendants)**

129. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein, including at least Paragraphs 1-32, 33-47, 49-102, 106-107.

130. Plaintiff's Confidential Information including, but not limited to, its business processes, strategies, technical data, designs, plans, drawings, and other technical data, is highly

confidential.

131. Plaintiff's Confidential Information described herein derives independent economic value from not being generally known to the public and from not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

132. Plaintiff undertakes reasonable measures to keep its Confidential Information secret, including by requiring its component manufacturers and business partners to enter into NDAs, among other measures, prior to its sharing or disclosing of any of its Confidential Information in the scope and course of its business relationships with any third parties.

133. By maintaining possession of, using, disclosing, disseminating, and distributing Plaintiff's Confidential Information, Defendants have unlawfully misappropriated Plaintiff's trade secrets and have done so willfully, with malice, and with the intent to profit from Plaintiff's Confidential Information and to harm Plaintiff's business.

134. Defendants knew or should have known that Plaintiff's Confidential Information constituted trade secrets prior to its use, disclosure, dissemination, and distribution.

135. Defendants knew or had reason to know that their knowledge of Plaintiff's trade secrets was derived from a person who had used improper means to acquire it and/or derived from a person who owed a duty to Plaintiff to maintain the secrecy or limit the use of Plaintiff's trade secrets.

136. Defendants Shenzhen Reekoos and Gu acquired knowledge of Plaintiff's trade secrets under circumstances giving rise to a duty to maintain the secrecy of Plaintiff's trade secrets or limit the use of Plaintiff's trade secrets, as evidenced by their execution of the NDA.

137. Defendants Shenzhen Reekoos and Gu knew or should have known that they were

not authorized to maintain, use, disclose, disseminate, or distribute any of Plaintiff's Confidential Information and trade secrets for their benefit or the benefit of any other parties after and during the scope and course of its relationship with Plaintiff.

138. Defendant Frost Buddy knew or should have known that it was not authorized to maintain, possess, use, disclose, disseminate, and/or distribute any of Plaintiff's Confidential Information and trade secrets or obtain access or use of the same through Defendants Shenzhen Reekoos and Gu, and that such information was derived from a person who had utilized improper means to acquire it and/or was derived from a person who had a duty to Plaintiff to maintain its secrecy.

139. Defendants' misappropriation of Plaintiff's Confidential Information and trade secrets constitute transgressions of an ongoing nature for which Plaintiff has no adequate remedy at law, and unless Defendants are enjoined, Plaintiff will suffer, and continue to suffer, irreparable injury as a direct result of the unlawful conduct by Defendants.

140. As a result of the foregoing, Plaintiff has suffered, and will continue to suffer, irreparable injury, in addition to significant money damages, without the relief requested herein.

**COUNT IV**
**Violations of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.***
**(as to all Defendants)**

141. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein, including at least Paragraphs 1-32, 33-47, 49-102, 106-107.

142. Plaintiff's Confidential Information including, but not limited to, its business processes, strategies, technical data, designs, plans, drawings, and other technical data, is highly confidential.

143. Plaintiff's Confidential Information described herein derives independent

economic value from not being generally known to the public and from not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

144. Plaintiff undertakes reasonable measures to keep its Confidential Information secret, including by requiring its component manufacturers and business partners to enter into NDAs prior to its sharing or disclosing of any of its Confidential Information in the scope and course of its business relationships with any third parties.

145. By maintaining possession of, using, disclosing, disseminating, and distributing Plaintiff's Confidential Information, Defendants have unlawfully misappropriated Plaintiff's trade secrets and have done so willfully, with malice, and with the intent to harm Plaintiff's business.

146. Defendants knew or should have known that Plaintiff's Confidential Information constituted trade secrets prior to its use, disclosure, dissemination, and distribution.

147. Defendants knew or had reason to know that their knowledge of Plaintiff's trade secrets was derived from a person who had used improper means to acquire it and/or derived from a person who owed a duty to Plaintiff to maintain the secrecy or limit the use of Plaintiff's trade secrets.

148. Defendants Shenzhen Reekoos and Gu unquestionably acquired knowledge of Plaintiff's trade secrets under circumstances giving rise to a duty to maintain the secrecy of Plaintiff's trade secrets or limit the use of Plaintiff's trade secrets, as evidenced by their execution of the NDA.

149. Defendant Frost Buddy knew or should have known that it was not authorized to maintain, possess, use, disclose, disseminate, and/or distribute any of Plaintiff's Confidential Information and trade secrets or obtain access or use of the same through Defendants Shenzhen

Reekoos and Gu, and such information was derived from a person who had utilized improper means to acquire it and/or was derived from a person who had a duty to Plaintiff to maintain its secrecy.

150. Defendants' misappropriation of Plaintiff's Confidential Information and trade secrets constitute transgressions of an ongoing nature for which Plaintiff has no adequate remedy at law, and unless Defendants are enjoined, Plaintiff will suffer, and continue to suffer, irreparable injury as a direct result of the unlawful conduct by Defendants.

151. As a result of the foregoing, Plaintiff has suffered, and will continue to suffer, irreparable injury, in addition to significant money damages, without the relief requested herein.

**COUNT V**
**Tortious Interference with Business Relations**
**(as to all Defendants)**

152. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein, including at least Paragraphs 1-47, 49-102.

153. Defendants are aware of the business relationships between Plaintiff and its customers and prospective customers.

154. Plaintiff has specific, identifiable business relationships with retailers and distribution channels for its Beer Buddy, Tumbler Buddy, and other products, including its direct-to-consumer sales channel through its website and its sales through online marketplaces such as Amazon, through which Plaintiff has developed an established customer base and sales history for its products.

155. Frost Buddy's interference with Plaintiff's business relationships is independent of, and separate from, Defendants' misappropriation of Plaintiff's Confidential Information and trade secrets. Specifically, Frost Buddy's manufacture, marketing, and sale of its competing Universal

Buddy and Universal XL products directly to Plaintiff's existing and prospective customers through the same online marketplaces and channels used by Plaintiff, using product designs and features derived from Plaintiff's Confidential Information and trade secrets, caused those customers to purchase Frost Buddy's competing products instead of Plaintiff's products, thereby disrupting Plaintiff's actual and identifiable business relationships and diverting sales and revenue away from Plaintiff to Frost Buddy.

156. Defendants used Plaintiff's Confidential Information for competing products and customers that drove business to Defendants and away from Plaintiff.

157. Defendants intentionally, and without justification, interfered with Plaintiff's business relationships and caused Plaintiff to suffer irreparable harm and significant financial damages.

158. Defendants knowingly and intentionally interfered with Plaintiff's reasonable expectation of economic benefit or advantage arising from its existing relationships with its customers, prospective customers, vendors, suppliers, manufacturers, and/or other business relationships.

159. Defendants by their wrongful conduct have knowingly, intentionally, and maliciously interfered with Plaintiff's prospective economic advantage and business relationships, including, but not limited to, by siphoning or attempting to siphon away Plaintiff's customers, prospective customers, business, and Confidential Information for their own benefit.

160. Plaintiff reasonably anticipated certain economic benefits from its relationships with its customers, prospective customers, vendors, suppliers, manufacturers, and/or other business relationships, and its position of offering an innovative product in the market without Defendants' unlawful competition and use and disclosure of its Confidential Information and trade

secrets for their benefit and the benefit of other parties. In the absence of Defendants' wrongful conduct, Plaintiff would have derived those economic benefits.

161. Defendants' misconduct was intentional and without legal justification or excuse.

162. The interference by Defendants constitutes transgressions of an ongoing nature for which Plaintiff has no adequate remedy at law, and unless they are enjoined, Plaintiff will suffer, and continue to suffer, irreparable injury and substantial damages as a direct and proximate result of Defendants' conduct.

**COUNT VI**
**Unjust Enrichment**
**(as to all Defendants)**

163. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein, including at least Paragraphs 1-32, 33-47, 48, 49-102, 104-121.

164. Defendants have been unjustly enriched at the expense of Plaintiff through their wrongful conduct, including but not limited to, the misappropriation of Plaintiff's Confidential Information and trade secrets for their benefit to Plaintiff's detriment.

165. Plaintiff conferred a benefit upon Defendants in the provision of its Confidential Information and trade secrets, which Defendants had knowledge of, and Defendants retained and unlawfully utilized and disclosed the information under circumstances such that it would be inequitable for Defendants to retain the benefit without paying fair value for it.

166. Defendants' actions were intended to, and did, suppress lawful competition, disrupt Plaintiff's business operations, and interfere with Plaintiff's ability to market and sell its products free from Defendants' unlawful competition given the misappropriation and use of Plaintiff's Confidential Information and trade secrets.

167. As a direct and proximate result of Defendants' conduct, Defendants have received and retained benefits to which they are not legally entitled, including, but not limited to, (i) the issuance of patents and patent assets for which Plaintiff is the rightful owner, (ii) allowing Defendants to maintain and increase their own sales, market share, and pricing power, to Plaintiff's unjustifiable detriment including, but not limited to, Plaintiff's accompanying decrease in sales, (iii) the preservation and enhancement of Defendants' commercial relationships and reputation at the expense of Plaintiff's business and goodwill, and (iv) the unauthorized possession and maintenance of Plaintiff's Confidential Information and trade secrets developed at Plaintiff's great effort and expense without having paid Plaintiff any compensation for the same.

168. Defendants' retention of these benefits is unjust and inequitable because they were obtained through wrongful means, including the misappropriation of Plaintiff's Confidential Information and trade secrets and the intentional interference with Plaintiff's business relationships and commercial opportunities.

169. Defendants appreciated, accepted, and retained these benefits under circumstances that make it inequitable for Defendants to retain them without compensating Plaintiff.

170. As a result, Plaintiff is entitled to recover from Defendants the value of the benefits unjustly retained by Defendants, including, but not limited to, the profits Defendants obtained as a result of their use and misappropriation of Plaintiff's Confidential Information, including the creation and sale of competing products derived from such information, the value of lost sales and market share, and any other relief the Court deems just and proper.

**COUNT VII**
**Conversion**
**(as to all Defendants)**

171. Plaintiff repeats and realleges each and every allegation contained in the foregoing

paragraphs as if fully set forth herein, including at least Paragraphs 1-32, 33-47, 49-102.

172. At all times, Plaintiff had a property interest and was the rightful owner of its Confidential Information, trade secrets, proprietary product designs, technical data, specifications, drawings, plans, and other proprietary business information, including the intellectual property and inventions embodied in the Unauthorized Patent Assets, which Plaintiff developed at great effort and expense.

173. In addition to Plaintiff's Confidential Information and trade secrets, Plaintiff also had a property interest in, and was the rightful owner of, tangible manufacturing molds, physical prototypes, drawings and specifications that Plaintiff provided to, or that were developed for Plaintiff's exclusive use by, Defendants Gu and Shenzhen Reekoos in connection with the manufacture of Plaintiff's Beer Buddy and Tumbler Buddy products. Upon termination of the parties' relationship, Shenzhen Reekoos was required under Article VII of the NDA to immediately deliver to Plaintiff all such property, but, upon information and belief, Shenzhen Reekoos and Gu have wrongfully retained possession of Plaintiff's manufacturing molds, physical prototypes, drawings and specifications, thereby wrongfully exercising dominion and control over Plaintiff's tangible personal property independent of any alleged misappropriation of Plaintiff's Confidential Information or trade secrets. *See* **Exhibit A**.

174. Plaintiff had a right to possess, use, and control its misappropriated property, free from interference by Defendants or any other parties.

175. Defendants Shenzhen Reekoos and Gu wrongfully exercised dominion and control over Plaintiff's property in a manner inconsistent with Plaintiff's rights by, among other things: (i) using Plaintiff's Confidential Information and trade secrets to file patent applications in their own names without Plaintiff's knowledge or authorization; (ii) applying for and obtaining the

Unauthorized Patent Assets based on Plaintiff's proprietary product designs and inventions; (iii) refusing to assign the patent to Plaintiff despite agreeing to do so; (iv) causing a Certificate of Correction to be issued adding Frost Buddy's co-founders as named inventors on Plaintiff's patent; and (v) disclosing Plaintiff's Confidential Information and trade secrets to Plaintiff's competitors, including Defendant Frost Buddy, for their own personal gain and the benefit of third parties.

176. Defendant Frost Buddy wrongfully exercised dominion and control over Plaintiff's property in a manner inconsistent with Plaintiff's rights by, among other things: (i) knowingly receiving, possessing, using, and exploiting Plaintiff's Confidential Information and trade secrets obtained through Defendants Shenzhen Reekoos and Gu in breach of the NDA; (ii) participating in the correction of the '449 Patent to add its co-founders, Brock Mammoser and Mitch Mammoser, as named inventors on a patent derived from Plaintiff's proprietary information; (iii) applying for and obtaining the '544, '333, and '663 Patents, based on Plaintiff's Confidential Information, proprietary product designs and inventions; and (iv) manufacturing and selling competing products derived from Plaintiff's misappropriated Confidential Information and trade secrets.

177. Defendants' exercise of dominion and control over Plaintiff's property was unauthorized, without Plaintiff's consent, and in direct contravention of Plaintiff's ownership and possessory rights.

178. Defendants acted willfully, knowingly, and intentionally in converting Plaintiff's property for their own benefit and to the detriment of Plaintiff.

179. As a direct and proximate result of Defendants' conversion, Plaintiff has been deprived of its rights to possess, use, and benefit from its property, and has suffered, and will continue to suffer, significant monetary damages, including, but not limited to, the loss of the value

of its Confidential Information, trade secrets, and patent rights, lost profits, lost sales, and loss of competitive advantage.

180. Plaintiff is entitled to recover damages from Defendants for the full value of the misappropriated property at the time of conversion, or in the alternative, the return of all misappropriated property, together with any and all damages sustained as a result of Defendants' wrongful conduct.

181. The conversion by Defendants constitutes transgressions of an ongoing nature for which Plaintiff has no adequate remedy at law, and unless they are enjoined, Plaintiff will suffer, and continue to suffer, irreparable injury and substantial damages as a direct and proximate result of Defendants' conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and grant the following relief:

a. Finding that Scott Mobley and Anthony Tranchida should be listed as named inventors on U.S. Patent Nos. 11,844,449, 11,697,544, 12,054,333, and 12,583,663 and all related patent applications or patents (the "Inventions-at-Issue");

b. Finding that Defendants Shenzhen Reekoos' and Gu's conduct constitutes a breach of the duly executed NDA;

c. Finding that Defendants' conduct constitutes violations of the DTSA, 18 U.S.C. § 1836, *et seq*.;

d. Finding that Defendants' conduct violates the FUTSA, Fla. Stat. § 688.001, *et seq.*;

e. Finding that Defendants' conduct tortiously interferes with Plaintiff's business relations and prospective economic advantage;

f. Finding that Defendants' conduct constitutes unjust enrichment;

g. Finding that Defendants converted Plaintiff's property rights, including its proprietary product designs, technical data, specifications, drawings, plans, and other proprietary business information;

h. Awarding Plaintiff actual damages at an amount to be determined at trial;

i. Awarding Plaintiff the disgorgement of Defendants' profits relating to Defendants' unlawful conduct in an amount to be determined at trial;

j. Awarding Plaintiff punitive damages against Defendants in an amount to be determined at trial;

k. Awarding Plaintiff all other available damages, including compensatory damages, consequential damages, lost profits and business opportunities, and all other economic damages, at an amount to be determined;

l. Awarding Plaintiff all reasonable attorneys' fees and costs incurred as a result of Defendants' unlawful conduct, Defendant Shenzhen Reekoos' and Gu's breach of the NDA, and in the bringing of and prosecuting this action;

m. Awarding Plaintiff with pre- and post-judgment interest at the maximum rate allowed by law;

n. Finding that Defendants have no ownership, authority, control, rights, title, and/or interest in the Inventions-at-Issue and may exercise no rights in, or utilize in any way, such applications or patents;

o. Finding that Plaintiff is the sole owner and has all right, title, and interest to the Inventions-at-Issue, as well as any application that has or will be filed that claims priority thereto;

p. Ordering Defendants to assign U.S. Patent No. 11,844,449 to Plaintiff as its rightful

owner, and requiring Defendants to execute any and all documents necessary to effectuate such assignment;

q. Ordering Defendants to assign U.S. Patent No. 11,697,544 to Plaintiff as its rightful owner, and requiring Defendants to execute any and all documents necessary to effectuate such assignment;

r. Ordering Defendants to assign U.S. Patent No. 12,054,333 to Plaintiff as its rightful owner, and requiring Defendants to execute any and all documents necessary to effectuate such assignment;

s. Ordering Defendants to assign U.S. Patent No. 12,583,663 to Plaintiff as its rightful owner, and requiring Defendants to execute any and all documents necessary to effectuate such assignment;

t. Ordering Defendants to assign foreign patent CN215708687U to Plaintiff as its rightful owner, and requiring Defendants to execute any and all documents necessary to effectuate such assignment;

u. Ordering Defendants to assign to Plaintiff, as the rightful owner, all applications and patents claiming priority to U.S. Patent Application 17/335,183, U.S. Patent Application 17/514,310, and International Patent Application PCT/US21/59613, including but not limited to U.S. Patent Nos. 11,844,449, 11,697,544, 12,054,333, and 12,583,663, and requiring Defendants to execute any and all documents necessary to effectuate such assignment;

v. Ordering that the inventorship on each of the Unauthorized Patent Assets be corrected pursuant to 35 U.S.C. § 256, thereby naming at least Scott Mobley and Anthony Tranchida as the inventors, and requiring Defendants to execute any and all documents necessary to effectuate such correction and assignment;

w. Permanently enjoining and restraining Defendants, and their predecessors, successors, subsidiaries, divisions, joint ventures, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and/or those acting in privity or concert with them or on their behalf, from:

i. Utilizing, disclosing, distributing, or disseminating any of Plaintiff's trade secret, confidential, or proprietary information;

ii. Interfering with, disrupting, or attempting to disrupt any business relationships, contractual or otherwise, between Plaintiff and its current, prospective or former customers and business partners, suppliers, vendors, and manufacturers;

x. Ordering Defendants, and anyone acting in concert with them, to immediately provide a list of all persons and entities to whom Defendants disclosed or disseminated any of Plaintiff's Confidential Information or trade secrets;

y. Ordering Defendants, and anyone acting in concert with them, to immediately return any and all property of Plaintiff, including, but not limited to, Plaintiff's Confidential Information, trade secrets, or other proprietary business information, all manufacturing molds (or a refund of the mold value paid), any design documents and information, and any other information or documents that comprise or in any way derive from Plaintiff's Confidential Information, trade secrets, or other proprietary business information, in their possession, custody, or control, regardless of the form or medium contained or stored in, and certify to such return;

z. Ordering Defendants to provide an accounting of all revenues, profits, and other consideration received by them in connection with the sale of any products created or derived from Plaintiff's misappropriated Confidential Information and trade secrets; and

aa. Granting such other and further relief as the Court deems just and equitable.

Dated: July 30, 2026

FOX ROTHSCHILD LLP

*/s/ Adam Wolek*

Adam Wolek (Fla. Bar No. 1033265)
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Phone: (561) 835-9600
Fax: (561) 835-9602
awolek@foxrothschild.com

*Attorneys for Plaintiff*
*Grill Rescue LLC d/b/a Rescue LLC*

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| GRILL RESCUE LLC d/b/a RESCUE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN REEKOOS HOUSEWARE CO. LTD; WEILIANG GU; and FROST BUDDY LLC<br><br>Defendants. | ) | Case No. 9:26-cv-80481-DMM<br><br>**DEMAND FOR JURY TRIAL** |

## VERIFICATION TO FIRST AMENDED COMPLAINT

I, Scott Mobley, of full age, hereby verify as follows:

1. I am the Co-Founder and Chief Operating Officer of Grill Rescue LLC d/b/a Rescue LLC.

2. The foregoing Verified First Amended Complaint is true to my own knowledge and investigation, except as to those matters therein stated on information and belief, as to those matters, I believe them to be true.

3. I certify under penalty of perjury that the foregoing is true and correct. Executed on this 30th day of July, 2026.

DocuSigned by:
SCOTT MOBLEY
0E4A7E1CCD3D4E9...
Scott Mobley

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| GRILL RESCUE LLC d/b/a RESCUE LLC, | ) | |
| Plaintiff, | ) | Case No. 9:26-cv-80481-DMM |
| v. | ) | |
| SHENZHEN REEKOOS HOUSEWARE CO. LTD; WEILIANG GU; and FROST BUDDY LLC | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

By: *<u>/s/Adam Wolek</u>*
Adam Wolek