**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| GRILL RESCUE LLC d/b/a Rescue LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN REEKOOS HOUSEWARE CO. LTD., WEILIANG GU; and FROST BUDDY LLC,<br><br>Defendants. | Court File No. 9:26-cv-80481-DMM<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff Grill Rescue LLC d/b/a Rescue LLC ("Grill Rescue") and Defendant Frost Buddy LLC ("Frost Buddy") hereby submit this Conference Report. Pursuant to the Court's Pretrial Scheduling Order (Dkt. 28) and Fed. R. Civ. P. 26(f), counsel for Grill Rescue and Frost Buddy met and conferred on July 23, 2026, and subsequently further discussed the topics outlined in this Report. Defendants Shenzhen Reekoos Houseware Co. Ltd ("Reekoos") and Weiliang Gu a/k/a George Gu ("Gu") have not yet been served in this case and therefore have not participated in this Report.

**<u>DESCRIPTION OF CASE</u>**

**Plaintiff's Statement:** Plaintiff Grill Rescue LLC d/b/a Rescue LLC ("Grill Rescue") is a Florida limited liability company engaged in the business of designing, manufacturing, marketing, and selling innovative consumer products in the outdoor industry space, including its Beer Buddy and Tumbler Buddy products. Grill Rescue brings claims for declaratory judgment of patent ownership and/or inventorship, breach of

contract, violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., violations of the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688.001, et seq., tortious interference with business relations, unjust enrichment, and conversion against Defendants Reekoos, Gu, and Frost Buddy. Grill Rescue alleges that Defendants Reekoos and Gu breached a Non-Disclosure Agreement ("NDA") executed on May 15, 2020, by misappropriating Grill Rescue's confidential information and trade secrets, including product designs, technical data, specifications, drawings, plans, and other proprietary business information relating to its Beer Buddy and Tumbler Buddy products. Grill Rescue further alleges that Defendants Reekoos and Gu, without authorization, applied for and obtained patents based on Grill Rescue's confidential information, including U.S. Patent Nos. 11,844,449, 11,697,544, 12,054,333, and 12,583,663, and related applications. Grill Rescue alleges that Defendant Frost Buddy tortiously interfered with Grill Rescue's contractual relationship with Defendants Reekoos and Gu, misappropriated Grill Rescue's confidential information and trade secrets, and that Defendants collectively conspired to add Frost Buddy's co-founders as named inventors on patents derived from Grill Rescue's proprietary information. Grill Rescue seeks injunctive relief, compensatory and punitive damages, disgorgement of Defendants' profits, a declaratory judgment that Grill Rescue is the rightful owner of the patents at issue with correction of inventorship, an order directing Defendants to assign all unauthorized patent assets to Grill Rescue, and all reasonable attorneys' fees and costs.

**Defendant Frost Buddy's Statement:** Defendant Frost Buddy is an Illinois limited liability company founded by two brothers, Mitch and Brock Mammoser. Through digital

marketing and creative product design, Frost Buddy has attracted millions of followers, likes, and views, creating a viral sensation, especially on TikTok, and ultimately making the Frost Buddy universal can cooler one of the top-selling products in its category on Amazon. Frost Buddy has properly obtained multiple patents for its proprietary designs and novel features and denies that it misappropriated any trade secrets or confidential information from Grill Rescue. Frost Buddy was not a party to Grill Rescue's alleged NDA and denies tortiously interfering with any relationship, including particularly any relationship that Frost Buddy did not know about. Frost Buddy denies all liability for Grill Rescue's claims of misappropriation of trade secrets under federal and Florida law, tortious interference, unjust enrichment, and conversion, as well as for any alleged damages, costs, or fees. Frost Buddy further denies any legitimate basis for Grill Rescue's declaratory relief and standing in this case, and maintains that venue in this District is improper as to Frost Buddy, which took no action in this District to warrant the assertion of venue. Frost Buddy intends to move to dismiss the First Amended Complaint and to seek its own fees and costs for Grill Rescue's shotgun pleading and meritless allegations against Frost Buddy. Frost Buddy finally notes that more than 3½ months after filing this action, Grill Rescue has yet to serve the two Defendants (Reekoos and Gu) alleged to have entered into an NDA with Grill Rescue, which breach of contract claim forms the sole basis for Grill Rescue's albeit meritless tort claims against Frost Buddy and underlies the declaratory judgment and injunctive relief requests. If Grill Rescue is unable to timely serve Defendants Reekoos and Gu, Frost Buddy will seek to dismiss under Rule 12 based on this additional ground. Frost Buddy further reserves all defenses available to it, including but

not limited to those relating to jurisdiction and venue, and nothing in this Report or the submission of this Report constitutes a waiver of any such defense.

**A. <u>An estimated valuation of the case from the perspective of Plaintiff and Defendant Frost Buddy</u>.**

**Plaintiff's Position:** Grill Rescue estimates that its damages, including compensatory damages, lost profits, disgorgement of Defendants' profits, and punitive damages, will exceed $50,000,000. Grill Rescue also seeks injunctive relief, including the assignment of the unauthorized patent assets and correction of inventorship, which have significant value beyond the monetary damages claimed.

**Defendant Frost Buddy's Position:** Frost Buddy maintains that Grill Rescue is not entitled to any damages whatsoever and no injunctive relief. Grill Rescue's purported $50,000,000 figure is not tied to any identified factual basis, computation, or methodology and appears to have been selected arbitrarily, as if picked out of thin air. Frost Buddy reserves the right to challenge both the amount and the asserted basis for any damages claimed. Frost Buddy will seek reimbursement of its own attorneys' fees and costs in view of Grill Rescue's meritless claims, which amount remains yet to be determined.

**B. <u>The date for exchanging initial disclosures pursuant to Rule 26(a)(1)</u>.**

Grill Rescue and Frost Buddy propose that they exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within fourteen (14) days of the filing of this Report.

**C. <u>The subjects on which discovery may be needed</u>.**

**Plaintiff's Position:** Grill Rescue anticipates that discovery will be needed on the following subjects: (a) Grill Rescue's product development, confidential information and

trade secrets associated therewith; (b) the business relationship between Grill Rescue and Defendants Reekoos and Gu, including communications regarding product design, manufacturing, and the NDA; (c) the circumstances surrounding the filing of the unauthorized patent applications and issuance of the patents at issue; (d) Defendants' relationships with each other, including communications between Defendants Reekoos, Gu, and Frost Buddy; (e) the development, manufacture, marketing, and sale of Frost Buddy's Universal Buddy and Universal XL products; (f) the source of the designs and confidential information used by Defendants in connection with the patents at issue and Frost Buddy's competing products; (g) Defendants' revenues, profits, and financial records relating to products derived from Grill Rescue's confidential information; and (h) damages, including lost sales, lost market share, and lost profits suffered by Grill Rescue.

**Defendant Frost Buddy's Position:** Frost Buddy anticipates that discovery will be needed on the following subjects: (a) Grill Rescue's communications with Defendants Reekoos and Gu; (b) Grill Rescue's purported confidential information and trade secrets disclosed to Defendants Reekoos and Gu; (c) the nature of Grill Rescue's alleged trade secrets, including Grill Rescue's procedures and practices for maintaining its alleged trade secrets; (d) Grill Rescue's patent applications, prosecution files, and communications with the USPTO; (e) documents relating to the development, manufacture, marketing, and sale of Grill Rescue's Beer Buddy and Tumbler Buddy products; (f) Grill Rescue's marketing efforts and advertising spend for its products; and (g) documents regarding Grill Rescue's financial performance and purported damages.

**D. Whether the Parties can agree to limit discovery on particular issues through stipulation.**

Grill Rescue and Frost Buddy are willing to meet and confer regarding potential stipulations to limit discovery on particular issues, including stipulations regarding the authenticity of documents and uncontested facts. However, given the nature of the claims, Grill Rescue and Frost Buddy do not anticipate that significant limitations on discovery will be appropriate at this stage.

**E. What document discovery is needed.**

**Plaintiff's Position:** Grill Rescue anticipates that document discovery will be needed regarding: (a) the NDA and all communications relating thereto; (b) Grill Rescue's confidential information and trade secrets, including product designs, technical data, specifications, drawings, and plans; (c) Defendants' patent applications, prosecution files, and communications with the USPTO; (d) communications between and among Defendants relating to Grill Rescue's products, confidential information, and the patents at issue; (e) documents relating to the development, manufacture, marketing, and sale of Frost Buddy's Universal Buddy and Universal XL products; (f) Defendants' financial records, including revenues, profits, and sales data; and (g) communications with third parties relating to Grill Rescue's products or confidential information.

**Defendant Frost Buddy's Position:** Frost Buddy anticipates that document discovery will be needed regarding (a) Grill Rescue's communications with each of the Defendants; (b) Grill Rescue's purported confidential information and trade secrets disclosed to Defendants Reekoos and Gu; (c) Grill Rescue's procedures and practices for

maintaining its trade secrets; (d) Grill Rescue's patent applications, prosecution files, and communications with the USPTO; (e) documents relating to the development, manufacture, marketing, and sale of Grill Rescue's Beer Buddy and Tumbler Buddy products; and (f) documents regarding Grill Rescue's financial performance and purported damages.

**F. Whether discovery should be conducted in phases.**

**Plaintiff's Position:** Given the complexity of this case, Grill Rescue proposes that discovery be conducted in two phases: (1) fact discovery, focusing on liability issues including the development of Grill Rescue's products, the parties' business relationship, the circumstances of the alleged misappropriation, and Defendants' conduct; and (2) expert discovery, focusing on damages, patent claim construction (if necessary), and technical issues.

**Defendant Frost Buddy's Position:** The Court has already set dates for disclosure of expert witnesses and the completion of discovery. *See* Dkt. 28, p. 5. Frost Buddy sees no reason to bifurcate or deviate from the Court's schedule.

**G. Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain: (a) the main information and documents sought; (b) the expected costs of e-discovery; and (c) whether alternatives to e-discovery are possible.**

**Plaintiff's Position:** Grill Rescue expects that significant e-discovery will be required in this case. (a) The main information and documents sought include email communications between and among the parties and with third parties, electronic documents relating to product design and development, patent prosecution files, and

electronic business records including financial data. (b) Grill Rescue anticipates that the costs of e-discovery will be significant (likely in the six figures) but proportional to the amount in controversy, which exceeds $50,000,000. Grill Rescue proposes that each party bear its own costs of collection and production. (c) Alternatives to e-discovery are not practical given that the key evidence in this case consists of electronic communications and documents.

**Defendant Frost Buddy's Position:** Frost Buddy anticipates "disclosure, discovery, or preservation of electronically stored information" but does not expect it to be significant. (a) Frost Buddy anticipates that there are a limited number of witnesses from both Grill Rescue and Frost Buddy with ESI relevant to this action, to include email communications between the parties, electronic documents relating to product design and development, patent prosecution files, and certain electronic business records. (b) Frost Buddy does not anticipate that the cost of e-discovery will be significant (less than $150,000) and strongly disputes that the amount in controversy exceeds $50,000,000, which is wildly overstated and unsupported. Frost Buddy proposes that Grill Rescue bear its own costs of collection and production. Frost Buddy reserves the right to seek reimbursement of its own costs of collection and production in view of Grill Rescue's meritless claims and indications of overreaching discovery expectations. (c) Frost Buddy anticipates that there are likely no alternatives to e-discovery in that the limited number of responsive documents in this case are mostly electronic.

**H. <u>What Individual Each Side Intends to Depose</u>.**

**Plaintiff's Position:** Grill Rescue intends to depose the following individuals: (a) Defendant Weiliang Gu a/k/a George Gu; (b) Brock Mammoser, Co-Founder and CEO of Frost Buddy; (c) Mitch Mammoser, Co-Founder and COO of Frost Buddy; (d) a corporate representative of Defendant Shenzhen Reekoos pursuant to Fed. R. Civ. P. 30(b)(6); (e) a corporate representative of Defendant Frost Buddy pursuant to Fed. R. Civ. P. 30(b)(6); and (f) any additional witnesses identified during discovery as having knowledge of relevant facts. Grill Rescue reserves the right to supplement this list as discovery proceeds.

**Defendant Frost Buddy's Position:** Frost Buddy intends to depose the following individuals: (a) Scott Mobley, Co-Founder and COO of Grill Rescue; (b) Anthony Tranchida, Co-Founder and CEO of Grill Rescue; (c) a corporate representative of Grill Rescue pursuant to Fed. R. Civ. P. 30(b)(6); (d) any expert witnesses identified by Grill Rescue; and (e) any additional witnesses identified during discovery as having knowledge of relevant facts. Frost Buddy reserves the right to supplement this list as discovery proceeds.

**I. <u>Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502</u>.**

The parties intend to enter into a Stipulated and Proposed Protective Order simultaneous herewith for approval and entry by the Court to address claims of privilege and/or protection as trial-preparation materials pursuant to Rule 502. The parties are also negotiating a Stipulated Electronically Stored Information Agreement.

**J. What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.**

**Plaintiff's Position:** Given that this case involves foreign defendants, Grill Rescue proposes that the parties be permitted to take depositions by remote means (videoconference) where necessary, and that the standard ten (10) deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i) be increased to fifteen (15) depositions per side to account for the number of parties and witnesses involved.

**Defendant Frost Buddy's Position:** Frost Buddy has no objection to a party seeking to take deposition by remote means (videoconference) where that party so designates. Frost Buddy does not believe that the standard ten (10) deposition limit needs to be changed because there should not be more than ten (10) fact witnesses per side, understanding that expert depositions pursuant to Rule 26 do not apply to the Rule 30 deposition limit. Frost Buddy opposes any increase in the presumptive ten-deposition limit as disproportionate to the needs of the case; to the extent an increase is said to be warranted by the presence of foreign parties, that concern is specific to Defendants Reekoos and Gu and does not justify expanding the limit as to Frost Buddy.

**K. Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

**Plaintiff's Position:** Grill Rescue does not believe that early mediation would be productive given the nature of the claims and Defendants' conduct. However, Grill Rescue would not oppose a settlement conference with a Magistrate Judge after the close of fact discovery, when the parties have had an opportunity to develop the factual record and better assess the merits of their respective positions.

**Defendant Frost Buddy's Position:** Frost Buddy is open to early mediation and/or a settlement conference with a Magistrate Judge prior to the close of discovery, but anticipates that the other two Defendants would need to participate in the litigation and mediation for complete resolution.

Dated: August 7, 2026


/s/ *Adam Wolek*
Adam Wolek (Fla. Bar No. 1033265)
FOX ROTHSCHILD LLP
777 South Flagler Drive, Suite 1700
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602
awolek@foxrothschild.com

*Attorneys for Plaintiff*

/s/ *Aleksey Shtivelman*
Aleksey Shtivelman (Fla. Bar No. 99159)
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Suite 4100
Miami, FL 33133
Telephone: (305) 379-9135
ashtivelman@shutts.com

and

Michael J. Hickey
*Admitted Pro Hac Vice*
Bridget Hoy
*Admitted Pro Hac Vice*
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-7600
mhickey@lewisrice.com
bhoy@lewisrice.com

*Attorneys for Defendant*
*Frost Buddy LLC*

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| GRILL RESCUE LLC d/b/a RESCUE LLC,<br><br>Plaintiff,<br>v.<br><br>SHENZHEN REEKOOS HOUSEWARE CO. LTD; WEILIANG GU; and FROST BUDDY LLC<br><br>Defendants. | ) | Case No. 9:26-cv-80481-DMM |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

A copy of the foregoing has also been served on the following by US mail and by email to the following addresses:

Shenzhen Reekoos Houseware Co., Ltd.
311A, Tianxin Building
No. 63 Cuishan Rd., Luohu District
Shenzhen, Guangdong, China 518019
info@reekoos.com
hu-niannian@hyjinway.com

Weiliang Gu a/k/a George Gu
311A, Tianxin Building
No. 63 Cuishan Rd., Luohu District
Shenzhen, Guangdong, China 518019

and

52 Xin Gang Rd, Xi Shan, Dong Gang
Wuxi 214199, China
george@reekoos.com

By: *\/s/ Adam Wolek*
Adam Wolek