**UNITED STATES DISTRICT COURT FOR THE**
**SOUTERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

GRILL RESCUE LLC
d/b/a RESCUE LLC,

Plaintiff, CASE NO.: 9:26-cv-80481-DMM

v.

SHENZHEN REEKOOS HOUSEWARE CO., LTD., WEILIANG GU and FROST BUDDY LLC
___________________________________/

**DEFENDANTS SHENZEN REEKOOS HOUSEWARE CO. LTD. and WEILIAN GU'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Shenzhen Reekoos Houseware Co. Ltd. ("Reekoos") and Weiliang Gu ("Gu"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(5); (6), hereby move to dismiss Plaintiff Grill Rescue LLC ("Plaintiff")'s First Amended Verified Complaint [D.E. 30] (the "FAC") for improper service of process and failure to state a claim, and in support state as follows:

**SUMMARY OF ARGUMENT**

Plaintiff commenced this action on April 26, 2026. Following co-defendant Frost Buddy LLC's initial motion to dismiss, Plaintiff filed the FAC. Plaintiff's FAC seeks to assert a variety of claims against Reekoos and Gu based chiefly upon a purported breach of a Non-Disclosure Agreement and purported business dealings with co-Defendant Frost Buddy LLC, including breach of contract, misappropriation of trade secrets, and other statutory and state common law causes of action.

Plaintiff's FAC should be dismissed for improper service of process under Fed. R. Civ. P. 12(b)(5). Defendants Reekoos and Gu are Chinese citizens, who must be served in compliance with the Hague Convention, or at least an exception thereto. Plaintiff's service of the FAC by email and LinkedIn does not comply with the Hague Convention, as construed under United States Supreme Court and United Stated Circuit Court precedent. Therefore, the FAC must be dismissed.

Even if this Court determines that Plaintiff effected proper service of the FAC[1], the Court should nevertheless dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants Reekoos and Gu join and incorporate co-Defendant Frost Buddy LLC's motion to dismiss arguments regarding (1) improper combination of allegations against all Defendants resulting in a shotgun pleading, such that the Defendants are incapable of properly rendering a response thereto ([D.E. 39], Section III(A)), (2) Plaintiff's lack of standing to assert a declaratory judgment action ([D.E. 39], Section III(C)), (3) Plaintiff's failure to plead trade secrets with the required specificity ([D.E. 39], Section III(D)), and (4) pre-emption and failure to properly plead Florida state law claims ([D.E. 39], Section III(E)). Defendants Reekoos and Gu also additionally assert that all claims made in the FAC besides Count II for breach of contract are facially barred as a matter of law by the applicable statute of limitations. Therefore, the FAC must be dismissed.

[1] Defendants Reekoos and Gu acknowledge that this Court entered an *ex parte* Order [D.E. 40] allowing service by email in this case, but Defendants respectfully submit that the Order was improvidently issued because the facts presented by the Plaintiff movant did not satisfy the narrow exception pursuant to which some Courts have allowed email service in China. Plaintiff's prior attempts to effect service via mail or via email without prior permission of the Court were improper; Plaintiff failed to attempt any proper service via the Hague Convention.

## MEMORANDUM OF LAW

### I. The FAC should be dismissed for improper service of process under Fed. R. Civ. P. 12(b)(5) and the Hague Convention.

Defendants Reekoos and Gu are Chinese citizens. The United States and China are both signatories to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), which therefore governs service on Chinese nationals. Pursuant to Fed. R. Civ. P. 4(f)(3), a party may only deviate from the Hague Convention and use an alternative method of service if the party obtains the permission of the Court and an international agreement does not otherwise prohibit the requested method. *Cayago Tec GmbH v. iAQUA (Hong Kong) Ltd.*, 664 F. Supp. 3d 1361, 1363 (S.D. Fla. 2023).

China, for its part, a has formally objected to Article 10(a) of the Hague Convention enumerated service channels.[2] While several courts in the Southern District Court of Florida have determined that alternative email service on Chinese individuals or entities is nevertheless appropriate under certain circumstances (*see* Order Granting In Part Plaintiff's Motion For Alternative Service Of Process [D.E. 40] collecting cases), other District Courts within the Eleventh Circuit have expressly concluded the opposite. *Night Owl SP, LLC v. Dongguan Auhua Elecs. Co., Ltd.*, No. 2019-CV-109FTM38UAM, 2019 WL 5084162, at *1 (M.D. Fla. Mar. 15, 2019). The Eleventh Circuit has yet to consider the District Court's disagreements, but the Supreme Court of the United States has held that "compliance with the Convention is *mandatory* in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (emphasis added)).

---

[2]https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resdn (last visited Sep. 9, 2026).

The Seventh and Second Circuits have considered the question, and under the guidance of *Schlunk*, concluded that email service is inappropriate. See e.g. *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.,*177 F. 4th 793, 801 (7th Cir. 2026); *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F. 4th 164, 172 (2d Cir. 2025). Under the strict construction of the Hague Convention ordered by the United States Supreme Court, and the subsequent interpretations made by the Seventh and Second United States Circuit Courts, Plaintiff's service of process by email is improper. Therefore, the FAC should be dismissed under Fed. R. Civ. P. 12(b)(5).

II. <u>The FAC should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) as asserted by co-Defendant Frost Buddy LLC, and in light of the applicable statutes of limitations.</u>

To survive a Rule 12(b)(6) motion to dismiss, the allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). As mentioned *supra*, Defendants Reekoos and Gu join and incorporate co-Defendant Frost Buddy's arguments regarding (1) improper combination of allegations against all Defendants resulting in a shotgun pleading, such that the Defendants are incapable of properly rendering a response thereto ([D.E. 39], Section III(A)), (2) Plaintiff's lack of standing to assert a declaratory judgment action ([D.E. 39], Section III(C)), (3) Plaintiff's failure to identify its trade secrets with the required specificity ([D.E. 39], Section III(D)), and (4) pre-emption and failure to properly plead Florida state law claims ([D.E. 39], Section III(E)).

Defendants Reekoos and Gu additionally assert that every claim besides Count II for breach of contract in the FAC is facially time-barred under applicable statutes of limitations and therefore must be dismissed. A limitations defense may be resolved on a motion to dismiss where the

complaint's own allegations establish the defense on its face. *La Grasta v. First Union Sec., Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004). A court may consider a document attached to a motion to dismiss "… if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2002)). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement…" *Taylor*, 400 F. 3d at 1276. Moreover, "'[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.... Public records are among the permissible facts that a district court may consider." *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, No. 9:17-CV-80476, 2018 WL 1138304, at *3 n. 3 (S.D. Fla. Mar. 2, 2018) (holding that USPTO records are public records that may be considered on a motion to dismiss) (internal citations omitted).

Plaintiffs' statutory claims under Counts III (under the Defend Trade Secrets Act, the "DTSA") and IV (under the Florida Uniform Trade Secrets Act) are subject to a three-year limitations period. 18 U.S.C. § 1836(d); Fla. Stat. § 688.007. Plaintiff's declaratory judgment count (Count I) and Florida common law claims (Counts V, VI, VII) are subject to a four-year limitations period. Fla. Stat. §§ 95.11(3), 95.031(1). Importantly, in construing a misappropriation claim under the DTSA, the Federal Circuit held that the date of accrual is the date of the initial misappropriation, and that the statute of limitations begins to run when Plaintiff knew or should have known it had sufficient evidence to state a claim for misappropriation. *Insulet Corp. v. EOFlow, Co. Ltd.*, 176 F. 4th 1347, 1356–57 (Fed. Cir. 2026) (also finding that all 'continuing'

misappropriations are in fact simply one misappropriation dating back to the original misappropriation).

Here, Plaintiff commenced this action on April 26, 2026. Plaintiff's FAC alleges that "On June 1, 2021, just over a year after the execution of the NDA, Shenzhen Reekoos filed a patent application for a "Multi-Function Fixing Kit," U.S. Patent Application No.: 7/335,183 (herein the "183 Application")." [D.E. 30], ¶ 51. However, Plaintiff contends it did not discover the alleged breach/misappropriation until "late April/early May 2023, … when [Plaintiff] sought to file its own patents related to a multifunctioning beverage cooler." [D.E. 30], ¶ 56.

Plaintiff's allegation makes reference to Application No. 17/825,794. Within the United States Patent and Trademark Office ("USPTO")'s publicly available documents relating to the Application, the USPTO notified Plaintiff regarding the existence of prior art on March 17, 2023 in an office action. Most significantly, the prior art cited by the Patent office was precisely a Gu et al. patent involving the same subject matter. See Composite Exhibit "A" (the excerpt from the USPTO file wrapper).

Further, "[c]ourts have recognized that the publicly noticed filing of patent protection may constitute constructive knowledge for purposes of discovering a claim based on the misappropriation of trade secrets and commencing the statute of limitations. *Informatics Applications Group, Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 421 (E.D. Va. 2011) (citing *Adv. Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 182 Fed. Appx. 994, 999–1000 (Fed. Cir. 2006)). Therefore, Plaintiff should be charged with constructive knowledge dating back to June 1, 2021, the date of the filing of the "'183 Application." As a result, all of Plaintiff's claims (with the exception of Count II for breach of contract which is governed by a five-year statute) are facially time-barred by the applicable statute of limitations, and should be dismissed from the FAC.

WHEREFORE, Defendants SHENZEN REEKOOS HOUSEWARE CO. LTD. and WEILIAN GU respectfully request that Plaintiff's First Amended Complaint [D.E. 30] be dismissed.

Dated: September 9, 2026

Respectfully submitted,

By: /s/ Jose I. Rojas
Jose I. Rojas
Florida Bar No.: 331546
E-mail: jrojas@rojaslawfirm.com
Alexander F. Rojas
Florida Bar No.: 124232
E-mail: arojas@rojaslawfirm.com
**ROJASLAW**
201 South Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel.: (305) 446-4000

*Attorneys for Shenzhen Reekoos Houseware Co., Ltd and Weiliang Gu*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send a notice of such filing to all parties of record.

By: /s/ Jose I. Rojas
Jose I. Rojas