UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:26-cv-80481-DMM

GRILL RESCUE LLC d/b/a RESCUE LLC,

Plaintiff,

v.

SHENZHEN REEKOOS HOUSEWARE CO. LTD, et al.,

Defendants.
_______________________________________/

**DEFENDANT FROST BUDDY LLC'S OPPOSITION TO PLAINTIFF GRILL RESCUE LLC'S EXPEDITED MOTION TO AMEND CASE SCHEDULE AND INCORPORATED MEMORANDUM OF LAW**

Defendant Frost Buddy LLC ("Frost Buddy"), by and through undersigned counsel, respectfully files this Opposition to Plaintiff Grill Rescue LLC's Expedited Motion to Amend Case Schedule (the "Expedited Motion").

Plaintiff Grill Rescue LLC ("Grill Rescue") waited nearly five months to prosecute the case it chose to file, and then – two days before its own expert reports were due –demanded that every other party absorb the cost of that delay. That is not good cause, and it comes nowhere near the "compelling circumstances" the Court's Scheduling Order requires. Every fact Grill Rescue now recasts as an emergency has been known to it since it filed suit, or at the very latest since the Court held its scheduling conference and entered its Scheduling Order on July 23, 2026. A movant's self-inflicted lack of diligence is the opposite of the showing Rule 16(b)(4) demands.

Frost Buddy therefore opposes the Motion and respectfully requests that the Court maintain the schedule it entered and that Frost Buddy has planned for and followed.[1]

## I. BACKGROUND

Grill Rescue filed its initial Complaint on April 26, 2026. Dkt. 1. On July 13, 2026, the Court set trial for the two-week trial period commencing February 22, 2027. Dkt. 23. In its Order, the Court specifically called out that "**any request to modify the above-set trial date must be made prior to the Scheduling Conference**" and that "**[t]he foregoing does not preclude consideration of a prompt motion to modify the trial date for good cause shown by a party joined in the litigation after the Scheduling Conference has occurred.**" Dkt. 23 at 3 (emphasis in original). Even though it had not yet successfully served the other two co-Defendants in the case, Grill Rescue made no request to modify the trial date prior to the Scheduling Conference.

[1] Frost Buddy is prepared to meet the current schedule, including the February 22, 2027 trial setting. Frost Buddy states this without waiving, and expressly reserves, its pending challenges to venue, standing, and the shotgun pleadings in this case. *See* Dkt. 39, 43.

The Court subsequently conducted a scheduling conference and entered its Scheduling Order on July 23, 2026. *See* Dkt. 27, 28. That Order reiterated the trial date and stated that "[i]t is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause" and that "[t]he parties shall adhere to the following schedule, which shall not be modified absent compelling circumstances." Dkt. 28 at 4. During the Scheduling Conference, the parties and the Court noted that two co-Defendants had still not been successfully served, a fact again reiterated in the Joint Rule 26 Report filed two weeks later. Dkt. 34 at 3 ("Frost Buddy finally notes that more than 3½ months after filing this action, Grill Rescue has yet to serve the two Defendants (Reekoos and Gu) alleged to have entered into an NDA with Grill Rescue, which breach of contract claim forms the sole basis for Grill Rescue's albeit meritless tort claims against Frost Buddy and underlies the declaratory judgment and injunctive relief requests.").

However, it was not until last week that Grill Rescue ever asked Frost Buddy (or the Court) to extend ***any*** deadlines in this case. On September 15, 2026, just two days before its expert disclosures and reports were due, Grill Rescue contacted Defendants' counsel seeking the parties' consent to extend expert disclosures for both sides ***by two weeks***. *See* Email from Adam Wolek, counsel for Grill Rescue, to counsel of record, dated Sept. 15, 2026, attached hereto as **Exhibit 1**. This proposal would have extended Grill Rescue's expert disclosure and report deadline from September 17, 2026, to October 1, 2026. The email stated Grill Rescue's singular reasoning: "In light of the fact that parties have not yet served discovery responses, we propose extending the expert disclosure deadlines ***by two weeks***. Please let us know whether you agree to this modification." (emphasis added). Exhibit 1. The email provided no other explanation or justification for the proposed modification of the expert disclosure schedule. *See id.*

Counsel for Frost Buddy responded later that day, asking Grill Rescue to identify the "compelling circumstances" required to modify the pretrial schedule. *See* Email from Michael Hickey, counsel for Frost Buddy, to counsel of record, dated Sept. 15, 2026, attached hereto as **Exhibit 2**. Frost Buddy specifically noted that Grill Rescue had not served interrogatories on Frost Buddy until September 1st, just 16 days before Plaintiff's expert disclosure deadline, and had not served document requests on Frost Buddy until September 9th, just 8 days before Plaintiff's expert disclosure deadline. *See id.* As such, Frost Buddy was not required to respond until October 1st for the interrogatories and October 9th for the document requests. *See id.* Counsel for Frost Buddy noted that, "even under Plaintiff's proposed two-week extension to October 1st for Plaintiff's expert disclosures, that would not provide Plaintiff's expert(s) with time to review these responses" and that "[b]y contrast, Frost Buddy served its interrogatories and document requests on August 28th and should have Plaintiff's responses in hand by September 28th so that Plaintiff's discovery responses can be considered by Frost Buddy's expert(s)." *Id.* Frost Buddy therefore requested further explanation from Grill Rescue on the compelling circumstances that would justify the extension. *See id.* Grill Rescue never responded.

Instead, counsel for Grill Rescue sent an email the following day, on September 16, 2026, now asking Defendants to consent to enlarge ***all*** deadlines in the case, including trial, stating: "we believe good cause exists to extend the scheduling deadlines in this case … [p]lease let us know whether you agree to join a motion to ***extend the case schedule by four months***." *See* Email from Adam Wolek, counsel for Grill Rescue, to counsel of record, dated Sept. 16, 2026, attached hereto as **Exhibit 3** (emphasis added). Grill Rescue's request thus expanded dramatically overnight, from a two-week adjustment of the expert disclosures to a four-month extension of every deadline in the Scheduling Order, including trial, based on facts known to Grill Rescue for months.

The relevant chronology confirms that the current complaints Grill Rescue has about the scheduling posture result from its own dilatory actions:

| Date | Event | Delay in Grill Rescue Serving Discovery | |
|---|---|---|---|
| **April 26, 2026** | Grill Rescue files Complaint. Dkt. 1. | | |
| **May 21, 2026** | Grill Rescue serves Frost Buddy. Dkt. 9. | | |
| **June 25, 2026** | Frost Buddy files its initial Motion to Dismiss. Dkt. 20. | | |
| **July 13, 2026** | Court sets trial to start Feb. 22, 2027. Dkt. 23. | | |
| **July 23, 2026** | Court holds Scheduling Conference and enters Scheduling Order. Dkt. 27, 28. Grill Rescue and Frost Buddy hold Rule 26(f) conference. Dkt. 34. | | |
| **July 30, 2026** | Grill Rescue files First Amended Complaint ("FAC"). Dkt. 30. | | |
| **Aug. 12, 2026** | Grill Rescue files Motion for Alternative Service of Process. Dkt. 37. | | |
| **Aug. 13, 2026** | Frost Buddy moves to dismiss the FAC. Dkt. 39. | **40 DAY DELAY ▼** | |
| **Aug. 18, 2026** | Court issues Order granting alternative service of process against the primary Defendants, Shenzhen Reekoos and George Gu. Dkt. 40. | | |
| **Aug. 28, 2026** | Frost Buddy serves 75 requests for production and 7 interrogatories upon Grill Rescue. Exhibit 4. | | **29 DAY DELAY ▼** |
| **Sept. 1, 2026** | Grill Rescue serves 16 Interrogatories upon Frost Buddy. Exhibit 5. | | |
| **Sept. 2, 2026** | Grill Rescue provides notice of subpoenas to Amazon and Walmart. Exhibit 10. | | |

| Date | Event | Delay in Grill Rescue Serving Discovery |
|---|---|---|
| **Sept. 9, 2026** | Grill Rescue serves 67 Requests for Production upon Frost Buddy. Exhibit 6. | |
| **Sept. 15, 2026** | Grill Rescue requests Defendants via email to consent to extend expert deadlines by two weeks based upon the status of document production, which Defendant Frost Buddy declined. Exhibits 1, 2. | |
| **Sept. 16, 2026** *(12:37 p.m. EST)* | Grill Rescue requests all Defendants via email to consent to move all deadlines and trial by four months, which all Defendants declined. Exhibit 3. | |
| **Sept. 16, 2026** *(5:07 p.m. EST)* | Grill Rescue serves 5 Interrogatories and 20 Requests for Production upon Defendants Reekoos and Gu. Exhibit 7. | |
| **Sept. 16, 2026** *(7:06 p.m. EST)* | Grill Rescue files its Expedited Motion. Dkt. 46. | |
| **Sept. 17, 2026** | Grill Rescue serves its expert disclosures. Exhibits 8, 9. | |

## II. MEMORANDUM OF LAW

A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation and quotation omitted). Where a party's failure to comply with the scheduling order results from its own lack of diligence, the request is not supported by good cause. *Id.* at 1419. Nor is good cause shown where, as here, the movant fails to explain its own delay in propounding discovery. *See Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564

(S.D. Fla. 2013) (denying extension where movant failed to explain its delay in propounding discovery and thus did not show the schedule could not be met despite its diligence). This Court also requires "compelling circumstances" where, as here, a Pretrial Scheduling Order states that the schedule shall not be modified "absent compelling circumstances." *See, e.g., 3700 Assocs., LLC v. Griffin*, No. 08-80158, 2008 WL 2966047, at *1 (S.D. Fla. Aug. 1, 2008) (Middlebrooks, J.) (finding that a lender's foreclosure and a pending motion to dismiss were not compelling circumstances, and denying the plaintiff's unopposed motion to modify the scheduling order even though it was unopposed and sought only a 90-day extension, which is less than the four-month, opposed extension Plaintiff seeks here).

Likewise, in *Hart v. Zimmerman Holdings Grp., Inc.*, 313 F.R.D. 671, 672-73 (S.D. Fla. 2016) (Middlebrooks, J.), the court dismissed the claims of a plaintiff who represented at the scheduling conference that service of process was "in progress" and then "did nothing to prosecute her case" as the discovery and pretrial-motions deadlines passed – a self-created delay that flowed from the plaintiff's own neglect rather than any circumstance beyond her control. Other courts in this District regularly decline to continue trial or reset all deadlines where the movant's own lack of diligence created the need for relief, or significantly delay trial. *See Galati v. Royal Caribbean Cruises Ltd.*, No. 23-cv-20655, 2024 WL 2815281, at *3 (S.D. Fla. June 3, 2024) (declining to move deadlines that would "prejudice Defendant and significantly delay trial"); *Bell v. Prudential Ins. Co. of Am.*, 13-62210, 2014 WL 12577602, at *1 (S.D. Fla. June 17, 2014) (finding no good cause where the movants offered "no reason why they could not meet the existing deadlines").

### A. Grill Rescue's Request Is, in Substance, a Motion to Continue the Trial That Fails Local Rule 7.6's Affidavit and Exceptional Circumstances Requirements.

Grill Rescue does not merely ask to adjust a few interim deadlines; it asks the Court to extend "all" case-scheduling deadlines "by four (4) months." Dkt. 46 at 1, 6. Those deadlines are

fixed by the same Pretrial Scheduling Order that governs the pretrial and trial sequence, and, as shown below, the extension Grill Rescue proposes pushes its deadlines months past the current February 22, 2027 trial. The requested relief therefore necessarily reaches the trial itself, and a request to move the trial is governed by Local Rule 7.6, not Rule 16(b)(4) alone. Under Rule 7.6, "[a] continuance of any trial . . . will be granted only on exceptional circumstances," "[n]o such continuance will be granted on stipulation of counsel alone," and any such request must be "supported by affidavit setting forth a full showing of good cause." S.D. Fla. L.R. 7.6; *see also* S.D. Fla. L.R. 7.1(a)(1)(G) (a motion for continuance must set forth its good cause "in the motion and affidavit required by Local Rule 7.6"). Grill Rescue submitted no affidavit – only argument of counsel – and it does not even attempt to show the "exceptional circumstances" the Rule requires. On that basis alone, the relief it seeks is procedurally improper and should be denied.

The schedule Grill Rescue actually proposes confirms that this is a trial continuance in all but name. The proposed order Grill Rescue filed resets the discovery cutoff to April 9, 2027, the deadline for dispositive and *Daubert* motions to April 30, 2027, and the deadline for jury instructions to June 14, 2027 – each of them weeks or months *after* the February 22, 2027 trial period and the February 17, 2027 Calendar Call. Dkt. 47-1; Dkt. 23; Dkt. 28. Yet the same proposed order purports to leave "[a]ll other provisions of the Pretrial Scheduling Order . . . in full force and effect," including the trial date, at least to the extent "not inconsistent" with the proposed order. Dkt. 47-1. However, a schedule that closes discovery and sets the dispositive motion deadline <u>**after**</u> trial cannot be reconciled, and must be considered "inconsistent," with a February 2027 trial. Grill Rescue's motion therefore either seeks to continue the trial (and fails Local Rule 7.6) or is internally incoherent and unworkable as drafted. Either way, the motion cannot be granted.

Nor is this a mere technicality. The Court's Trial Order directed that "**any request to modify the above-set trial date must be made prior to the Scheduling Conference**," subject only to "**a prompt motion to modify the trial date for good cause shown by a party joined in the litigation after the Scheduling Conference has occurred.**" Dkt. 23 at 3 (emphasis in original). Grill Rescue is not a newly-joined party, and it made no request to modify the trial date before the Scheduling Conference, even though Grill Rescue then knew the two primary, Chinese-based Defendants had not been served. The Court's heightened requirements for disturbing the trial date confirm that Grill Rescue's belated, unsupported request should be denied.

**B. Defendants Have Not Yet Responded to Discovery Because No Response Is Yet Due Based Upon Grill Rescue's Own Lack of Diligence in Propounding Discovery.**

As a threshold matter, a central factual premise of Plaintiff's Motion is false. Grill Rescue states that "[n]one of the Defendants . . . have propounded . . . any discovery." Dkt. 46 at 3, ¶ 10. This is demonstrably false: Frost Buddy propounded seven interrogatories and seventy-five requests for production on August 28, 2026, and Grill Rescue's responses are due September 28, 2026 – well before Frost Buddy's October 15, 2026 expert disclosure deadline. *See* **Exhibit 4** attached hereto.

In contrast, although Grill Rescue has known since July of 2026 that its expert reports were due on September 17, 2026, Grill Rescue did not serve any discovery on Frost Buddy until **September 1, 2026**, just sixteen days before its expert report deadline, and then Grill Rescue only served Interrogatories. *See* Exhibit 5 attached hereto. Likewise, Grill Rescue did not serve Requests for Production upon Frost Buddy until **September 9, 2026**, just eight days before Grill Rescue's expert report deadline. *See* Exhibit 6 attached hereto.

Grill Rescue's Expedited Motion states: "[N]one of the Defendants have responded to any discovery propounded by Plaintiff," but Grill Rescue does not include the ***reason*** Defendants have

not yet responded to any discovery requests: Frost Buddy's responses are not due under the Federal Rules until October 1 and October 9, respectively. Dkt. 46 at 3, ¶ 7; Dkt. 46 at 3, ¶ 10; *See* Exhibits 5 and 6. Grill Rescue's own delay in propounding discovery created that circumstance. Grill Rescue waited until just sixteen days before its expert disclosure deadline to serve interrogatories, and until eight days before that deadline to serve requests for production; it likewise waited until less than two (2) hours before filing the instant Motion to serve discovery on the other two Defendants, although it could have served that discovery once the Court granted the Motion for Alternative Service. *See* Exhibit 7 attached hereto.

By contrast, Frost Buddy has proceeded in accordance with the Court's Scheduling Order. Frost Buddy served its Interrogatories and Requests for Production on Grill Rescue on August 28, 2026, so that it would have Grill Rescue's responses by September 28, 2026, in advance of Frost Buddy's expert disclosure deadline of October 15, 2026. *See* Exhibit 4; Dkt. 28.

Foreseeable, self-created delay is not good cause for modification of a scheduling order. *See Sosa*, 133 F.3d at 1418, 1418-19 ("If a party is not diligent, the good cause inquiry should end." (cleaned up) (internal citation omitted)) (upholding district court's refusal to amend scheduling order where counsel was not diligent). This type of knowing delay is certainly not a compelling circumstance. Grill Rescue's request should be summarily denied on this basis.

**C. Grill Rescue Did Not Exercise Diligence in Serving Process Upon Foreign Defendants.**

The late appearance of the primary, Chinese-based Defendants is likewise a product of Grill Rescue's own lack of diligence. Grill Rescue seeks to justify its request by arguing that "[t]he China Defendants first appeared in this action on September 9, 2026." Dkt. 46 at ¶ 6. Yet again, Grill Rescue cites a problem created by its own lack of diligence. Grill Rescue filed this action on April 26, 2026. Dkt. 1. Grill Rescue was aware when preparing and filing its Complaint that two

of the three named Defendants resided in China. Grill Rescue therefore knew the challenges it would face in effectuating Hague Convention service of process. Grill Rescue should have begun diligently attempting service of process in April. Instead, it appears that Grill Rescue only began attempting to contact the foreign Defendants for waiver of service of process on May 14, 2026, allowing sixty days to return the waiver. *See* Dkt. 38, Declaration of Brian J. Frederick; FED. R. CIV. P. 4(d)(1)(F). Even after these sixty days expired, Grill Rescue did not file its Motion for Alternative Service of Process until yet another month later, on August 12, 2026. Dkt. 37. Moreover, throughout the scheduling process, Grill Rescue made no effort to amend the trial date or the discovery schedule in view of the fact that the two principal Defendants had not yet been served.

Thus, Grill Rescue's own delays caused the current situation with respect to the status of pleadings in the case. Had Grill Rescue moved for alternative service earlier, it could have served all Defendants with discovery well in advance of its September 17 expert disclosure deadline. In all events, Grill Rescue knew each fact it now invokes either when it filed suit or, at the latest, by the July 23, 2026 scheduling conference, where the parties discussed that the primary, Chinese-based Defendants had not yet been served, and Grill Rescue discussed the progress of its efforts to serve all named Defendants. Grill Rescue nonetheless assented to the resulting Scheduling Order, and nothing has changed since entry of the Scheduling Order by the Court to warrant revisiting it now. This additional justification therefore does not support the requested relief.

Grill Rescue's own conduct refutes its contention that it cannot proceed. Grill Rescue's assertion that it "cannot meaningfully conduct discovery into the merits of this case without the participation of the China Defendants" (Dkt. 46 at 4, ¶ 11) is not consistent with what Grill Rescue has actually done. Plaintiff served merits interrogatories and requests for production on Shenzhen

Reekoos and Gu at 5:07 p.m. on September 16, 2026 – a mere ***hours*** before filing the Expedited Motion – and has simultaneously pursued discovery against Frost Buddy. *See* Exhibits 5, 6, 7. Grill Rescue further served expert disclosures on September 17, 2026, meaning that an extension of that particular date is no longer even necessary.[2] *See* Exhibits 8 and 9 attached hereto. Grill Rescue has also pursued third-party discovery by subpoena, though it likewise elected to identify those subpoenas only recently. *See* **Exhibit 10** attached hereto.

In short, Grill Rescue has been able to conduct merits discovery, and has done so. It simply commenced that discovery late.

**D. Frost Buddy Has Invested Significant Resources in Discovery.**

Grill Rescue claims that "no party has invested significant resources in discovery." Dkt. 46 at 6, ¶ 15. That is wrong. Grill Rescue's own discovery answers and responses are due to Frost Buddy on September 28, in just seven days, and Grill Rescue has not requested an extension of time to respond. Thus, Grill Rescue itself should have already invested significant resources into collecting information and documents responsive to Frost Buddy's requests. Additionally, Frost Buddy's responses to Grill Rescue's interrogatories and requests for production are due October 1 and October 9, respectively. Frost Buddy has indeed already invested, and will continue to invest,

---

[2] Frost Buddy reserves its rights to challenge the adequacy and completeness of Grill Rescue's expert disclosures. Frost Buddy also notes that, to the extent Grill Rescue later attempts to supplement its expert disclosures based on information that it could have obtained earlier if it had proffered timely discovery, such attempted supplementation should be regarded as improper sandbagging in violation of the letter and spirit of the Federal Rules and the Scheduling Order in this case. *See, e.g.*, *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 719 (11th Cir. 2019) (a party "cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report") (quoting *Companhia Eneretica Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 3102225, at *6 (S.D. Fla. June 2, 2016)); *see also United States v. Marder*, 318 F.R.D. 186, 191 (S.D. Fla. 2016) (finding no substantial justification or harmlessness where incomplete expert reports were a result of parties' own dilatory efforts and failure to obtain available information, thus making it "a crisis of their own making").

significant resources into gathering and reviewing information and documents responsive to Grill Rescue's requests to act within the Court's Scheduling Order.

**E. The Pending Motions to Dismiss Provide No Basis to Delay Discovery.**

The pendency of motions to dismiss likewise does not justify delay. Grill Rescue suggests that the scope of discovery is uncertain while those motions remain pending. Dkt. 46 at 4, ¶ 12. That circumstance does not establish good cause, much less compelling circumstances. In this District, "[a] stay of discovery pending the determination of a motion to dismiss . . . is the exception rather than the rule." *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019). A pending motion to dismiss therefore provides no basis to defer discovery, let alone to reset every deadline in the case. Grill Rescue's decision to await rulings before pursuing discovery does not constitute good cause.

## III. <u>CONCLUSION</u>

Grill Rescue asks the Court to relieve it of the consequences of Grill Rescue's own lack of diligence, at the expense of and to the prejudice of the other parties. Grill Rescue's clear lack of diligence in serving discovery and service of process on Defendants does not create good cause, much less compelling circumstances, to modify the Scheduling Order. And to the extent Grill Rescue now seeks to move the trial, it has not filed the affidavit or made the showing of exceptional circumstances that Local Rule 7.6 requires.

In short, although Grill Rescue attempts to create a sense of urgency, all of the circumstances cited in the Expedited Motion were known to Grill Rescue for many months and at least since the Court entered the Scheduling Order nearly two months ago on July 23, 2026. Accordingly, Frost Buddy respectfully opposes Plaintiff Grill Rescue LLC's Expedited Motion to Amend Case Schedule and requests the Court maintain the current schedule and grant such further relief as the Court deems just and appropriate.

Dated: September 22, 2026

Respectfully submitted,

By: **s/ Aleksey Shtivelman**
Aleksey Shtivelman
Florida Bar No. 99159
ashtivelman@shutts.com
SHUTTS & BOWEN LLP
200 S. Biscayne Boulevard,
Suite 4100
Miami, Florida 33133
Tel.: (305) 379-9135

and

Michael J. Hickey
*Admitted Pro Hac Vice*
Bridget Hoy
*Admitted Pro Hac Vice*
LEWIS RICE LLC
600 Washington Avenue,
Suite 2500
St. Louis, MO 63101
Tel.: (314) 444-7600
mhickey@lewisrice.com
bhoy@lewisrice.com

*Attorneys for Defendant*
*Frost Buddy LLC*