**UNITED STATES DISTRICT COURT FOR THE**
**SOUTERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

GRILL RESCUE LLC
d/b/a RESCUE LLC,

Plaintiff, CASE NO.: 9:26-cv-80481-DMM

v.

SHENZHEN REEKOOS HOUSEWARE CO., LTD., WEILIANG GU and FROST BUDDY LLC
_________________________________/

**DEFENDANTS' SHENZHEN REEKOOS HOUSEWARE CO. LTD. and WEILIAN GU's OPPOSITION TO PLAINTIFF GRILL RESCUE LLC'S EXPEDITED MOTION TO AMEND THE CASE SCHEDULE**

Defendants, SHENZHEN REEKOOS HOUSEWARE CO., LTD. ("Reekoos") and WEILIANG GU ("Gu"), by and through undersigned counsel, hereby oppose Plaintiff GRILL RESCUE LLC'S Expedited Motion to Amend Case Schedule, and state as follows:

Plaintiff commenced this action on April 26, 2026. Plaintiff and co-Defendant Frost Buddy LLC ("Frost Buddy") litigated the matter, while Reekoos and Gu remained unserved. The Court then ordered Reekoos and Gu to respond to Plaintiff's First Amended Complaint [D.E. 30] by September 9, 2026. Reekoos and Gu complied and filed a motion to dismiss [D.E 45], primarily asserting improper service of process under Fed. R. Civ. P. 12(b)(5) as a result of Plaintiff's failure to comply with the Hague Convention. Plaintiff now seeks to amend the Court's existing schedule, and the Court has again ordered Reekoos and Gu to respond thereto. [D.E. 48].

As stated by Frost Buddy in its Opposition [D.E. 50], the Court's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good

cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (citation and quotation omitted). Where a party's failure to comply with the scheduling order results from its own lack of diligence, the request is not supported by good cause. *Id.* at 1419.

Frost Buddy accurately summarizes Plaintiff's lack of diligence serving Reekoos and Gu under the Hague Convention in section II(B) of its opposition to Plaintiff's instant motion. *See* [D.E. 50]. Plaintiff's motion for extension of time is thus insufficient under the applicable law. Plaintiff should not be excused from the existing deadlines, which it has long-known, because it failed to even attempt proper service under the Hague Convention. Any prejudice to Plaintiff is a result of Plaintiff's own inaction.

Reekoos and Gu, on the other hand, *would* be prejudiced if forced to comply with the existing schedule because of Plaintiff's undiligent service. But Reekoos and Gu are, at present, incapable of "'invok[ing] the judgment of the court on any question other than jurisdiction'" without risking waiver of their pending objection to Plaintiff's purported service of process. *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 Fed. Appx. 786, 791 (11th Cir. 2017) (quoting *Maiz v. Virani*, 311 F. 3d 334, 340 (5th Cir. 2002)) (also holding that "[t]he fact that [defendants] also complied with court orders to respond to other matters … does not show that they had abandoned that objection or invoked the court's jurisdiction on a matter other than jurisdiction."). Moreover, such deadlines may ultimately be rendered moot as to Reekoos and Gu if the pending motion(s) to dismiss is granted. Therefore, Reekoos and Gu join co-Defendant Frost Buddy in opposing Plaintiff's current motion to amend the schedule, but nevertheless maintain that they have not yet been properly served, and further reserve their own right to seek amendment to the schedule in the event their motion to dismiss is denied.

Dated: September 23, 2026

Respectfully submitted,

By: /s/ Jose I. Rojas

Jose I. Rojas
Florida Bar No.: 331546
E-mail: jrojas@rojaslawfirm.com
Alexander F. Rojas
Florida Bar No.: 124232
E-mail: arojas@rojaslawfirm.com
**ROJASLAW**
201 South Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel.: (305) 446-4000

*Attorneys for Shenzhen Reekoos Houseware Co., Ltd and Weiliang Gu*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send a notice of such filing to all parties of record.

By: /s/ Jose I. Rojas

Jose I. Rojas