**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

GRILL RESCUE LLC d/b/a RESCUE LLC,

Plaintiff,

v.

SHENZHEN REEKOOS HOUSEWARE CO. LTD; WEILIANG GU; and FROST BUDDY LLC

Defendants.

Case No. 9:26-cv-80481-DMM

**PLAINTIFF GRILL RESCUE LLC'S OPPOSITIONTO DEFENDANTS' SHENZHEN REEKOOS HOUSEWARE CO. LTD.'S AND WEILIANG GU'S MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff Grill Rescue LLC opposes Defendants Shenzhen Reekoos Houseware Co. Ltd. ("Reekoos") and Weiliang Gu ("Gu"), (together, "Moving Defendants")[1] Motion to Dismiss the First Amended Verified Complaint ("Motion") (ECF 45) and states as follows:

**INTRODUCTION**

Moving Defendants first argue improper service, but they were properly served pursuant to this Court's Order allowing for alternative service (ECF 40). Second, Moving Defendants' Motion seeks to incorporate Frost Buddy's kitchen-sink motion to dismiss (ECF 39), but as Plaintiff's opposition notes (ECF 42), the First Amended Verified Complaint ("FAC") puts Moving Defendants on notice with detailed allegations of trade secret misappropriation, breach of contract, and intellectual property conversion—now used in Frost Buddy's competing product. The FAC provides count-specific allegations identifying each defendant's conduct, so is not a shotgun pleading. Plaintiff has standing because it invented the product at issue, holds an expected ownership interest in the IP, and has suffered financial and reputational harm from Moving Defendants' wrongful patent claims. And Plaintiff's state-law claims are not preempted—they rest on independent facts, require different elements, seek different relief, and may be pled in the alternative. Third, Moving Defendants' arguments on statute of limitations incorrectly state Plaintiff's dates of discovery and case timeline. The Motion accordingly should be denied.

**I. BACKGROUND OF PLAINTIFF'S BUSINESS AND PRODUCTS**

Plaintiff manufactures and sells innovative consumer products in the outdoor industry, including Beer Buddy and Tumbler Buddy. FAC ¶ 29. Tumbler Buddy is the world's first tumbler converter—an insert that fits into most standard 20 oz tumblers, allowing them to hold beverage

[1] Only Moving Defendants Reekoos and Gu filed this Motion. Herein, "Defendants" shall indicate all named defendants, including Frost Buddy, LLC ("Frost Buddy").

containers of various sizes, including bottles, cans, skinny cans, stubby bottles, and 16 oz cans. *Id.* ¶ 30. Beer Buddy is a beverage holder/cooler designed as a universal solution for the increased use of differently sized cans and bottles. *Id.* ¶ 31. Plaintiff sold these products direct-to-consumer through its website and online marketplaces like Amazon. *Id.* ¶ 32. Plaintiff vigorously protects this proprietary technology: it requires NDAs from product manufacturers and business partners, and restricts access to confidential product designs, engineering drawings, manufacturing specifications, and technical data to necessary personnel only. *Id.* ¶ 38.

## II. PLAINTIFF SHARES CONFIDENTIAL INFORMATION WITH DEFENDANTS GU AND SHENZHEN REEKOOS UNDER PROTECTION OF AN NDA

In 2020, Plaintiff established a relationship with product component manufacturer Defendant Gu, who was then associating with a new company, Defendant Reekoos. FAC ¶ 33. After Gu and Reekoos executed an NDA with Plaintiff on May 15, 2020, Plaintiff disclosed confidential information and trade secrets, including technical data, product ideas, designs, drawings, specifications, plans, business process information, and other business or technical data (the "Confidential Information"). *Id.* ¶¶ 34-35, 40.

The NDA defines Confidential Information to include (1) all information in Plaintiff's possession not generally known to the public or the relevant trade or industry that was communicated to Recipient, and (2) all information learned, discovered, developed, conceived, originated, or prepared by Recipient in the course of its relationship with Grill Rescue. FAC ¶ 41. Beyond the NDA, Plaintiff took additional measures to protect this information. *See id.* ¶ 38.

After signing the NDA, and over the next few years, Plaintiff shared its Confidential Information and trade secrets with Reekoos and Gu—the very information required to design, manufacture, and modify its innovative consumer products, including Beer Buddy and Tumbler Buddy. *Id.* ¶ 49. On June 1, 2021—just over a year after the NDA's execution—Reekoos filed a

patent application for a "Multi-Function Fixing Kit," U.S. Patent Application No. 17/335,183 (the "'183 Application"), without Plaintiff's knowledge. *Id.* ¶ 51. The '183 Application's product concept and information derived from Plaintiff's Confidential Information. *Id.* ¶ 52. In late April/early May 2023, Plaintiff discovered Defendants' misappropriation and NDA breach when it sought to file its own patents for a multifunctioning beverage cooler. *Id.* ¶ 56. In May 2023, Mr. Mobley demanded that Gu assign the '183 Application to Plaintiff as the rightful inventors. *Id.* ¶ 58. Gu agreed to do so if the patent application succeeded. *Id.* ¶ 59.

On December 19, 2023, U.S. Patent No. 11,844,449 ("Multi-Function Fixing Kit") (the "'449 Patent") issued from the '183 Application. The '449 Patent, the '183 Application, and any application or patent claiming priority thereto are collectively the "Multi-Function Fixing Kit Patents." *Id.* ¶ 62. On September 17, 2021, Defendants Reekoos and Gu filed Chinese Patent Application No. CN202122259581.9U; on February 1, 2022, Chinese Patent CN215708687U issued. *Id.* ¶ 66. Plaintiff believes this Chinese application and patent also derive from its Confidential Information. *Id.* ¶ 65.

**III. FROST BUDDY USES PLAINTIFF'S CONFIDENTIAL INFORMATION**

After Gu executed the NDA, Defendants Reekoos and Gu began working with Plaintiff's direct competitor, Frost Buddy. FAC ¶ 69. Less than five months after filing the '183 Application, Frost Buddy filed U.S. Patent Application No. 17/514,310 for an "Insulating Beverage Container" on October 29, 2021, listing as inventors Defendant Gu and his associate Rui Cao (the "'310 Application"). *Id.* ¶¶ 72-73. Like the '183 Application and '449 Patent, the '310 Application named Gu as inventor and addressed the same problem—insulating beverage containers that accommodate only a single size can or bottle—using a similar solution: a multi-layered or stepped internal structure with decreasing diameters to support different sized containers. *Id.* ¶ 73. On July 11, 2023, U.S. Patent No. 11,697,544 ("Insulating Beverage Container") (the "'544 Patent") issued

from the ’310 Application, listing Gu and Rui Cao as inventors and Frost Buddy as assignee. Additional related applications and patents followed, collectively “the Insulating Beverage Container Patents.” *Id.* ¶¶ 75-80.

Despite Gu’s promise to assign the Multi-Function Fixing Kit Patents and/or the ’183 Application to Plaintiff, he never did. Instead, Defendants sought to add inventors to these patents. On March 25, 2025, the USPTO entered a Certificate of Correction revising the named inventor on the ’449 Patent from Gu alone to Gu and Frost Buddy co-founders Mitch Mammoser and Brock Mammoser. *Id.* ¶¶ 85-86.

Because of Defendants’ wrongful conduct, Plaintiff’s business and reputation have been—and will continue to be—irreparably harmed.

**LEGAL STANDARD**

“A plaintiff must plead only sufficient facts to state a claim for relief that is plausible on its face.” *Incarcerated Ent., LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1226 (M.D. Fla. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a Rule 12(b)(6) motion tests if the complaint contains “sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.”) (internal quotation marks omitted); *TracFone Wireless, Inc. v. GSM Grp., Inc.*, 555 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (in ruling on Rule 12(b)(6) motion to dismiss, “the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.”) (cleaned up). “The threshold for surviving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a low one.” *Incarcerated Ent.*, 261 F. Supp. 3d at 1226 (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983)). Additionally, Fed. R. Civ. P. 8(a)(2) “requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what

the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). To meet the notice pleading requirement, that statement must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Id.* at 545.

## ARGUMENT

This Court should deny Moving Defendants' Motion. ***First***, the Moving Defendants were properly served according to the Court's Order (ECF 40). ***Second***, and as already argued in opposition to Frost Buddy's motion to dismiss, the FAC is not a shotgun pleading, Plaintiff has standing to pursue its claims, the FAC sufficiently pleads all of Plaintiff's claims, and the claims are not preempted. ***Third***, Moving Defendants' statute of limitations argument is improper at the motion to dismiss stage, where all factual allegations must be taken in Plaintiff's favor.

## I. MOVING DEFENDANTS WERE PROPERLY SERVED

Moving Defendants' argument for dismissal under Federal Rule of Civil Procedure 12(b)(5) lacks merit.[2] Moving Defendants were duly served pursuant to this Court's Order granting-in-part Plaintiff's Motion for Alternative Service. ECF 40. Plaintiff's compliance with this Court's Order granting-in-part alternative service is not (and cannot be) improper service, and Moving Defendants' motion on these grounds should be denied. *See, e.g.*, *Bank of New York Mellon v. Gouda*, Case No: 6:23-cv-2246-JSS-LHP, 2025 WL 814856 (M.D. Fla. Mar. 14, 2025) (denying motion to dismiss based on insufficient service of process where motion for alternative service had been granted).

Importantly, Moving Defendants have not sought reconsideration, vacatur, or otherwise contested this Court's order, which has full force and effect. Instead, the Motion relies on non-

[2] Moving Defendants failed to meet and confer on this Motion in violation of S.D. Fla. Local Rule 7.1(a)(3), which independently is grounds for denial of at least the improper service argument.

binding decisions in arguing the Court erred in allowing for alternative service. This is despite noting that several courts in this District have ruled that alternative service on Chinese defendants via email is proper. *See, e.g.*, *Duvall Espressso IP Enforcement, LLC v. Decent Espresso International Ltd.*, Case No. 23-81246-CV-DMM, 2024 WL 6963317, at *6 (S.D. Fla. July 17, 2024) (denying motion to dismiss based on insufficient service of process as to Hong Kong defendant), *Tiffany (NJ) LLC v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 0:20-CV-60299-KMM, 2020 WL 6748785, at *2 (S.D. Fla. Apr. 15, 2020); *Tiffany (NJ) LLC v. DORAPANG*, Case No.: 18-cv-61590-UU, 2018 WL 4828430, at *2 (holding that the Hague Service Convention does not prohibit service on defendants by means of email service or Internet publication); *Ryder Truck Rental, Inc. v. Chanje Energy, Inc.*, No. 21-CV-21044-JLK, 2021 WL 9565825, at *3 (S.D. Fla. Aug. 8, 2021) (finding that courts in this District routinely grant leave to permit alternative service on foreign defendants by-email and collecting cases); *Louis Vuitton Malletier, S.A.*, Case No. 17-cv-61033-BLOOM/Valle, 2017 WL 10741870, at *1 (S.D. Fla. May 31, 2017) (holding that service by email on Chinese defendant was not prohibited under international agreement and the Hague Convention does not specifically preclude e-mail and publication service).

Put simply, the Moving Defendants were properly served. Contesting the Court's order through this Motion is procedurally improper and not sufficient grounds for a motion to dismiss.

## II. MOVING DEFENDANTS' INCORPORATED ARGUMENTS EQUALLY FAIL

In their Motion, the Moving Defendants adopt the arguments previously made by Frost Buddy in its motion to dismiss. ECF 39. But in doing so, Moving Defendants do not offer any real argument or analysis or otherwise expand upon these assertions. Rather than reargue its opposition a second time, Plaintiff provides a brief summary of the arguments made there. *See* ECF 42, Argument Sections I, III, IV, V. **First**, the FAC is not a shotgun pleading as it contains a detailed

description of the factual background of this case that "adequately put[s] [defendants] on notice of the specific claims against them and the factual allegations that support those claims."

**Second**, Plaintiff has standing to pursue its claims as Plaintiff's claims arise under 35 U.S.C. § 256, which permits correction of inventorship "[w]henever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent." Plaintiff alleges that its employees are co-inventors of the patents at issue so should have been named, that those employees routinely assigned their patent rights to Plaintiff in the normal course of employment, and that Plaintiff has an expected ownership interest. FAC ¶¶ 6, 48, 73, 74. Plaintiff also alleges it shared Confidential Information with Defendants Gu and Shenzhen Reekoos after executing an NDA in May 2020, providing specific detail on the contract's requirements and how Defendants violated them. *Id.* ¶¶ 39-42, Ex. A. Taken as true—as they must be on a motion to dismiss—these allegations more than satisfy constitutional standing for a Section 256 claim.

**Third**, Plaintiff has sufficiently alleged its trade secrets claims under both the Defend Trade Secrets Act (18 U.S.C. § 1836) ("DTSA") and Florida Uniform Trade Secrets Act (Fla. Stat. §§ 688.001-009) ("FUTSA"). Here, Plaintiff has adequately alleged that its trade secrets were part of the proprietary and confidential information shared with Defendants Gu and Shenzhen Reekoos protected by the NDA. The shared confidential and trade secret information included "technical data, product ideas, designs, drawings, specifications, plans, information about its business processes, or other business or technical data…which were conceived and developed at Plaintiff's great effort and expense." FAC ¶ 35. Defendants Gu and Shenzhen Reekoos knew about the information shared under the NDA. They then disclosed Plaintiff's Confidential Information in the '183 Application—including to Defendant Frost Buddy LLC's cofounders and senior executives,

who are named co-inventors and thus must have had knowledge of Plaintiff's Confidential Information at the time of filing.

**Fourth**, Plaintiff's claims are not preempted. As noted in Plaintiff's opposition (ECF 42), Frost Buddy's motion to dismiss Counts V (Tortious Interference), VI (Unjust Enrichment), and VII (Conversion) rests on the flawed premise that Plaintiff's state-law claims are merely derivative of its trade secret claims. Not so. The FAC alleges materially distinct wrongs—such as the distinction between retention of trade secrets and acquisition of patent rights (*see* FAC ¶¶ 166, 167)—that survive both FUTSA preemption and Rule 8 scrutiny. Frost Buddy's invitation to decline supplemental jurisdiction is premature: Plaintiff's federal claims remain viable, and the state-law claims arise from a common nucleus of operative fact. Moreover, these claims may be pled in the alternative, and if a fact finder ultimately determines the information does not amount to a trade secret—a factual question inappropriate for resolution on a Rule 12(b)(6) motion—the state-law claims would not be preempted at all.

## III. STATUTE OF LIMITATIONS IS NOT RIPE FOR MOTION TO DISMISS

Moving Defendants' statute of limitations defense rests on factual disputes regarding what Plaintiff knew or should have known and cannot be resolved on a motion to dismiss. "A statute of limitations bar is 'an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004). Furthermore, "[t]he question of whether information constitutes a trade secret is a question of fact normally resolved by a jury after full presentation of evidence." *Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F.Supp.3d 1285, 1293 (M.D. Fla. 2018) (citing *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 289 (5th Cir. 1978)). Also, the statute of limitations for trade secret claims begins to run after the misappropriation is discovered or "by the exercise of reasonable diligence should have been discovered." *Knights Armament Co. v. Optical*

*Systems Technology, Inc.*, 636 F.Supp.2d 1283, 1293 (S.D. Fla. 2009).

Moving Defendants rely on documents outside the pleadings in a premature attempt to resolve deeply fact-intensive questions of what Plaintiff knew or should have known regarding Defendants' misappropriation of Plaintiff's Confidential Information, and when Plaintiff's knowledge may have accrued. This is improper on a motion to dismiss. *See ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 985 (Fed. Cir. 2014) (reversing grant of motion to dismiss trade secrets claims where district court's "rationale exceeds the limits on factual assessments appropriate when ruling on a motion to dismiss."); *see also Puterman v. Lehman Bros., Inc.*, 332 Fed.Appx. 549, 552 n.3 (11th Cir. 2009) ("Inquiry notice [is] a fact question [that] generally is inappropriate for resolution on a Rule 12(b)(6) motion."); *Raytheon Co. v. Indigo Sys. Corp.*, 688 F.3d 1311, 1318 (Fed. Cir. 2012) (reversing summary judgment for defendant because of factual dispute over whether the plaintiff knew or should have known of trade-secret misappropriation).

Moving Defendants argue that "Plaintiff's allegation makes reference to Application No. 17/825,794," without citation to the FAC because none exists. Moving Defendants rely on a United States Patent and Trademark Office ("USPTO") office action in that application referencing a patent application submitted by Gu (U.S. Patent Publication No. US 2022/0177217A1) ("Gu 2022") that Moving Defendants assert involves "the same subject matter" as Plaintiff's application—a question of fact inappropriately resolved against Plaintiff on a motion to dismiss.

Moving Defendants' proffer Gu 2022 to definitively resolve when Plaintiff knew or should have known of Moving Defendants' alleged misappropriation. But even if the USPTO's provision of Gu 2022 had raised Plaintiff's suspicions, courts "interpreting UTSA statute of limitations provisions similar to Florida's have held that suspicion alone is not sufficient to run the statute of limitations." *Knights*, 636 F.Supp.2d at 1293 (collecting cases, including *Sokol Crystal Prods.,*

*Inc. v. DSC Commc'ns Corp.,* 15 F.3d 1427, 1430 (7th Cir.1994) ("'concerns and suspicions rather than knowledge' of trade secret misappropriation 'do not start the clock of the statute of limitations' under a provision of Wisconsin's UTSA nearly identical to Florida's UTSA").

Moreover, Florida courts have adopted the "delayed discovery doctrine," which generally "provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham*, 767 So.2d 1179, 1184 (Fla. 2000). The parties' dispute regarding the accrual of Plaintiff's claims are not resolvable at the motion to dismiss stage. For example, Gu 2022 states on its face that it was published, i.e., first became publicly available, on June 9, 2022, a year in which more than 591,287 patent application filings were processed by the USPTO,[3] and whether locating one specific application out of over a half million applications was reasonable notice. Moving Defendants' do not argue that Gu provided any information to Plaintiff about his patent filings. Even if this Court were inclined to construe Moving Defendants' alleged factual inferences against Plaintiff—which is again improper on a motion to dismiss—Moving Defendants offer no explanation as to how Plaintiff (or, indeed, anyone beyond the patent applicants themselves) could have possibly been aware of Gu 2022 prior to June 9, 2022.

Moving Defendants finish by asking this Court, without explanation or citation to any authority, to charge Plaintiff with constructive knowledge of Moving Defendants' malfeasance as of the date the unrelated '183 Application was first filed (non-publicly) with the USPTO. This is illogical. Gu 2022 does not reference the '183 Application. Moving Defendants also appear to confuse the date that a patent application is first (non-publicly) filed for purposes of determining priority with the date a patent application first becomes publicly available (i.e., is published),

---

[3] *See* https://www.uspto.gov/dashboard/patents/production-unexamined-filing.html (last visited Sept. 23, 2026).

which is the first date anyone outside of patent applicants becomes aware of a pending patent application. The Court should, respectfully, decline Moving Defendants' unsupported and nonsensical invitation to resolve the fact-intensive question of when Plaintiff knew or should have known of Moving Defendants' unlawful conduct at the motion to dismiss stage.

## CONCLUSION

For the reasons above, Plaintiff asks the Court to deny Moving Defendants' Motion.

Dated: September 23, 2026

FOX ROTHSCHILD LLP

*/s/Adam Wolek*
Adam Wolek (Fla. Bar No. 1033265)
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Phone: (561) 835-9600
Fax: (561) 835-9602
awolek@foxrothschild.com

*Attorneys for Plaintiff*
*Grill Rescue LLC d/b/a Rescue LLC*

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

GRILL RESCUE LLC d/b/a RESCUE LLC,

Plaintiff,

v.

SHENZHEN REEKOOS HOUSEWARE CO. LTD; WEILIANG GU; and FROST BUDDY LLC

Defendants.

Case No. 9:26-cv-80481-DMM

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

By: *_/s/Adam Wolek_*
Adam Wolek