**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| GRILL RESCUE LLC d/b/a RESCUE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 9:26-cv-80481-DMM |
| v. | ) | |
| | ) | |
| Shenzhen Reekoos Houseware Co. LTD; | ) | |
| WEILIANG GU; and FROST BUDDY LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF GRILL RESCUE LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS SHENZHEN REEKOOS HOUSEWARE CO. LTD.'S AND WEILIANG GU'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES [ECF NO. 62]**

Plaintiff Grill Rescue LLC opposes the Motion for Enlargement of Time to Respond to Plaintiff's First Set of Interrogatories (ECF 62) ("Motion") filed on October 19, 2026 by Defendants Shenzhen Reekoos Houseware Co. Ltd. ("Reekoos") and Weiliang Gu ("Gu") (together, "Moving Defendants"), or in the alternative, a corresponding temporal extension to the case schedule so avoid prejudicing the parties, and states as follows:

**INTRODUCTION**

Just weeks ago, *Moving Defendants* opposed any extensions to the case when Plaintiff requested it. During that time, Moving Defendants had already been served with Plaintiff's interrogatories. Now, having waited until its responses were due, Moving Defendants ask the Court to give them until November 6, 2026 to answer Plaintiff's First Set of Interrogatories; this is even after a stipulated extension to answer through October 19, 2026. Before, Moving Defendants invoked a "good cause" standard, and argued that it exists only where the deadline "cannot be met despite the diligence of the party seeking the extension," and asked the Court to deny Plaintiff's request to amend the schedule because "[a]ny prejudice to Plaintiff is a result of Plaintiff's own inaction." ECF 51 at 2. The same standard applies to them. Moving Defendants identify no diligent effort that was thwarted and no obstacle beyond their control; they simply want more time. Indeed, Moving Defendants only raised translation quality issues *for the first time* in their Motion.

The requested enlargement would also consume most of the time remaining before the December 10, 2026 discovery deadline, leaving Plaintiff with little opportunity to use the answers, pursue follow-up discovery, or address deficiencies. And those factors and resulting squeeze would in turn also prejudice Plaintiff's preparation for the case and depositions. The Court should thus deny the Motion and order Moving Defendants to serve complete, sworn answers within 5 days, or in the alternative, grant any corresponding extensions to all deadlines in the case schedule.

## BACKGROUND

Plaintiff served its First Set of Interrogatories on Moving Defendants on September 16, 2026, making answers due October 16, 2026. Moving Defendants' counsel called late afternoon on the October 16th deadline requesting a lengthy extension to respond. Counsel agreed to extend their deadline to October 19, 2026, but Plaintiff's counsel declined the lengthier request as being too far out. At no time during the October 16 call or at any time in the 30 days after discovery was served did Moving Defendants mention anything about a need for more time for translation quality checks—given Moving Defendants interacted with Plaintiff entirely in English years before and signed non-disclosure agreements in English.[1] Moving Defendants stated they would respond by October 19th, but instead filed this Motion, and served only objections on October 20th without providing any substantive responses.[2]

Despite Plaintiff's prior requests, Moving Defendants refused any case extensions requests, refused to waive service, and ignored all attempts to resolve the matter amicably or engage in any such discussions. Now they request an extension until November 6, 2026, but the close of fact discovery is December 10, 2026, which would squeeze follow-up discovery and depositions to abut the discovery deadline. ECF 28.

## LEGAL STANDARD

A party must serve answers and any objections to interrogatories within thirty days after being served. Fed. R. Civ. P. 33(b)(2). Each interrogatory must be answered "separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3), and any ground for objection not stated in a timely objection is waived unless the court, for good cause, excuses the failure, Fed. R. Civ. P. 33(b)(4).

---

[2] Moving Defendants served their objections early morning on October 20, 2026, making them late and without substantive responses as per the parties' agreement.

When a request for more time is made before the deadline expires, the court may extend it only "for good cause." Fed. R. Civ. P. 6(b)(1)(A). Where the need for more time results from the movant's own lack of diligence, good cause is absent. *Sosa*, 133 F.3d at 1419.

## ARGUMENT

### I. Moving Defendants Have Not Demonstrated Good Cause for the Extension.

Moving Defendants have now had over a month to answer the discovery Plaintiff served on September 16, 2026, shortly after they appeared in this case, which already included an extension. The Motion does not explain what Moving Defendants did during that period, what information remains to be gathered, or why the answers could not be verified by the agreed deadline.

A generalized desire to "finalize" answers is not a showing that the deadline "cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. Indeed, Moving Defendants have objected, which confirms they have reviewed the Interrogatories and know what they are being asked. Having already identified the information sought, they offer no reason why they cannot answer under oath on the existing schedule.[3]

Moving Defendants cannot hold Plaintiff to one standard and themselves to another. ECF 51 (opposing extension). Moving Defendants have known of their interrogatory deadline since September 16, 2026, and they successfully opposed any loosening of the schedule. They should be held to the deadlines they insisted upon.

The Motion is also devoid of an explanation as to why this request is being made so late.

---

[3] Any argument by Moving Defendants about a language barrier requiring more time equally falls flat. Indeed, Moving Defendants have adhered to all other case deadlines to date and documents exchanged by the parties show that Mr. Gu regularly communicates in English, signed English contracts and non-disclosure agreements, and only communicated and transacted business with Plaintiff in English.

Moving Defendants did not contact Plaintiff's counsel to request an extension until the day their responses were due. And then, when granted a short extension, did not request relief from the Court until the day of the extended deadline and then served (late) objections with no substantive responses. Any explanation as to why more time is needed would have existed when discovery was originally served. Moving Defendants have not shown good cause as to why an extension is warranted now.

## II. The Requested Enlargement Would Prejudice Plaintiff.

The Pretrial Scheduling Order sets December 10, 2026 as the discovery deadline. ECF 28. If Moving Defendants are permitted to wait until November 6, 2026, Plaintiff will have under five weeks, spanning the Thanksgiving holiday, to review the answers, identify deficiencies, meet and confer, seek court intervention if necessary, and serve any follow-up written discovery, which itself requires a thirty-day response period under Rules 33 and 34. It would also hinder the preparation of the depositions of Moving Defendants, which have already been noticed for early December. Moving Defendants' proposed timetable is simply unworkable and every day discovery is delayed further prejudices Plaintiff.

## III. Moving Defendants' Reservation of Defenses Does Not Warrant the Relief Requested.

To the extent Moving Defendants rely on their pending Motion to Dismiss (ECF 45) or their contention that they have not been properly served, that reliance is misplaced and addressed (ECF 52). The pendency of a motion to dismiss does not stay discovery and Moving Defendants have not sought a stay. Moving Defendants' contrary concern is also inconsistent with their own conduct, because they have now affirmatively asked the Court for relief on a non-jurisdictional discovery matter through the Motion itself, objected to discovery, and having participated in depositions. Having chosen to participate in discovery, Moving Defendants must do so on the schedule that governs every other party.

## CONCLUSION

For the reasons above, Plaintiff asks the Court to deny Moving Defendants' Motion and order Moving Defendants to serve complete, sworn answers to Plaintiff's First Set of Interrogatories immediately and grant such other relief as the Court deems just and proper.

Dated: October 23, 2026

FOX ROTHSCHILD LLP

*/s/Adam Wolek*

Adam Wolek (Fla. Bar No. 1033265)
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Phone: (561) 835-9600
Fax: (561) 835-9602
awolek@foxrothschild.com

Clarissa Sullivan (Fla. Bar No. 1048526)
Fox Rothschild LLP
101 S. Tryon St. Suite 1700
Charlotte, NC 28280
Phone: (704) 384-2640
Fax: (704) 384-2800
csullivan@foxrothschild.com

Lukas Toft (admitted pro hac vice)
Fox Rothschild LLP
33 South Sixth Street, Suite 3600
Minneapolis, MN 55402
Phone: (612) 607-7000
Fax: (612) 607-7100
ltoft@foxrothschild.com

*Attorneys for Plaintiff*
*Grill Rescue LLC d/b/a Rescue LLC*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION**

GRILL RESCUE LLC d/b/a RESCUE LLC,

Plaintiff,

v.

Shenzhen Reekoos Houseware Co. LTD; WEILIANG GU; and FROST BUDDY LLC

Defendants.

Case No. 9:26-cv-80481-DMM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

By: *\/s/ Adam Wolek*
Adam Wolek