**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:26-cv-80481-DMM**

GRILL RESCUE LLC d/b/a RESCUE LLC,

Plaintiff,

v.

SHENZHEN REEKOOS HOUSEWARE
CO. LTD, et al.,

Defendants.
_____________________________________/

**DECLARATION OF JOHN G. PLUMPE**

I, John G. Plumpe, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at Epsilon Economics LLC ("Epsilon") in Chicago, Illinois, where I have worked for the last nine (9) years. Prior to that, I worked at Charles River Associates and one of its legacy companies for 18 years.

2. I submit this Declaration in support of Frost Buddy's Opposition to Plaintiff Grill Rescue LLC's Motion to Strike, which seeks to strike my expert report and disqualify me from testifying in this action. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to them.

## I. My Background

3. In 1992, I obtained a Bachelor of Science degree in Mechanical Engineering, with Honors from the University of Illinois at Urbana-Champaign. In 1993, I obtained a Master of Science in Mechanical Engineering from the University of Illinois at Urbana-Champaign. In 1999,

I obtained a Master of Business Administration from the University of Chicago Booth School of Business, with Honors.

4. Since 1999, I have been working as an economic, litigation, valuation, and licensing consultant on intellectual property issues. I initially worked as an associate in this field for InteCap, Inc. Subsequently, I served as a Principal for CRA International, also known as Charles River Associates, which acquired InteCap, Inc. in 2004. In 2017, I joined Epsilon and now serve as a Managing Director.

5. In my current role, I provide expert witness services regarding damages and valuation in cases involving trademarks, patents, copyrights, trade secrets, and other forms of intellectual property. I work with plaintiffs and defendants in the analysis and reporting of lost profits, defendant's profits, reasonable royalties, and other forms of damages and monetary relief in intellectual property infringement, breach of contract, and related matters. I have testified at trial in federal district court, in deposition, and in arbitration on issues including intellectual property damages, breach of contract damages, false advertising damages, licensing, and business valuation. I also consult on engagements involving the valuation of businesses and intellectual property for mergers and acquisitions, joint ventures, collateralization, licensing transactions, bankruptcy and tax purposes. In addition, I assist clients in developing and implementing strategies and processes for managing and leveraging their intellectual property portfolios.

6. Having worked in this industry for more than 27 years, I have had hundreds, if not thousands, of non-confidential and preliminary telephone conversations or meetings regarding potential expert engagements, which are commonly about 30 minutes in length. My preliminary communications with Fox Rothschild relating to this case were no different than those non-

confidential, preliminary meetings I have had with many other attorneys and prospective clients before.

## II. My Preliminary, Non-Confidential Communications with Fox Rothschild

7. On July 28, 2026, I received an email from Brian Frederick with the Fox Rothschild firm inquiring about my availability to "potentially serve as a damages expert" on behalf of Grill Rescue LLC d/b/a Rescue LLC ("Grill Rescue") in a case filed against Shenzhen Reekoos Houseware Co. Ltd. ("Shenzhen Reekoos"), Case No. 9:26-cv-80481-DMM, pending in the Southern District of Florida. A true and accurate copy of that email and the subsequent email exchange between me and Mr. Frederick is attached hereto as **Exhibit 1** to my Declaration. Mr. Frederick further stated that Fox Rothschild was "seeking an expert to analyze and opine on the economic harm our client has suffered as a result of the misappropriation." Mr. Frederick asked whether I had any conflicts of interest in this matter, for my current availability (noting that the case is set on a "fairly expedited track"), for my fee structure and billing terms, and a copy of my current CV. After I initially responded that I would run a conflict check, Mr. Frederick noted that the other named defendants were Weiliang Gu ("Gu") and Frost Buddy LLC ("Frost Buddy").

8. Later that same day, as set forth in Exhibit 1, I indicated to Mr. Frederick that Epsilon was free of conflicts and I provided my CV, my general availability, my fee structure, and billing rates. At no time in my correspondence or communications with Mr. Frederick did I indicate that I was treating our communications as confidential or that we now had a confidential relationship simply because conflicts had been cleared, nor did he.

9. On August 10, 2026, having heard nothing further from the Fox Rothschild firm about this case, I emailed Mr. Frederick inquiring about the status. A true and accurate copy of that email is attached hereto as **Exhibit 2** to my Declaration. I received no reply to that email.

10. On August 27, 2026, I had a preliminary call with Melissa Scott and Adam Wolek of the Fox Rothschild firm to discuss my availability to potentially serve as a damages expert in a separate case involving Grill Rescue against GrillArt, Case No. 1:23-cv-15984, pending in the Northern District of Illinois. That preliminary call lasted approximately thirty minutes. At no time in my communications with Ms. Scott or Mr. Wolek did I indicate that I was treating our communications regarding the Illinois case as confidential or that we now had a confidential relationship simply because conflicts had been cleared, and neither did Ms. Scott and Mr. Wolek. Further, I did not discuss or receive any confidential or privileged information about Grill Rescue's strategy in the Illinois case, the strengths and weaknesses of the claims and damages against the defendants in the Illinois case, Grill Rescue's strategy for its expert reports in the Illinois case, Grill Rescue's procedural plans for the Illinois case, or any candid assessment of the facts and of Grill Rescue's litigation positions in the Illinois case. My recollection is that there was a general discussion, as is the case in most of my preliminary calls, of the allegations in the Illinois pleadings, the available categories of damages under the applicable statutes, the court's schedule for expert disclosures, and my experience in similar types of cases. To the best of my recollection, Ms. Scott and Mr. Wolek did not ask me for a budget for the Illinois case, and I did not provide one. I am certain that Ms. Scott and Mr. Wolek did not request a retainer or engagement letter from me.

11. At the end of the call about the Illinois case, I inquired about whether Fox Rothschild still wanted to have a preliminary call to discuss the case pending in Florida against Shenzhen Reekoos, Gu, and Frost Buddy. Mr. Wolek said he did and asked me to send a Teams invitation. After the call about the Illinois case ended, I sent out a Teams invitation for a "brief

introductory conversation" to be held on August 28, 2026, regarding the Florida case. A true and accurate copy of that invitation is attached hereto as **Exhibit 3** to my Declaration.

12. My preliminary call with Mr. Wolek and Mr. Frederick of the Fox Rothschild firm at 9:00am on August 28, 2026, regarding this case was not significantly different than any other initial potential engagement call I have had over the course of my 27-year career in this industry. Again, this preliminary call lasted no more than thirty minutes, which I know because I had another call about a different potential expert engagement scheduled at 9:30am that same morning with a different law firm. At no time in my communications with Mr. Frederick or Mr. Wolek did I indicate that I was treating our communications regarding the Florida case as confidential or that we now had a confidential relationship simply because conflicts had been cleared, and neither did Mr. Wolek and Mr. Frederick. Further, I did not discuss or receive any confidential or privileged information about Grill Rescue's strategy in the Florida case, the strengths and weaknesses of the claims and damages against the defendants in the Florida case, Grill Rescue's strategy for its expert reports in the Florida case, Grill Rescue's procedural plans for the Florida case, or any candid assessment of the facts and of Grill Rescue's litigation positions in the Florida case. My recollection is that there was a general discussion, as is the case in most of my preliminary pre-engagement calls, of the allegations in the Florida pleadings, the available categories of damages under the applicable statutes, the court's schedule for expert disclosures, and my experience in similar types of cases. It is consistent with my recollection that we confined our discussion to these non-confidential topics because, several minutes into the call, after being informed that Fox Rothschild had not provided me with a copy of the operative complaint in this case, Mr. Frederick sent me a copy of the First Amended Complaint so that we could discuss its contents during the call. To the best of my recollection, Mr. Frederick and Mr. Wolek did not ask me for a budget for

the Florida case, and I did not provide one. I am certain that Mr. Frederick and Mr. Wolek did not request a retainer or engagement letter from me. I took notes of my call with Mr. Frederick and Mr. Wolek, which I am more than willing to share *in camera* with the Court if so requested by the Court and which are consistent with my statements herein.

13. I did not hear from anyone at the Fox Rothschild firm again until September 10, 2026, as detailed further below.

14. Based on my preliminary and limited interactions with the Fox Rothschild firm, neither I nor Epsilon believed (or currently believe) that a confidential relationship existed between myself and anyone at the Fox Rothschild firm relating to this case or the Illinois case. Further, I did not regard that the August 28th preliminary call with Mr. Wolek and Mr. Frederick regarding the Florida case (or the August 27th preliminary call with Ms. Scott and Mr. Wolek regarding the Illinois case, for that matter) amounted to anything more than a basic introductory call. To be clear, I did not receive any information during the August 28th call regarding the Florida case that extended beyond the non-confidential information that I normally receive from counsel in an introductory call prior to being retained. I did not signal to Mr. Wolek or Mr. Frederick (or Ms. Scott, for that matter) that I was treating our call as confidential (nor did they), so I do not know why Mr. Wolek or Mr. Frederick would have had (as they assert) any understanding or expectation of such a confidential relationship, setting aside the fact that I did not receive any such confidential information in my preliminary call with Fox Rothschild regarding this case or the Illinois case.

15. Further, I did not conduct any analysis, develop any opinions, log any time, request any payment, or send any proposed budget or engagement letter to the Fox Rothschild firm with respect to either the Illinois or Florida cases. I did not share any work product with the Fox Rothschild firm, nor did they with me. The Fox Rothschild firm did not ask me not to discuss the

case with others and did not engage me to assist in either of the cases. I was not retained, was not supplied with specific data relevant to either case, and was not requested to perform any services.

16. I also did not enter into a confidentiality agreement or non-disclosure agreement with the Fox Rothschild firm either on my own behalf or on behalf of Epsilon. I note that, in the past, there have been occasions where, in the context of a preliminary discussion, counsel have proposed to disclose confidential or privileged information and I have cut them off, telling them that they should not do so until we had a signed engagement letter which governs the treatment of such confidential information. Indeed, on several occasions, counsel has signed confidentiality or nondisclosure agreements with Epsilon prior to an engagement letter to protect the disclosure of confidential information. That did not occur here.

17. Most of my interactions relating to my potential engagement for expert witness work are with sophisticated counsel who know that our policy (like other industry damages experts) is not to accept confidential or privileged information prior to formal engagement. I have been deposed many times and in those depositions I am commonly asked to reveal all such information communicated in such preliminary calls, which I understand to be discoverable. Indeed, I cannot recall a time when I was not permitted to answer these questions on grounds that the client or law firm with whom I had these pre-engagement preliminary meetings contended that the conversations were somehow protected confidential or privileged communications. In point of fact, during my deposition in this case on November 13, 2026, I was asked by Grill Rescue's counsel in this case (Fox Rothschild) to discuss the substance of my preliminary, pre-engagement calls with counsel for Frost Buddy (Lewis Rice), which communications occurred prior to Epsilon being formally engaged in this matter by Lewis Rice on behalf of Frost Buddy. I answered those questions to the best of my recollection at that time. Thus, my practice over the course of my

career has been not to ask for any documents from the potential engager aside from public documents. Further, my general practice is to not send an email to the potential engager with any thoughts I have formed on the matter without first having an engagement letter in place, aside from providing a budget range for my anticipated work, which happens occasionally.

18. To be clear, the mere fact of a conflicts check does not create a confidential relationship between me and any prospective client law firm or company. Epsilon's long-standing policy, as evidenced by our engagement letters, is that our confidential relationship is not established until a formal engagement is entered into. Both Epsilon and the other party have to first confirm that we want to be engaged with each other before there can be any protected sharing of confidential information. The purpose of our engagement letter is to confirm that the relationship is now protected, in contrast to a preliminary introduction meeting where no confidences are shared. Notably, Epsilon has previously been retained via the engagement letter process at least five times in recent years by the Fox Rothschild firm, so that firm should be well aware of Epsilon's policies in this regard, having previously agreed to them.

## III. My Preliminary, Non-Confidential Communications with Counsel for Frost Buddy

19. On or about September 2 or 3, 2026, I was called by Michael Hickey with the Lewis Rice law firm, who represents Frost Buddy in this case. He indicated that I had been recommended to him by his local counsel, the Shutts & Bowen law firm, with whom I had recently completed a trial. He asked me to clear conflicts with respect to this Florida case. I told Mr. Hickey that I would get back to him.

20. Epsilon's conflicts policy is that, if an engagement letter has not been signed after thirty (30) days of an initial conflicts check, the conflicts check "expires". This means that, although the system may note the prior conflicts check after this 30-day period has expired, a new

inquiry from another party will not automatically be treated as a "conflict." In this case, because the Fox Rothschild firm did not engage Epsilon prior to 30 days passing after the initial conflicts check (July 28, 2026), the inquiry from Mr. Hickey about a potential engagement in the Florida case did not raise a conflict from either my or Epsilon's perspective.

21. That said, because I had a preliminary call with Fox Rothschild about the Florida case without an engagement, I contacted Woodrow Pollack with Shutts & Bowen, with whom I had recently participated in a trial and whom I assumed had recommended me to Mr. Hickey. My call with Mr. Pollack was on or about September 3, 2026. In that call, I thanked Mr. Pollack for his recommendation and inquired whether Shutts & Bowen or Frost Buddy would have any issue if I had a preliminary call with Fox Rothschild regarding the Florida case. I did not reveal any substantive content of the Fox Rothschild call with Mr. Pollack except to indicate that I had not received any confidential or privileged information during my communications with Fox Rothschild. Mr. Pollack indicated that he would discuss the matter internally and that counsel would get back to me.

22. On or about September 3 or 4, 2026, Mr. Hickey called me again and asked about the status of the conflicts check. I asked him if he had talked to Mr. Pollack or Shutts & Bowen. Mr. Hickey said he had not. I told Mr. Hickey to talk to Mr. Pollack or Shutts & Bowen, and that call ended.

23. On or about September 4, 2026, Mr. Hickey called me a third time and indicated that Lewis Rice, Shutts & Bowen, and Frost Buddy had no issue in engaging Epsilon so long as I did not have a confidential relationship with Fox Rothschild or Grill Rescue and that I had not received any confidential or privileged information from Fox Rothschild. I did not reveal any substantive content of the Fox Rothschild call with Mr. Hickey except to confirm that I did not

have such a confidential relationship with Fox Rothschild and that I did not receive any such confidential or privileged information from Fox Rothschild. I did not have any substantive discussions with Mr. Hickey about the Florida case at that time. Mr. Hickey thereafter sent me an email with his contact information for purposes of obtaining a draft engagement letter from Epsilon. A true and accurate copy of that email is attached hereto as **Exhibit 4** to my Declaration.

24. I was traveling over the weekend of September 4, 2026, with family for the Labor Day weekend. When I returned to the office from the Labor Day weekend, I was no longer comfortable with the prospect of serving as an expert for Grill Rescue. I knew that Grill Rescue had a September 17th expert report disclosure date and I also knew that I would be traveling to a remote part of the United States from September 10th to September 14th. I also assumed that, due to the quickly approaching deadline and the lack of any communication from the Fox Rothschild firm after August 28, 2026, Fox Rothschild had engaged another expert, and that, consistent with many other of my potential engagements that did not mature into actual engagements, Fox Rothschild had simply not informed me of their decision.

25. Accordingly, on September 9, 2026, Epsilon sent Mr. Hickey a signed engagement letter setting forth the proposed terms of the engagement, including confidentiality provisions. A true and accurate copy of that email is attached hereto as **Exhibit 5** to my Declaration. Mr. Hickey subsequently signed that engagement letter on behalf of the Lewis Rice law firm on September 10, 2026, and Mr. Mitch Mammoser signed that engagement letter on behalf of Frost Buddy on September 11, 2026. Mr. Hickey emailed the fully executed letter to Epsilon at 11:21am Central on September 11, 2026, and indicated that a retainer payment would be made to secure the engagement. A true and accurate copy of that email is attached hereto as **Exhibit 6** to my Declaration.

## IV. My Subsequent, Non-Confidential Communications with Fox Rothschild

26. On September 10, 2026, I received an email from Clarissa Sullivan at the Fox Rothschild firm asking me to submit budgets for both the Illinois and Florida cases in view of my prior preliminary discussions with Fox Rothschild "about potentially assisting as an expert witness". A true and accurate copy of that email is attached hereto as **Exhibit 7** to my Declaration.

27. On September 11, 2026, at 9:12am Central, I responded that I was traveling and was behind on my emails and that, due to the passage of time, Epsilon would need to re-run a conflicts check. A true and accurate copy of that email is attached hereto as **Exhibit 8** to my Declaration. At that point, Mr. Hickey had not yet sent a fully executed engagement letter and retainer payment to Epsilon.

28. Starting September 10, 2026, and over the next several days, I was traveling in remote areas of the country and had limited email and phone access.

29. On September 14, 2026, I received an email from Mr. Wolek asking for proposed budgets on both the Illinois and Florida cases. I responded that same day, asking to be removed from consideration as an expert for Grill Rescue. A true and accurate copy of that email is attached hereto as **Exhibit 9** to my Declaration. My long-standing practice with respect to declining potential engagements, which I understand to be generally consistent with that of others at Epsilon, is not to indicate my reasons for doing so. I do not recall seeing the fully executed engagement letter from Lewis Rice and Frost Buddy and confirmation of receipt of the required retainer payment until after responding to Mr. Wolek on September 14, 2026.

## V. My Rebuttal Expert Report

30. I was subsequently asked by Frost Buddy to prepare an expert report in rebuttal to the expert report of Grill Rescue's damages expert, Stephen Holzen, issued on September 17, 2026.

I spent considerable time and effort in preparing that rebuttal report over the remainder of September 2026 and the first two weeks of October 2026. I issued my rebuttal expert report on October 15, 2026, in accordance with the Court's scheduling order. I understand that a copy of my report has been submitted under seal to the Court as Exhibit A to Mr. Wolek's declaration. Epsilon has billed in excess of $125,000 to Frost Buddy for the work of Epsilon's staff and me on this matter.

31. My expert report is not based on any conversation I had with Fox Rothschild. To be clear, I did not include in my expert report any information from those conversations with Fox Rothschild. Indeed, there is not a single item or opinion in my expert report that could have been based on my preliminary conversations with Fox Rothschild. As the Court can see from my report, my report has extremely thorough citations to actual discovery in this case. Moreover, regardless of how Fox Rothschild characterizes what it believes it communicated to me in the preliminary, pre-engagement call regarding this case, I did not tell counsel for Frost Buddy (or anyone at Frost Buddy) anything about my preliminary, pre-engagement conversations with Fox Rothschild other than what is set forth in my Declaration, or that were in response to deposition questions posed to me by Grill Rescue's counsel Fox Rothschild, and I have not shared my notes of the August 28, 2026 call with Mr. Frederick and Mr. Wolek with counsel for Frost Buddy or anyone at Frost Buddy.

32. I was deposed on November 13, 2026, in this matter by counsel for Fox Rothschild (Lukas Toft) and answered all of his questions about my preliminary conversations with Fox Rothschild, Shutts & Bowen, and Lewis Rice, to the best of my recollection. To the extent there are any differences between my declaration and my deposition testimony, I have since had the benefit of reviewing the email correspondence attached to my Declaration as well as my notes of

the Fox Rothschild preliminary call, which has refreshed my recollection as to the timing of certain events.

33. Simply put, I have not retained, nor have I shared with Frost Buddy or Lewis Rice, any claimed confidential information that Grill Rescue's counsel asserts it provided to me at any point. Further, my Rebuttal Expert Report and opinions are not based on, nor were they influenced by, any claimed confidential information that Grill Rescue's counsel asserts it provided to me at any point.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of November, 2026.

John G. Plumpe

# EXHIBIT 1

| | |
|---|---|
| **From:** | John Plumpe |
| **To:** | Frederick, Brian J. |
| **Subject:** | RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al. |
| **Date:** | Tuesday, July 28, 2026 3:36:00 PM |
| **Attachments:** | John Plumpe CV July 2026.pdf<br>image007.png<br>image008.png<br>image009.png<br>image010.png<br>image011.png<br>image012.png<br>image013.png |

Brian,
Epsilon Economics is free of conflicts.

Regarding my availability, while I have some trial dates and PTO dates in the coming months and year, I am certain we can fit our work into whatever schedule and deadlines you have.

I work with a small team, leveraging work to staff members at lower rates (working at my direction). I typically use one Analyst (billing rate approx. $445/hour) and one project manager (billing rate approx. $695/hour). My current rate is $845/hour.

My CV is attached. Please let me know if you would like to set up a time to discuss.

Thanks,
John

John Plumpe
Managing Director
Epsilon Economics
jplumpe@epsiloneconomics.com
312-637-2943 (office)
773-213-3962 (mobile)
Link to my website bio

**From:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Sent:** Tuesday, July 28, 2026 11:23 AM
**To:** John Plumpe <jplumpe@epsiloneconomics.com>
**Subject:** RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

EXTERNAL

I should probably have included that the other named defendants are Weiliang Gu and Frost Buddy LLC.

Brian J. Frederick
Associate

Fox Rothschild LLP
Morristown
(973) 548-3398
bfrederick@foxrothschild.com

---

**From:** John Plumpe <jplumpe@epsiloneconomics.com>
**Sent:** Tuesday, July 28, 2026 11:35 AM
**To:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Subject:** [EXT] RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

Brian,
Thanks for your email. I will run a conflict check and get back to you soon (either later today or tomorrow morning).

Best,
John

John Plumpe
Managing Director
Epsilon Economics
jplumpe@epsiloneconomics.com
312-637-2943 (office)
773-213-3962 (mobile)
Link to my website bio

---

**From:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Sent:** Tuesday, July 28, 2026 9:36 AM
**To:** John Plumpe <jplumpe@epsiloneconomics.com>
**Subject:** Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

EXTERNAL

Hi John,

I am an attorney at Fox Rothschild working with Adam Wolek on a matter pending in the Southern District of Florida entitled *Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd.*, *et al.*, Civil Action No. 9:26-cv-80481-DMM. We represent

the Plaintiff Grill Rescue in connection with what is primarily a trade secret misappropriation case. I am writing to inquire about your availability to potentially serve as a damages expert on our behalf. We are seeking an expert to analyze and opine on the economic harm our client has suffered as a result of the misappropriation. Discovery has not yet commenced, but the case is set to be on a fairly expedited track.

Please let us know (1) whether you have any conflicts of interests in this matter, (2) your current availability, and (3) your fee structure and billing terms. If you could provide me with your current CV, it would be appreciated.

I would be happy to schedule a call at your convenience to discuss the matter in greater detail and provide additional background. Please feel free to reach out if you have any questions.

Best regards,
Brian

Fox Rothschild

Brian J. Frederick
Associate
(973) 548-3398
bfrederick@foxrothschild.com
49 Market Street
Morristown, NJ 07960

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 2

**From:** John Plumpe
**To:** "Frederick, Brian J."
**Subject:** RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.
**Date:** Monday, August 10, 2026 11:08:00 AM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png
image007.png

---

Hi Brian,
Since a couple of weeks have passed, this is simply to check in on the status of the case. I am in trial this week, but could schedule a call after court ends late afternoon, or next week. Please let me know.

Thanks,
John

John Plumpe
Managing Director
Epsilon Economics
jplumpe@epsiloneconomics.com
312-637-2943 (office)
773-213-3962 (mobile)
Link to my website bio

---

**From:** John Plumpe <jplumpe@epsiloneconomics.com>
**Sent:** Tuesday, July 28, 2026 3:36 PM
**To:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Subject:** RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

Brian,
Epsilon Economics is free of conflicts.

Regarding my availability, while I have some trial dates and PTO dates in the coming months and year, I am certain we can fit our work into whatever schedule and deadlines you have.

I work with a small team, leveraging work to staff members at lower rates (working at my direction). I typically use one Analyst (billing rate approx. $445/hour) and one project manager (billing rate approx. $695/hour). My current rate is $845/hour.

My CV is attached. Please let me know if you would like to set up a time to discuss.

Thanks,
John

John Plumpe
Managing Director
Epsilon Economics
jplumpe@epsiloneconomics.com
312-637-2943 (office)
773-213-3962 (mobile)
Link to my website bio

---

**From:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Sent:** Tuesday, July 28, 2026 11:23 AM
**To:** John Plumpe <jplumpe@epsiloneconomics.com>
**Subject:** RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

EXTERNAL

I should probably have included that the other named defendants are Weiliang Gu and Frost Buddy LLC.

**Brian J. Frederick**
Associate

**Fox Rothschild LLP**
Morristown
(973) 548-3398
bfrederick@foxrothschild.com

---

**From:** John Plumpe <jplumpe@epsiloneconomics.com>
**Sent:** Tuesday, July 28, 2026 11:35 AM
**To:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Subject:** [EXT] RE: Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

Brian,
Thanks for your email.  I will run a conflict check and get back to you soon (either later today or tomorrow morning).

Best,
John

John Plumpe
Managing Director

Epsilon Economics
jplumpe@epsiloneconomics.com
312-637-2943 (office)
773-213-3962 (mobile)
Link to my website bio

---

**From:** Frederick, Brian J. <bfrederick@foxrothschild.com>
**Sent:** Tuesday, July 28, 2026 9:36 AM
**To:** John Plumpe <jplumpe@epsiloneconomics.com>
**Subject:** Damages Expert: Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.

EXTERNAL

Hi John,

I am an attorney at Fox Rothschild working with Adam Wolek on a matter pending in the Southern District of Florida entitled *Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.*, Civil Action No. 9:26-cv-80481-DMM. We represent the Plaintiff Grill Rescue in connection with what is primarily a trade secret misappropriation case. I am writing to inquire about your availability to potentially serve as a damages expert on our behalf. We are seeking an expert to analyze and opine on the economic harm our client has suffered as a result of the misappropriation. Discovery has not yet commenced, but the case is set to be on a fairly expedited track.

Please let us know (1) whether you have any conflicts of interests in this matter, (2) your current availability, and (3) your fee structure and billing terms. If you could provide me with your current CV, it would be appreciated.

I would be happy to schedule a call at your convenience to discuss the matter in greater detail and provide additional background. Please feel free to reach out if you have any questions.

Best regards,
Brian

Fox Rothschild
Brian J. Frederick
Associate
(973) 548-3398

bfrederick@foxrothschild.com

49 Market Street
Morristown, NJ 07960

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 3

| | |
|---|---|
| **From:** | John Plumpe |
| **To:** | Wolek, Adam; Frederick, Brian J. |
| **Subject:** | Grill Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., et al.: damages expert call with Epsilon Economics |
| **Start:** | Friday, August 28, 2026 9:00:00 AM |
| **End:** | Friday, August 28, 2026 9:30:00 AM |
| **Location:** | Microsoft Teams Meeting |

Per Adam's request, setting up time Friday morning for a brief introductory conversation. Please let me know if a different time Friday morning works better for you.

Thanks,

John

________________________________________________________________________________

Microsoft Teams meeting

Join: https://teams.microsoft.com/meet/224392367603082?p=RiLDfbyD5AJarHumje <https://teams.microsoft.com/meet/224392367603082?p=RiLDfbyD5AJarHumje>

Meeting ID: 224 392 367 603 082

Passcode: cg3nr7q5

________________________________

Need help? <https://aka.ms/JoinTeamsMeeting?omkt=en-US> | System reference <https://teams.microsoft.com/l/meetup-join/19%3ameeting_MzQ1MjVhNzctYWRjOC00NzdjLTg0Y2EtZGNmMmQ2NzI4OGI5%40thread.v2/0?context=%7b%22Tid%22%3a%22458320ec-7aa4-4f16-9459-22263577699d%22%2c%22Oid%22%3a%2223411408-b20d-4eba-9a4a-ae83760f29aa%22%7d>

Dial in by phone

+1 312-319-1381,,63341962# <tel:+13123191381,,63341962> United States, Chicago

Find a local number <https://dialin.teams.cloud.microsoft/346d27de-d538-4fd8-91c9-a852a3fa614a?id=63341962>

Phone conference ID: 633 419 62#

For organizers: Meeting options <https://teams.microsoft.com/meetingOptions/?organizerId=23411408-b20d-4eba-9a4a-ae83760f29aa&tenantId=458320ec-7aa4-4f16-9459-22263577699d&threadId=19_meeting_MzQ1MjVhNzctYWRjOC00NzdjLTg0Y2EtZGNmMmQ2NzI4OGI5@thread.v2&messageId=0&language=en-US> | Reset dial-in PIN <https://dialin.teams.cloud.microsoft/usp/pstnconferencing>

________________________________________________________________________________

# EXHIBIT 4

**From:** Hickey, Michael J.
**To:** John Plumpe
**Subject:** Frost Buddy
**Date:** Friday, September 4, 2026 4:22:39 PM

---

EXTERNAL

John,

Great talking – here's my contact information for the engagement letter.

Best,

Michael

**Michael J. Hickey**
mhickey@lewisrice.com
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7630 (direct)
314.705.2110 (cell)
314.612.7630 (fax)
www.lewisrice.com

This message, including attachments, is from the law firm of Lewis Rice LLC. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Epsilon Economics \| Contracts |
| **To:** | mhickey@lewisrice.com |
| **Cc:** | John Plumpe; Epsilon Economics \| Contracts |
| **Subject:** | RE: Epsilon Economics Engagement Letter |
| **Date:** | Wednesday, September 9, 2026 4:51:56 PM |
| **Attachments:** | Epsilon Economics Engagement Letter - 9.9.2026.pdf<br>EPSILON ECONOMICS Retainer Invoice 13734 09.09.26.pdf<br>W-9 EPSILON ECONOMICS LLC 2026.pdf |

Dear Mr. Hickey:

Please find attached the revised engagement letter, along with the retainer invoice and W-9. Let me know if you have any questions.

Best,

**Morgan Bertsch**
Manager of Operations
Epsilon Xi
312.637.2977

---

**From:** Epsilon Economics | Contracts <contracts@epsiloneconomics.com>
**Sent:** Wednesday, September 9, 2026 10:38 AM
**To:** mhickey@lewisrice.com
**Cc:** John Plumpe <jplumpe@epsiloneconomics.com>; Epsilon Economics | Contracts <contracts@epsiloneconomics.com>
**Subject:** Epsilon Economics Engagement Letter

Dear Mr. Hickey:

Please find attached the Epsilon Economics engagement letter regarding the matter of Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., *et al*. Let me know if you have any questions.

If the terms are acceptable, please return a fully executed version to me for our records.

Best,

**Morgan Bertsch**
Manager of Operations
Epsilon Xi
312.637.2977

# EXHIBIT 6

**From:** Hickey, Michael J.
**To:** Epsilon Economics | Contracts; John Plumpe
**Subject:** RE: Epsilon Economics Engagement Letter
**Date:** Friday, September 11, 2026 11:21:15 AM
**Attachments:** 2026.09.10 Epsilon Engagement Letter - Signed.pdf

---

EXTERNAL

John,

Please find attached the signed engagement letter. You should also received the retainer payment this morning – please confirm. Let me know when is a good time early next week to talk more.

Best,

Michael

**Michael J. Hickey**
mhickey@lewisrice.com
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7630 (direct)
314.705.2110 (cell)
314.612.7630 (fax)
www.lewisrice.com

---

**From:** Epsilon Economics | Contracts <contracts@epsiloneconomics.com>
**Sent:** Wednesday, September 9, 2026 4:51 PM
**To:** Hickey, Michael J. <MHickey@lewisrice.com>
**Cc:** John Plumpe <jplumpe@epsiloneconomics.com>; Epsilon Economics | Contracts <contracts@epsiloneconomics.com>
**Subject:** [EXTERNAL] RE: Epsilon Economics Engagement Letter

Dear Mr. Hickey:

Please find attached the revised engagement letter, along with the retainer invoice and W-9. Let me know if you have any questions.

Best,

**Morgan Bertsch**
Manager of Operations
Epsilon Xi
312.637.2977

---

**From:** Epsilon Economics | Contracts <contracts@epsiloneconomics.com>

**Sent:** Wednesday, September 9, 2026 10:38 AM
**To:** mhickey@lewisrice.com
**Cc:** John Plumpe <jplumpe@epsiloneconomics.com>; Epsilon Economics | Contracts <contracts@epsiloneconomics.com>
**Subject:** Epsilon Economics Engagement Letter

Dear Mr. Hickey:

Please find attached the Epsilon Economics engagement letter regarding the matter of Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co. Ltd., *et al*. Let me know if you have any questions.

If the terms are acceptable, please return a fully executed version to me for our records.

Best,

**Morgan Bertsch**
Manager of Operations
Epsilon Xi
312.637.2977
This message, including attachments, is from the law firm of Lewis Rice LLC. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.

# EXHIBIT 7

| | |
|---|---|
| **From:** | Sullivan, Clarissa |
| **To:** | John Plumpe |
| **Cc:** | Wolek, Adam; Scott, Melissa E.; Toft, Lukas; Brenner, Kaitlyn; Shaffer, Annmarie; Dube, Tracey |
| **Subject:** | Grill Rescue; Expert Witness Proposed Budgets |
| **Date:** | Thursday, September 10, 2026 11:06:15 AM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.png |

EXTERNAL

Hi John,

I understand you had discussions with our office about potentially assisting as an expert witness for two matters for our client Grill Rescue. Are you able to provide a proposed budget for each of the below matters based on your conversations?

- Grill Rescue LLC d/b/a Rescue LLC v. GrillArt et al., Case No. 1:23-cv-15984 (ND Ill)
- Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co., Ltd., et al., Case No. 9:26-cv-80481-DMM (SD Fla)

Please let me know if you need any additional information to prepare the proposed budget.

Best,
Clarissa

Fox Rothschild

Clarissa Sullivan
Associate

(704) 384-2640
csullivan@foxrothschild.com

101 S. Tryon Street
Suite 1700
Charlotte, NC 28280

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 8

**From:** John Plumpe
**To:** Sullivan, Clarissa
**Subject:** Re: Grill Rescue; Expert Witness Proposed Budgets
**Date:** Friday, September 11, 2026 9:12:58 AM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png

---

Hi Clarissa,
Thanks for your email and sorry for the delay - I have been traveling this week and am catching up on emails.

Due to the passage of time since the Grill Rescue conflict check was run, Epsilon will need to re-run a conflict check. I will get back to you after that.

Thanks,
John

Get Outlook for iOS

---

**From:** Sullivan, Clarissa <csullivan@foxrothschild.com>
**Sent:** Thursday, 10 September 2026 09:06:00
**To:** John Plumpe <jplumpe@epsiloneconomics.com>
**Cc:** Wolek, Adam <AWolek@foxrothschild.com>; Scott, Melissa E. <mscott@foxrothschild.com>; Toft, Lukas <ltoft@foxrothschild.com>; Brenner, Kaitlyn <kbrenner@foxrothschild.com>; Shaffer, Annmarie <amshaffer@foxrothschild.com>; Dube, Tracey <tdube@foxrothschild.com>
**Subject:** Grill Rescue; Expert Witness Proposed Budgets

EXTERNAL

Hi John,

I understand you had discussions with our office about potentially assisting as an expert witness for two matters for our client Grill Rescue. Are you able to provide a proposed budget for each of the below matters based on your conversations?

- Grill Rescue LLC d/b/a Rescue LLC v. GrillArt et al., Case No. 1:23-cv-15984 (ND Ill)
- Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co., Ltd., et al., Case No. 9:26-cv-80481-DMM (SD Fla)

Please let me know if you need any additional information to prepare the proposed budget.

Best,
Clarissa

Clarissa Sullivan
Associate
(704) 384-2640
csullivan@foxrothschild.com
101 S. Tryon Street
Suite 1700
Charlotte, NC 28280

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

# EXHIBIT 9

**From:** John Plumpe
**To:** "Wolek, Adam"
**Subject:** RE: Grill Rescue; Expert Witness Proposed Budgets
**Date:** Monday, September 14, 2026 8:22:00 AM
**Attachments:** image007.png
image009.png
image010.png
image011.png
image012.png
image013.png
image014.png
image015.png

---

Adam,
Thanks for your email. Please remove my name from the list of experts being considered by Grill Rescue.

John

John Plumpe
Managing Director
Epsilon Economics
jplumpe@epsiloneconomics.com
312-637-2943 (office)
773-213-3962 (mobile)
Link to my website bio

---

**From:** Wolek, Adam <AWolek@foxrothschild.com>
**Sent:** Monday, September 14, 2026 7:34 AM
**To:** Sullivan, Clarissa <csullivan@foxrothschild.com>; John Plumpe <jplumpe@epsiloneconomics.com>
**Cc:** Scott, Melissa E. <mscott@foxrothschild.com>; Toft, Lukas <ltoft@foxrothschild.com>; Brenner, Kaitlyn <kbrenner@foxrothschild.com>; Shaffer, Annmarie <amshaffer@foxrothschild.com>; Dube, Tracey <tdube@foxrothschild.com>
**Subject:** RE: Grill Rescue; Expert Witness Proposed Budgets

EXTERNAL

John,

I'm following up on the below. Are you able to get us a proposed budget for the two matters this morning?

Thank you.

Best,

Adam

**Adam Wolek**
Partner
Co-Chair, IP Litigation

**Fox Rothschild LLP**
West Palm Beach | Chicago
(561) 804-4412
(312) 860-9006
awolek@foxrothschild.com

---

**From:** Sullivan, Clarissa <csullivan@foxrothschild.com>
**Sent:** Thursday, September 10, 2026 12:06 PM
**To:** John Plumpe <jplumpe@epsiloneconomics.com>
**Cc:** Wolek, Adam <AWolek@foxrothschild.com>; Scott, Melissa E. <mscott@foxrothschild.com>; Toft, Lukas <ltoft@foxrothschild.com>; Brenner, Kaitlyn <kbrenner@foxrothschild.com>; Shaffer, Annmarie <amshaffer@foxrothschild.com>; Dube, Tracey <tdube@foxrothschild.com>
**Subject:** Grill Rescue; Expert Witness Proposed Budgets

Hi John,

I understand you had discussions with our office about potentially assisting as an expert witness for two matters for our client Grill Rescue. Are you able to provide a proposed budget for each of the below matters based on your conversations?

- Grill Rescue LLC d/b/a Rescue LLC v. GrillArt et al., Case No. 1:23-cv-15984 (ND Ill)
- Grill Rescue LLC d/b/a Rescue LLC v. Shenzhen Reekoos Houseware Co., Ltd., et al., Case No. 9:26-cv-80481-DMM (SD Fla)

Please let me know if you need any additional information to prepare the proposed budget.

Best,
Clarissa

**Clarissa Sullivan**

Fox Rothschild

Associate

(704) 384-2640
csullivan@foxrothschild.com

101 S. Tryon Street
Suite 1700
Charlotte, NC 28280

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.